1    MR. THORN: Actually, I'm going to instruct him not to answer that until you and I

2    can work out a protective order on that.

3    MR. BAUMBACH: What do you have in mind?

4    MR. THORN: I think -- well, I don't want you to disclose it as to anybody and any

5    information. It should not be made public to your client or anyone else. I think an

6    appropriate question would be to ask whether he'd been disciplined in connection

7    with the Funk matter or for the use of excessive force and, then, you and I can talk

8    further about anything else there may be would be the appropriate way to proceed

9    on that. But just to answer and have a deposition transcription that can be passed

10    out by anybody to anybody, we're not going to do.

11    MR. BAUMBACH: So you want me to either agree on the record here today about a

12    protective order or you want to split this deposition up to two parts?

13    MR. THORN: Well --

14    MR. BAUMBACH: I mean --

15    MR. THORN: We'll --

16    MR. BAUMBACH: I'm required under the rules to take the deposition in one day

17  and -

18    MR. THORN: No, you're not. You're required to take the deposition in seven hours.

19    MR. BAUMBACH: Well, it has to happen within one day under the rules, but let's

20    not argue about the rules.

21    MR. THORN: Yeah, I don't want to argue. What do you need the information for,

22    Larry?

23    MR. BAUMBACH: What do I need it for?

24    MR. THORN: Yes.

25    MR. BAUMBACH: It has to do with the municipality. They certainly have a factor in

26    this.

27    MR. THORN: It absolutely has nothing to do with municipal liability under Monell,

28    and I suggested to you      --

1   MR. BAUMBACH: Has everything to do with it.

2   MR. THORN: Has nothing to do with it.

3   MR. BAUMBACH: Okay.

4   MR. THORN: You need to ask him a question if he was disciplined in connection

5   with the Funk matter or if he's ever been disciplined for using excessive force,

6   which will answer your questions regarding Monell. And the other information that

7   you've alleged in the complaint, though, I don't think you're going to be able to

8   pursue it at this time because you're refusing to produce discovery on that issue

9   under the attorney work product doctrine. So if you want to pursue the claim, you're

10  going to have to come clean with your facts and evidence that I've asked for that

11  you've refused to produce on the grounds that it violates the work product doctrine.

12  Now in terms of the protective order --

13  MR. BAUMBACH: Now, as I understand it, I'm the one taking this deposition, not

14  you.

15  MR. THORN: Well, you asked me.

16  MR. BAUMBACH: Well, no --

17  MR. THORN: This isn't a --

18  MR. BAUMBACH: You're telling me what I need to do in this deposition. I'm asking

19  questions.

20  MR. THORN: You asked me what you'd like me to do.

21  MR. BAUMBACH: I suppose the way we're going to do this now is that I'm going to

22  ask the questions and you're going to instruct him not to answer and, then, I'm

23  going to bring a motion to compel?

24  MR. THORN: And we'll bring both of them at the same time.

25  MR. BAUMBACH: That's the way we'll do it.

26  MR. THORN: Okay. If you want to proceed that way, I'm suggesting you need a

27  protective order. we'll seek a proper order. We can agree to a protective order,

28  whatever you want, but I'm suggesting that you get right        to the point about

1　　excessive force, which is all that you've alleged in your complaint and have refused

2　　this far to produce any discovery, either in your Rule 26 --

3　　MR. BAUMBACH: Counsel --

4　　MR. THORN: Counsel, I'm entitled to make a record.

5　　MR. BAUMBACH: You're not making a record.

6　　MR. THORN: I am.

7　　MR. BAUMBACH: You're making a speech.

8 　　　　　　　　　　　　i.　　**Plaintiff's Contention**

9 　　　　　　　　　　　Defendant's counsel instructed the witness not to answer a

10　　question which sought relevant information that is likely to lead to the discovery of

11　　admissible information.  Counsel's instruction was improper and in violation of

12　　Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

13　　instruct a witness not to answer a question that is objected to usurps the Court's

14　　power to rule on the objection.  It is not the prerogative of counsel, but of the Court

15　　to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

16　　oral examinations would be quickly reduced to an exasperated cycle of answerless

17　　questions."  Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

18　　118 BR 776.

19 　　　　　　　　　　　　ii.　　**Defendant's Contention**

20 　　　　　　　　　　　First, these contentions are not in context but a string cites to

21　　selected portions of a depositions transcript that starts with bully tactics and ends

22　　with bully tactics, including questions about the deponent's social security number,

23　　wife's place of employment, dependent children, and like questions that are clearly

24　　designed to badger and intimidate the witness and clearly outside the scope of

25　　permissible discovery under Rule 26.  And bully tactics were not limited to the

26　　deponent, but extended to Defendants counsel, where Plaintiff's counsel made all

27　　manner of improper accusation and even launched into a foul-mouthed, name calling

28　　tirade off the record.  Defendants seek a protective order not only against these

1    tactics, but from discovery as to these utterly irrelevant questions that are not subject

2    to discovery under Rule 26 given the scope of the claims being asserted by Plaintiff

3    as discussed at length previously.

4             Nor has Plaintiff made any effort to address the scope of discovery as

5    to each question, or the agreement between council re seeking protective order.

6    Council for the parties has been operating under an agreement to jointly pursue a

7    protective order.  In January of this year, as discussed, counsel for Plaintiff agreed to

8    provide copies of the medical records to be included in the joint application along with

9    Defendants' request for protective.  Plaintiff has yet to provide all of the documents,

10   and no proposed stipulation covering the records and deposition questions can be

11   proposed or negotiated without Plaintiff's compliance with the prior agreement to

12   seek an order from the Court. Counsel for Plaintiff had the opportunity to review the

13   documents that Defendants seek to protect from disclosure, but has not provided

14   Defendants with his documentation. Numerous promises and representations have

15   been made, but not kept.  Documents have continued to trickle in even after this

16   motion was filed, and Plaintiff's counsel acknowledged in the most recent transmittal

17   letter that there are still more documents that have not been produced.   Had

18   Defendants counsel know that Plaintiff would employ this tactic, he would have

19   moved for protection earlier.  As soon as it became apparent that Plaintiff was

20   reneging on his agreement to pursue stipulated orders by filing this motion,

21   Defendants promptly moved for protection.

22            And why has Plaintiff waited eight months to move to compel deposition

23   questions, while all along telling Defendants he would be cooperating in seeking a

24   stipulated order?  He ahs not koved sooner for the same reason Defendants' have

25   not moved sooner.  He agreed to cooperate to seek a stipulated protective order and

26   decided tor renege on that agreement and file this motion.  No other plausible

27   explanation is offered.  And what is the basis for seeking to compel the answer to

28   these questions other than a claim that a protective order was not sought earlier?

1   What relation do they have to the claims Plaintiff is advancing?  No effort has been

2   made to draw that connection as required under Rule 26 on a motion to compel.

3           Defendants' have, on the other hand, demonstrated the improper scope

4   of the questions under Rule 26.  And there is more that they seek protection from

5   than just the improper questions.  Plaintiff's counsel went on several tirades when

6   Defendants' counsel put his hand out on the table in full view of everyone, without

7   touching the witness, to let the witness know not to answer the question until he has

8   asserted objection.  It is a perfectly lawful and accepted technique that is taught not

9   only in law schools, but in CEB courses.   It was taught at the Advanced Trial

10  Advocacy Institute at Hastings by Judge Warren and several well now litigators in the

11  state.  It is not signaling the witness how to answer a question, but signaling the

12  witness not to answer the question until after the objections are stated. Its purpose is

13  to maintain a clean deposition record.  It is done out in the open for all to see, and not

14  some improper signal under the table.

15          The witnesses were permitted to answer the questions regarding

16  complaints and discipline for use of force, which is all that was within the scope of

17  permissible discovery under Rule 26.  The forgoing questions are not within the

18  permissible scope of Rule 26 discovery for the reasons previously discussed.   They

19  are not relevant to an excessive force claim because they have nothing to do with the

20  facts and circumstances confronting the officers on scene. And they have nothing to

21  do with the claims being asserted by Plaintiff regarding his so-called *Monell* claim as

22  previously discussed and as set forth in the Declaration of Gerald Carrigan.

23          **b.**   **Page 21, Line 16 through Line 21**

24  MR. BAUMBACH: Q. Okay. What disciplinary actions have you been the subject

25  of?

26  MR. THORN: Don't answer the question.

27  MR. BAUMBACH: Q. Okay. What disciplinary actions involving excessive force

28  have you been the subject of?

1

### i.   **Plaintiff's Contention**

2

Defendant's counsel instructed the witness not to answer a

3 question which sought relevant information that is likely to lead to the discovery of

4 admissible information.  Counsel's instruction was improper and in violation of

5 Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

6 instruct a witness not to answer a question that is objected to usurps the Court's

7 power to rule on the objection.  It is not the prerogative of counsel, but of the Court

8 to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

9 oral examinations would be quickly reduced to an exasperated cycle of answerless

10 questions."  Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

11 118 BR 776.

12

### ii.   **Defendant's Contention**

13

Defendants assert the same response as to the earlier

14 instructions.  They move for a protective order because the questions are outside the

15 scope of permissible discovery under Rule 26. Plaintiff has failed to make any

16 attempt to show that the question is within the scope of the claims he is asserting, nor

17 can he make that showing for the reasons Defendants previously discuss. Further,

18 this Q and A is incomplete.  The deponent ws permitted to answer as to excessive

19 force, which was, at the time of the deposition, within the scope of the claims as

20 cousenl understood them at the time.

21

c.   **Page 22, Line 4 through Page 23, Line 1**

22 MR. BAUMBACH: Q. -- as a result -- well, let me move on. Have you been the

23 subject of any citizen complaints against you?

24 MR. THORN: Yeah, same instruction. Don't answer that.

25 MR. BAUMBACH: Have you been --

26 MR. THORN: You can answer it with respect to Mr. Funk since Mr. Funk is his

27 client, but I don't know that he filed one. I haven't seen it.

28

1    MR. BAUMBACH: I would -- counsel, I want to admonish you, I believe, under the

2    rules, you have an obligation to make the objections based on the Evidence Code --

3    MR. THORN: Counsel, I know what it is.

4    MR. BAUMBACH: -- under Rules of Evidence and not engage in a conversation

5    about them.

6    MR. THORN: Mr. Baumbach, I'm not engaging in conversations. I don't appreciate

7    the play for the record. I'm instructing my client to answer the questions to the

8    extent he can. To the extent he can't, I'm instructing him not to. I'm also making a

9    record for the motion you said you're going to bring and that I'm bringing with

10   respect to your work product objections to          every bit of discovery that we've

11   propounded to you in this case.

12                    **i.      Plaintiff's Contention**

13                    Defendant's counsel instructed the witness not to answer a

14   question which sought relevant information that is likely to lead to the discovery of

15   admissible information.  Counsel's instruction was improper and in violation of

16   Federal Rules of Civil Procedure, Rule 30(c)(2). "A counsel who presumes to

17   instruct a witness not to answer a question that is objected to usurps the Court's

18   power to rule on the objection.  It is not the prerogative of counsel, but of the Court

19   to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

20   oral examinations would be quickly reduced to an exasperated cycle of answerless

21   questions." Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

22   118 BR 776. Further, Defendant's counsel has answered the question for his client.

23                    **ii.     Defendant's Contention**

24                    Defendants assert the same response as to the earlier

25   instructions.  They move for a protective order because the questions are outside the

26   scope of permissible discovery under Rule 26. Plaintiff has failed to make any

27   attempt to show that the question is within the scope of the claims he is asserting, nor

28   can he make that showing for the reasons Defendants previously discuss.

1

### d.   Page 24, Line 18 through Line 24

2  Q.   All right. Did he ever show you the statement that he took from you?

3  A.   No, sir.

4  Q.   Do you know what form it took?

5       MR. THORN: You mean verbal or written? Vague.

6       THE WITNESS: I don't understand your question, sir.

7              ### i.   Plaintiff's Contention

8                      Defendant counsel's interruption and clarification is a disruption

9       of the deposition process and is used an opportunity by defendant's counsel to

10      coach the witness as evidenced by the witness' response after counsel's

11      interruption.  Counsel's interruption and coaching is in violation of Federal Rules of

12      Civil Procedure, Rule 30.   "An objection must be stated concisely and in a

13      nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).

14             ### ii.   Defendant's Contention

15                     This is not coaching the witness and is a valid request for

16      clarification of a question.  It does not in any way coach the witness how to answer

17      the question, whehter written or verbal.

18             ### e.   Page 25, Line 14 through Line 23

19  Q.   All right. Do you remember when that statement was given, approximately?

20      MR. THORN: Or an estimate?

21      THE WITNESS: Yeah, it's going to -- I'm trying to -- December 2007 was the arrest.

22      After December 2007, I imagine within six months, but that would be a guess, sir.

23      MR. THORN: I don't want you to guess, but if you can give him an estimate, you

24      remember it was around your birthday, you remember it was turning warm, anything

25      like that.

26             ### i.   Plaintiff's Contention

27                     Defendant counsel's interruption and clarification is a disruption

28      of the deposition process and is used an opportunity by defendant's counsel to

1    coach the witness as evidenced by the witness' response after counsel's

2    interruption.  Counsel's interruption and coaching is in violation of Federal Rules of

3    Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

4    nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

5    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

6    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

7                        ii.      **Defendant's Contention**

8                              It is appropriate to tell the deponent not to guess, but to give an

9    estimate if he can.   It does not in any way suggest an answer to the question.

10                 f.       **Page 27, Line 3 through Line 5**

11   Q.   Okay. Did you know who it was that complained about you?

12        MR. THORN: Asked and answered.

13                        i.      **Plaintiff's Contention**

14                              This is an improper objection and is simply a way for Defendant

15   counsel's to interrupt the deposition process by suggesting his client not answer the

16   question and violates FRCP 30(c)(2).  Alleged "harassment" not a proper ground for

17   instructing a witness not to answer questions.  Cobell v. Norton (D (DC 2003) 213

18   FRD 16, 27.

19                        ii.      **Defendant's Contention**

20                              Asserting objections is not a disruption of the deposition

21   process, but a apart of the process.  Further, the comment about alleged

22   harassment is misplaced, as that was not part of the Q & A cited.  It does, however,

23   demonstrate how Plaintiff has selectively taken Q and A from a transcript, rather

24   than putting the Q and A in context by providing the whole trasncript.

25                 g.       **Page 27, Line 7 through Line 16**

26   MR. BAUMBACH: Q. Okay. Now, what documents did you review in preparation for this

27   deposition here today, if any?

28

1  A.      I reviewed my police report, Officer Cooper's supplemental police report and, then,

2  the transcribed records of my audio recording and the transcribed records of Officer

3  Cooper's audio recording.

4          MR. THORN: Criminal trial.

5          THE WITNESS: And the transcripts for the criminal trial.

6                    **i.      Plaintiff's Contention**

7                           Defendant counsel's interruption and clarification is a disruption

8          of the deposition process and is used an opportunity by defendant's counsel to

9          coach the witness.  A deposition seeks information known to the deponent not

10         information known to his counsel.  Counsel's interruption and coaching is in

11         violation of Federal Rules of Civil Procedure, Rule 30.

12                    **ii.     Defendant's Contention**

13                           The witness produced a copy of the documents reviewed at the

14         deposition, which included a copy of the criminal trial testimony he reviewed to

15         prepare for the deposition. Counsel did not disrupt the deposition by asking a quick

16         question about the criminal trial transcript then rather than after Plaintiff's counsel

17         completed all of his questions.  The question did not suggest whether to answer yes

18         or no.

19                    **h.     Page 27, Line 24 through Page 28, Line 21**

20  Q.      Okay. So you had your police report, Cooper's police report, an audio recording of

21  the incident as it transpired over the -- that was recorded at the station?

22          MR. THORN: Misstates his testimony.

23          MR. BAUMBACH: Counsel, I'm trying to find out.  I'm not misstating his testimony.

24          MR. THORN: You are. He said transcript, not an audio recording.

25          MR. BAUMBACH:  Did you listen to an audio recording?

26  A:      Is there a reference for time frame, sir?

27          MR. THORN:  Preparing for your deposition is the question.

28

1     <u>MR. BAUMBACH</u>: When you prepared for your deposition. You gave me an

2     answer. You said my report, that you reviewed your report.

3   A:   Yes.

4   Q:   Did you do that?

5   A:   Yes, I did.

6   Q:   Okay. And that you reviewed Cooper's report?

7   A:   Yes, sir.

8   Q.   And then, you said you reviewed some audio?

9     <u>MR. THORN</u>: No, he didn't. Misstates his testimony. He said he reviewed a

10     transcript of the audio.

11               **i.**     **<u>Plaintiff's Contention</u>**

12               Defendant counsel's interruption and clarification is a disruption

13   of the deposition process and is used an opportunity by defendant's counsel to

14   coach the witness as evidenced by the witness' response after counsel's

15   interruption. Counsel's interruption and coaching is in violation of Federal Rules of

16   Civil Procedure, Rule 30. "An objection must be stated concisely and in a

17   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not

18   use "speaking objections" to "coach" the deponent. <u>Hall v. Clifton Precision, a Div.</u>

19   <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

20              **ii.**     **<u>Defendant's Contention</u>**

21               It is not inappropriate to object to a question as misstating prior

22   testimony, which the question did. Nor is it inappropriate to respond to counsel

23   statement that he is not misstating prior testimony.

24              **i.**     **<u>Page 29, Line 20 through Line 22</u>**

25   Q.   Were any important facts left out in any of the documents?

26     <u>MR. THORN</u>: Vague as to important.

27

28

1

### i.     **Plaintiff's Contention**

2

Defendant counsel's interruption is a disruption of the

3 deposition process and is used an opportunity by defendant's counsel to instruct

4 the witness not to answer.  Counsel's interruption is in violation of Federal Rules of

5 Civil Procedure, Rule 30.

6

### ii.     **Defendant's Contention**

7

This is a valid objection?  What is an "important" fact?

8

### j.     **Page 32, Line 7 through Line 8**

9 Q.    What do you do physically out in the field?

10 MR. THORN: Generally.

11

### i.     **Plaintiff's Contention**

12

Defendant counsel's interruption is a disruption of the

13 deposition process and is used an opportunity by defendant's counsel to instruct

14 the witness how to answer.  Counsel's interruption is in violation of Federal Rules of

15 Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

16 nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

17 use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

18 of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

19

### ii.     **Defendant's Contention**

20

Asking for clarification of an overly broad question is not

21 inappropriate.  And what followed the question has not been provided to the Court.  It

22 is inappropriate to use the motion process to rule on objections outside of the trial

23 context and without providing the Court with a complete transcript.

24

### k.     **Page 33, Line 14 through Line 18**

25 Q.    And what was the description you got?

26 A.    Large group wearing hooded sweat shirts.

27 MR. THORN: We have the brought the transcripts of the audios that he reviewed.

28 They're here and available to refresh his recollection, Larry.

1                               **i.**    **Plaintiff's Contention**

2                     Defendant counsel's interruption is a disruption of the

3 deposition process and is used an opportunity by defendant's counsel to instruct

4 the witness how to answer.  Counsel's interruption is in violation of Federal Rules of

5 Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

6 nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

7 use "speaking objections" to "coach" the deponent.  <u>Hall v. Clifton Precision, a Div.</u>

8 <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

9                              **ii.**    **Defendant's Contention**

10                     This is not an inappropriate statement to counsel and was a

11 statement made after the witness answered the question, negating the claim that the

12 witness was coached on how to answer the question.

13             **l.**    **Page 36, Line 22 through Page 38, Line 17**

14 Q.   Okay. I have some photographs hear of Stratton's Market.

15     <u>MR. THORN</u>: Do you have an aerial, by chance?

16     <u>MR. BAUMBACH</u>: A what?

17     <u>MR. THORN</u>: Aerial?

18     <u>MR. BAUMBACH</u>: No. Let me see. I want to show you what we'll mark as Number 2

19     and let me --

20     <u>MR. THORN</u>: Let's mark them on the back.

21     <u>THE WITNESS</u>: That's fine.

22     <u>MR. THORN</u>: Or put a sticker on it.

23     <u>MR. BAUMBACH</u>:   I'm just going to put 2 there for the court reporter so she can

24     mark it when she --

25     <u>MR. THORN</u>:  I'd like her to make it now.  Do you have your markers?

26     (OFF THE RECORD)

27

28

1     MR. THORN:  Let me see 2 there, please.  Can we have a foundation for these

2     pictures, Larry?  Did you take them, an investigator take them, when they were

3     taken?

4     MR. BAUMBACH:  No.

5     MR. THORN:  No, you're not going to lay a foundation for the pictures?

6     MR. BAUMBACH:  Not in the deposition, I'm not.

7     MR. THORN: Well, I don't know if I'm going to let him answer any questions without

8     proving that this is Stratton's, when they were taken, fall, summer, January, if this is

9     Stratton's Market, who took them, same condition as the night, that kind of thing. In

10     fact, I was just at Stratton's Market. This is not -- do you have any -- just let me see

11     what you got there, Larry, the pictures, because this doesn't look like the same.

12     That's helpful. Let's see.

13     MR. BAUMBACH: You're not going to go through all my pictures.

14     MR. THORN: Where is this?

15     THE WITNESS (Actually BAUMBACH): I'm going ask the witness if he knows.

16     MR. THORN: Larry, why are you hiding the ball here? Just come up front. When

17     were the pictures taken, where is this so we can all become accustomed to it and

18     get through the deposition, or are you going to play games like you did with the

19     work product privilege? I asked you for all this discovery, you produced nothing. It's

20     ridiculous.

21     THE WITNESS (Actually BAUMBACH): Counsel --

22     MR. THORN: We're going to take a break. Let's talk.

23     MR. BAUMBACH: No, let's not take a break. I want --

24     MR. THORN: We are taking a break.

25          **i.**     **Plaintiff's Contention**

26          "An objection must be stated concisely and in a

27     nonargumentative and nonsuggestive manner." FRCP 30(c)(2).

28

1

### ii.   Defendant's Contention

2        The use of the photographs to ambush counsel and the

3   deponent was decidedly improper because they had not been previously disclosed

4   as required by Rule 37(c). Furthermore, making a record of such tactics is not

5   inappropriate and asking for a foundation for the photographs is not inappropriate

6   either.  Mr. Baumbach engages in the same behavior he claims to be inappropriate.

7

### m.   Page 49, Line 10 through Line 21

8   Q.   All right. Now, when you got the dispatch out there, did you -- were you told how

9   many juveniles were involved?

10       MR. THORN: Well, is that -- are you done with  your question?

11       MR. BAUMBACH: Yes.

12       MR. THORN: He's already testified that the dispatch -- it doesn't say anything about

13       juveniles.

14       MR. BAUMBACH: Q. Okay. Any number of suspects that were present at the

15       scene? Did you have any idea of how many people you would be looking for when

16       you got to the scene?

17       MR. THORN: Asked and answered.

18

### i.   Plaintiff's Contention

19       Defendant counsel's interruption and clarification is a disruption

20  of the deposition process and is used an opportunity by defendant's counsel to

21  coach the witness.  Counsel's interruption and coaching is in violation of Federal

22  Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

23  nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

24  use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

25  of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.  The deposition is to seek

26  information known to the deponent not his counsel.

27

28

1

### ii.  Defendant's Contention

2            This is yet another example of Plaintiff's counsel misstating the

3    deponent's prior testimony and was previously asked and answered.   The objections

4    were quoted as succinctly as reasonably possible and Plaintiff offers no alternative as

5    to how the objections could have been otherwise asserted.  Moreover, stating

6    objections succinctly does not coach the witness.  Plaintiff offers no explanation

7    about how the witness was coached to answer the re-stated question.

8            ### n.  Page 54, Line 8 through Line 14

9  Q.   All right. So that's -- the first statement you made to whoever it was on the side of

10   the barn was that the Paradise -- you were a Paradise police officer?

11      MR. THORN: That misstates his testimony.

12      MR. BAUMBACH: Well, I'm -- that's a question.  That's not a statement of his

13      testimony.

14      MR. THORN: So is that the first thing he said?

15            ### i.  Plaintiff's Contention

16            Defendant counsel's interruption and clarification is a disruption

17   of the deposition process and is used an opportunity by defendant's counsel to

18   coach the witness.  Counsel's interruption and coaching is in violation of Federal

19   Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a

20   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

21   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

22   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

23            ### ii.  Defendant's Contention

24            This is the same issue was the previous issue and the objection

25   is proper.  It is improper to misstate a witness's testimony.  Plaintiff does not explain

26   how the objection was argumentative or suggestive of an answer to the re-stated

27   question.

28

1          **o.**     <u>**Page 58, Line 2 through Line 4**</u>

2   Q.    And for how long a time did you lose sight of him; do you know?

3      <u>MR. THORN</u>: Estimate if you can.

4              **i.**     <u>**Plaintiff's Contention**</u>

5           Defendant counsel's interruption and clarification is a disruption

6   of the deposition process and is used an opportunity by defendant's counsel to

7   coach the witness. Counsel's interruption and coaching is in violation of Federal

8   Rules of Civil Procedure, Rule 30.

9             **ii.**     <u>**Defendant's Contention**</u>

10           It is proper to instruct the witness to give his best estimate. What

11   cannot be seen here is the witnesses reaction to the question, head shakes, etc. . . .

12          **p.**     <u>**Page 58, Line 6 through Line 11**</u>

13   <u>MR. BAUMBACH</u>: Q. All right. Now, Mr. Funk, I believe, described his movements

14   on that night as motivated by a sudden urgency to use the toilet. Were the

15   movements that you observed consistent with that motivation, or could you tell?

16   <u>MR. THORN</u>: At what point in time?

17             **i.**     <u>**Plaintiff's Contention**</u>

18           Defendant counsel's interruption and clarification is a disruption

19   of the deposition process and is used an opportunity by defendant's counsel to

20   coach the witness. Counsel's interruption and coaching is in violation of Federal

21   Rules of Civil Procedure, Rule 30.

22            **ii.**     <u>**Defendant's Contention**</u>

23           This is a proper request to clarify a question and not an

24   interruption of the process but an attempt to speed up the process.

25          **q.**     <u>**Page 58, Line 18 through Line 22**</u>

26   Q.    All right. Now, when he went around the side out of your view for the approximately

27   six seconds you estimated, did you say anything to him during that time?

28      <u>MR. THORN</u>: Approximately, he estimated four to six seconds, maybe.

i. **Plaintiff's Contention**

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div. of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

ii. **Defendant's Contention**

This is another misstatement of testimony that at that point was becoming a pattern of harassment and abuse of the deposition process that would warrant a protective order if it persisted. It is decidedly improper to deliberately misstate a witness's testimony when formulating a question. Nor does Plaintiff offer any Q and A thereafter to establish coaching.

r. **Page 59, Line 25 through Page 60, Line 21**

Q.   But is that the general area over which you and Mr. Funk passed on the way to the restroom?

A.   Looking at the angle here, it's -- I can't tell in reference to where the outbuildings are or the front of Stratton's Market is. I can make out that there's the top corner of the center of the building, which would put this -- I guess it would be the northwest corner of the building. Was that in that area?

MR. THORN: Don't speculate.

THE WITNESS: Okay.

MR. THORN: And I can foresee a problem here Larry because he's pointing to this area.

MR. BAUMBACH: Yes, I know, I know.

MR. THORN: And I don't know if we can make a better record.

MR. BAUMBACH: Q. We'll try to make a better record.

1  A.    Okay. Looking at the picture with what's in the picture, we probably went through --

2        MR. THORN: I don't want you to guess.

3        THE WITNESS: Yeah.

4        MR. THORN: When you say probably, if you're guessing, let us know. If you're

5        estimating, let us know.

6             **i.**    **Plaintiff's Contention**

7               Defendant counsel's interruption and clarification is a disruption

8    of the deposition process and is used an opportunity by defendant's counsel to

9    coach the witness.  Counsel's interruption and coaching is in violation of Federal

10    Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a

11    nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

12    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

13    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

14             **ii.**    **Defendant's Contention**

15               This is an attempt to make a clear record that Plaintiff's counsel

16    acknowledges is a problem with pointing to a picture.  There is nothing improper

17    about seeking clarification of the written record for events and body movements that

18    the court reporter cannot capture for the record.

19        **s.**    **Page 61, Line 4 through Page 62, Line 24**

20  Q.    And if you can just, by a dotted line, just – and then, put a few arrows on it to

21  indicate the direction, indicate which direction you saw Mr. Funk going?

22  A.    Okay.

23        MR. THORN: You know --

24        THE WITNESS: It's going to have been -- before I mark it, I just want to show you --

25        it's going to have been somewhere within, probably --

26        MR. BAUMBACH: I understand that.

27        MR. THORN: If you're not able to do it, you don't have to do it. If you need another

28        picture --

1    THE WITNESS: I think it would be better to do it in a different photograph. This one

2    doesn't have the angles.

3    MR. BAUMBACH:  This is the only one we have of that area.

4  A.    Okay.

5  Q.    So do the best we can with the area that you think you best recall him passing

6  through.

7    MR. THORN: But don't guess.

8    THE WITNESS:  Right.

9    MR. THORN: And if you can't do it, you can't – you got to let us know.

10    THE WITNESS:  Uh-huh.

11    MR. THORN: We'll have to find a different way to do it.

12    THE WITNESS:  Yeah, this – this photograph just wouldn't be adequate.  I would

13    need to have a photograph that would show more of the area in front of the barn

14    and show more down the north wall.

15    MR. THORN: Would you be able to draw a diagram on a piece of paper, maybe?

16    THE WITNESS:  Yes, sir.

17    MR. BAUMBACH:  Is there any part of that photograph that you believe Mr. Funk

18    passed over?

19  A:    Yes, sir.

20  Q:    Indicate that with the dots –

21  A:    Okay.

22  Q:    -- as best you can.  You're going to have to draw a little short line.

23  A:    Okay.

24  Q:    Okay.  There you go.

25  A:    I'd say within – probably within five feet of any given of that reference.

26  Q:    Okay.

27    MR. THORN: When you say probably, what do you mean by probably?

28

i.  **Plaintiff's Contention**

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div. of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

ii.  **Defendant's Contention**

This is not coaching, but a reminder to the witness not to guess. It is also an attempt to make a clear written record when referencing a photograph and body movements pointing at a photograph that a court reporter cannot record.

t.  **Page 65, Line 23 through Line 26**

Q.  Did you know what was in that building?

A.  No, sir.

MR. THORN: Are we talking about that building now? I'm getting confused.

i.  **Plaintiff's Contention**

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div. of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

ii.  **Defendant's Contention**

This is a request for clarification as to which of the numerous buildings that counsel is referring to so that Defendants' counsel can follow the line of questioning.

1          **u.**     **Page 66, Line 7 through Line 10**

2 Q.    Did you make any inquiry by using your flashlight or looking around at the building

3 what kind of building it was?

4      MR. THORN: Before he entered it?

5            **i.**     **Plaintiff's Contention**

6                  Defendant counsel's interruption and clarification is a disruption

7 of the deposition process and is used an opportunity by defendant's counsel to

8 coach the witness.  Counsel's interruption and coaching is in violation of Federal

9 Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

10 nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

11 use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

12 of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

13            **ii.**     **Defendant's Contention**

14                  This request for clarification fo time is to avoid a vaue as to time

15 objection by seeking clarification of the question.  It does not in any way sugest to the

16 witness whether to answer the question yes or no.

17          **v.**     **Page 66, Line 22 through Line 26**

18      MR. BAUMBACH: Q. Yeah, that's right. Could you tell whether door was open or

19 that Mr. Funk opened the door to go into that building?

20 A.    I couldn't tell.

21      MR. THORN: This is Mr. Funk?

22            **i.**     **Plaintiff's Contention**

23                  Defendant counsel's interruption and clarification is a disruption

24 of the deposition process and is used an opportunity by defendant's counsel to

25 coach the witness.  Counsel's interruption and coaching is in violation of Federal

26 Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

27 nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

28

1    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3                              **ii.**    **Defendant's Contention**

4                                  Asking counsel a question about the location of a mark on a

5    photograph is not dsiupoution, but a simple attempt to remain clear about the line of

6    questions.

7                              **w.**    **Page 67, Line 7 through Line 12**

8    Q.    All right. So you have no idea what was in there?

9    A.    No, sir.

10   Q.    All right.

11        MR. THORN: No, sir, you don't have an idea or his question is incorrect or no, sir,

12   you have no idea what was in there?

13                              **i.**    **Plaintiff's Contention**

14                                 Defendant counsel's interruption and clarification is a disruption

15   of the deposition process and is used an opportunity by defendant's counsel to

16   coach the witness.  Counsel's interruption and coaching is in violation of Federal

17   Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

18   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

19   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

20   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

21                              **ii.**    **Defendant's Contention**

22                                 This is a proper question to clarify the record.

23                              **x.**    **Page 67, Line 22 through Line 26**

24   Q.    All right. And did you do anything outside the building to determine whether or not it

25   was a stand-alone building or whether it was a passage to another building or did you

26   make any determination of that type?

27        MR. THORN: Before entering?

28

1    **i.      Plaintiff's Contention**

2            Defendant counsel's interruption and clarification is a disruption

3    of the deposition process and is used an opportunity by defendant's counsel to

4    coach the witness.  Counsel's interruption and coaching is in violation of Federal

5    Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

6    nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

7    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

8    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

9        **ii.     Defendant's Contention**

10           This is the same issue as previously discussed.  It is not

11   improper to ask for clarification to a void an objection or confusion on the record.

12       **y.     Page 68, Line 25 through Page 69, Line 2**

13   Q.   You said earlier that you had not searched Mr. Funk for weapons before he went in

14   that room?

15   A.   No, sir.

16        MR. THORN: Yes, sir, that's what he said or --

17       **i.      Plaintiff's Contention**

18           Defendant counsel's interruption and clarification is a disruption

19   of the deposition process and is used an opportunity by defendant's counsel to

20   coach the witness.  Counsel's interruption and coaching is in violation of Federal

21   Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

22   nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

23   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

24   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

25       **ii.     Defendant's Contention**

26           It is not improper to clarify ask for clarification of an answer to a

27   double negative. Nor has Plaintiff provided what transpired after this request for

28   clarification and how it interferes with the deposition process.

1         **z.**     **Page 69, Line 21 through Page 70, Line 8**

2   Q.    Did you have the physical ability to stop – once Mr. Funk went in and closed the

3   door, did you have the physical ability to stop or did your momentum just carry you into the

4   building?

5       MR. THORN: That mischaracterizes testimony that the door was not completely

6   shut.

7       THE WITNESS: I would not have been able to avoid colliding with the door. I could

8       have chosen, after making contact, to not push through the door and to back off,

9       but as far as making contact with the door, that was a foregone conclusion. My

10      momentum carried me into the door, but –

11   Q:    Okay. And tell me why you chose to push through the door.

12       MR. THORN: Asked and answered.

13           **i.**     **Plaintiff's Contention**

14              Defendant counsel's interruption and clarification is a disruption

15     of the deposition process and is used an opportunity by defendant's counsel to

16     coach the witness. Counsel's interruption and coaching is in violation of Federal

17     Rules of Civil Procedure, Rule 30.

18           **ii.**     **Defendant's Contention**

19              This is more of the same. Mischaracterizing the witness's

20     testimony and then asking the witness the same question over and over. It is not

21     improper to state for the record the mischaracterization for later reference. Nor does

22     it suggest an answer to the question about whether the officer had the physical ability

23     to stop.

24       **aa.**     **Page 70, Line 20 through Line 22**

25   Q.    Why did you choose force over negotiation, if your answer is difference than what

26   you just told me?

27       MR. THORN: Or if he made a choice.

28

1               i.    **Plaintiff's Contention**

2               Defendant counsel's interruption and clarification is a disruption

3       of the deposition process and is used an opportunity by defendant's counsel to

4       coach the witness.  Counsel's interruption and coaching is in violation of Federal

5       Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

6       nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

7       use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

8       of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

9               ii.    **Defendant's Contention**

10              This comment was directed at the assumption that he made a

11      choice rather than asking the witness if he made a choice. As phrased, the question

12      offered only two alternatives in a situation that may have involved more.  It does not

13      suggest an answer to the question and nothing else is provided from the transcript to

14      suggest that the witness was coached either.  Again, it is an out of context and

15      incomplete quip over the interaction between cousenla t the depsotion.

16              bb.    **Page 71, Line 22 through Line 26**

17      Q.  Do you -- did you, at that time, hold the belief that a citizen who has committed no

18      crime has an obligation to stop and be detained by a police officer who commands him

19      to stop?

20          MR. THORN: At that time being when he first rounded the corner?

21              i.    **Plaintiff's Contention**

22              Defendant counsel's interruption and clarification is a disruption

23      of the deposition process and is used an opportunity by defendant's counsel to

24      coach the witness.  Counsel's interruption and coaching is in violation of Federal

25      Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

26      nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

27      use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

28      of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

1           **ii.      Defendant's Contention**

2                   A request for clarification as to time to avoid objections is not

3       improper and in no way suggests an answer to the question.

4           **cc.    Page 72, Line 8 through Line 14**

5   Q.   Yes, I am asking you to take that into consideration.

6   A.   Okay. Then I can't answer that question.

7       MR. THORN: Yeah, I was going to say incomplete hypothetical.

8       THE WITNESS: That wasn't my mind set, sir, when, I was --

9       MR. THORN: You've answered the question.

10          **i.      Plaintiff's Contention**

11                  Defendant's counsel instructed the witness not to answer a

12      question which sought relevant information that is likely to lead to the discovery of

13      admissible information.  Counsel's instruction was improper and in violation of

14      Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

15      instruct a witness not to answer a question that is objected to usurps the Court's

16      power to rule on the objection.  It is not the prerogative of counsel, but of the Court

17      to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

18      oral examinations would be quickly reduced to an exasperated cycle of answerless

19      questions."  Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

20      118 BR 776.

21          **ii.     Defendant's Contention**

22                  Making an objection after an immediate answer is not improper

23      and it is illogical to argue that a post-answer objection somehow influenced the

24      previous answer.

25          **dd.    Page 72, Line 23 through Page 73, Line 2**

26  Q.   That you ordered a -- that you confronted a citizen who had committed no crime

27  and you ordered him to stop and the citizen didn't stop, but just kept right on going. Do you

28  --

1    MR. THORN: That's an incomplete hypothetical.  I didn't mean to interrupt.

2                    **i.    Plaintiff's Contention**

3                    Defendant counsel's interruption and clarification is a disruption

4    of the deposition process and is used an opportunity by defendant's counsel to

5    coach the witness.  Counsel's interruption and coaching is in violation of Federal

6    Rules of Civil Procedure, Rule 30.

7                    **ii.    Defendant's Contention**

8                    This is a proper objection.  The issue is not whether Mr. Funk

9    committed no crime (he committed several), but, *based upon the totality of*

10   *cirmcumstances know to the officers on scene*, whether they had reasonable

11   suspicion to stop and question Mr. Funk about why he was standing in that location

12   at that time.  As such, the hypothetical of a citizen who is not committing a crime is an

13   incomplete hypothetical.

14                   **ee.    Page 73, Line 3 through Page 74, Line 12**

15        MR. BAUMBACH: Q. Do you consider that to be an obligation of the citizen to stop

16   in obedience to your command?

17        MR. THORN: That's an incomplete hypothetical.

18        MR. BAUMBACH: You can answer.

19        MR. THORN: Well, if you can answer it. If you can't answer it without additional

20   information, then you don't have to answer.

21        THE WITNESS: Considering what you're asking me is a hypothetical situation, this

22   could be any subject under any circumstances where a crime has not been

23   committed?

24        MR. BAUMBACH: Q. Yes.

25        MR. THORN: That's -- no, that's not what he asked you. That's not what you asked

26   him.

27        THE WITNESS: Then I'm confused.

28

1    MR. THORN: Let's get this clear. I want him to answer the question if you can. You
2    said, at the time that he rounded the corner, you want him to assume that Harold
3    Funk was not committing a crime, correct?

4    MR. BAUMBACH: Yes.

5    MR. THORN: And you want to know whether he still had the authority to detain him,
6    you say?

7    MR. BAUMBACH: Q. Yes.

8  A.   I can't assume what Harold Funk was or wasn't doing.  In my mind, the elements of
9    a crime were present. I had an obligation to investigate the potential crime. I have an
10   obligation, just like he has a legal obligation to stop and submit himself to me based on the
11   totality of the circumstances.

12   MR. THORN: That's what he's asking. Did you believe you had the authority to
13   detain him?

14   THE WITNESS: I certainly definitely had the authority to detain him.

15   MR. THORN: Is that right? I think that's what you're asking.

16                    i.      **Plaintiff's Contention**

17                          Defendant counsel's interruption and clarification is a disruption
18   of the deposition process and is used an opportunity by defendant's counsel to
19   coach the witness.  Counsel's interruption and coaching is in violation of Federal
20   Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a
21   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not
22   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.
23   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

24                    ii.     **Defendant's Contention**

25                          This is an exchange to *require* the witness to answer the question
26   asked, and to clarify what question was being asked. Plaintiff's counsel even
27   participated in the process, and has no basis to complain.  Moreover, the exchange is
28   not in any way a suggestion about how to answer the question.

1      **ff.**     <u>**Page 74, Line 13 through Page 75, Line 4**</u>

2      <u>MR. BAUMBACH</u>: Q. No. I want to know the extent to which this witness believes

3      he has police authority.  Does he believe that you have police authority to detain someone

4      who has not committed a crime?

5      <u>MR. THORN</u>: Well, he can't answer a question like that without the surrounding

6           circumstances.  Are they investigating a crime?

7      <u>MR. BAUMBACH</u>: No, no surrounding circumstances.

8      <u>MR. THORN</u>: That's an incomplete hypothetical.

9      <u>THE WITNESS</u>: Well, I didn't --

10     <u>MR. THORN</u>: That's --

11     <u>THE WITNESS</u>: There are situations -- I mean, there's numerous situations, sir, that

12          would dictate when  you can and can't detain somebody.

13     <u>MR. THORN</u>: Well, he's not asking you what those are. He's asking you an

14          incomplete question. I mean, can you detain somebody who is not breaking the law,

15          I think, is what he's asking you.

16                    **i.**     **<u>Plaintiff's Contention</u>**

17                         Defendant counsel's interruption and clarification is a disruption

18     of the deposition process and is used an opportunity by defendant's counsel to

19     coach the witness.  Counsel's interruption and coaching is in violation of Federal

20     Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

21     nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

22     use "speaking objections" to "coach" the deponent.  <u>Hall v. Clifton Precision, a Div.</u>

23     <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

24                    **ii.**     **<u>Defendant's Contention</u>**

25                         This is an exchange directed at making sure the witness

26     understands and answers the question if he can and was reserved until after he

27     indicated that he could not answer the question without more information.  That is not

28     improper and what followed has not been provided to place the matter into context.

1           **gg.     Page 75, Line 5 through Line 9**

2       MR. BAUMBACH: Q. Certainly. Do you understand -- do you believe that?

3  || A.    My understanding would be depending on the circumstances. I don't know how to

4  || answer that question.

5           MR. THORN: Yeah, you can't answer that question.

6                       **i.      Plaintiff's Contention**

7                       "An objection must be stated concisely and in a

8       nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not

9       use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div.

10      of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530. Further, Defendant's

11      counsel instructed the witness not to answer a question which sought relevant

12      information that is likely to lead to the discovery of admissible information.

13      Counsel's instruction was improper and in violation of Federal Rules of Civil

14      Procedure, Rule 30(c)(2). "A counsel who presumes to instruct a witness not to

15      answer a question that is objected to usurps the Court's power to rule on the

16      objection. It is not the prerogative of counsel, but of the Court to rule on objections.

17      Indeed, if counsel were to rule on the propriety of questions, oral examinations

18      would be quickly reduced to an exasperated cycle of answerless questions."

19      Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

20                      **ii.     Defendant's Contention**

21                      Though the whole exchange leading up to the Q and A and after

22      the Q and A have not been provided for proper context, the witness already indicated

23      he could not answer the question before counsel made his record. It appears the

24      witness was asked to speculate.

25           **hh.    Page 75, Line 18 through Line 26**

26  || Q.   Did you ask him why he was running?

27      MR. THORN: In the -- while they were in the bathroom?

28      MR. BAUMBACH: Q. Yes.

1   A.     Either myself or Officer Cooper did, but I'd have to take a look at it and I could tell

2   you exactly who asked what question.

3          MR. THORN: When you say at it, you're pointing to the transcript?

4                     i.      **Plaintiff's Contention**

5                            Defendant counsel's interruption and clarification is a disruption

6   of the deposition process and is used an opportunity by defendant's counsel to

7   coach the witness.  Counsel's interruption and coaching is in violation of Federal

8   Rules of Civil Procedure, Rule 30.

9                     ii.     **Defendant's Contention**

10                           Asking for clarification and getting it is not dispruotion of the

11  process, but is advancing the process.  And asking for written confirmation of a body

12  movement that cannot be recorded by the court reporter is perfectly acceptable

13  practice to make a clear reord.

14                    ii.     **Page 76, Line 10 through Line 20**

15  Q.     All right. Did you ever ask Mr. Funk if he needed to use the restroom?

16  A.     No, sir.

17  Q.     Why not?

18  A.     I don't have an answer, sir.

19  Q.     Okay.  Now at the point that you were in the restroom with Mr. Funk, you realized

20  he was not a teenager; isn't that true?

21         MR. THORN: That's an argumentative question.  Did you realize his age when you

22  were initially in there.

23                    i.      **Plaintiff's Contention**

24                           Defendant counsel's interruption and clarification is a disruption

25  of the deposition process and is used an opportunity by defendant's counsel to

26  coach the witness.  Counsel's interruption and coaching is in violation of Federal

27  Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

28  nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

1      use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2      of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3            **ii.**     **Defendant's Contention**

4             This question was argumentative and this was an attempt to

5      have Mr. Baumbach ask a proper question.  He has not provided what transpired

6      next to place the matter in context.

7            **jj.**     **Page 77, Line 11 through Page 80, Line 9**

8 Q.    All right. Would you agree that if you engaged in conduct as described by Mr. Funk

9 at the trial, that such conduct would have constituted excessive force?

10      MR. THORN: Don't answer that question. That's a legal conclusion you can't

11      require this witness to answer.

12      MR. BAUMBACH: Q. Would you agree if you engaged had in the conduct as

13      described by Mr. Funk at his trial, that such conduct would have constituted

14      excessive force as you understand it?

15      MR. THORN: Let me think about that. Well, there's no foundation as to what he

16      testified so the question is vague and ambiguous and I ask just one clarification.

17      You're saying assuming Mr. Funk told the truth at his trial it's that what you're

18      saying?

19      MR. BAUMBACH: I'm saying what I'm saying?

20      MR. THORN: Well, I know. I want to know --

21      MR. BAUMBACH: I can repeat the question.

22      MR. THORN: Are you asking the witness to assume that Mr. Funk told the truth?

23      MR. BAUMBACH: We're not going to go there.  That -- you're changing my

24 question.

25      MR. THORN: Well, then, you're not going to answer.

26      MR. BAUMBACH: Okay. Are you sure you want to do this?

27      MR. THORN: I do, because, Larry --

28      MR. BAUMBACH: All right.

1   MR. THORN: You're just trying to ask a vague question.

2   MR. BAUMBACH: It's not a vague question. It's a very specific question.

3   MR. THORN: What did Mr. Funk say at his trial, Larry? What did he say at his trial?

4   That was over a year ago. Is the witness to assume Mr. Funk told the truth? These

5   were just basic fair questions a judge is going to make you do before you do it, I'm

6   sure.

7   MR. BAUMBACH: Okay.

8   MR. THORN: So if you want to qualify your question that he is to assume that Mr.

9   Funk told the truth at his trial, whether or not, under that assumption, what --

10   MR. BAUMBACH: Okay. I'll --

11   MR. THORN: -- Mr. Funk said would constitute excessive force as he understood it

12   --

13   MR. BAUMBACH: All right.

14   MR. THORN: -- then, I'll let him answer. But if you want to play games, I'm not

15   going to let him answer that.

16   MR. BAUMBACH: Counsel, it's not helpful to say I'm playing games.

17   MR. THORN: It is a game. It is a game, Larry.

18   MR. BAUMBACH: You want me to stipulate that we're playing games here?

19   MR. THORN: I don't know. I just want you to ask --

20   MR. BAUMBACH: These don't help. Those terms, though, are inflammatory terms

21   that I'm not going to sit still for because I'm not used to attorneys just throwing out,

22   You're playing games, because they're paid to cover one side of the case. I mean,

23   we're adults here and it's not necessary for us to engage in ad hominem attacks on

24   each other.

25   MR. THORN: Larry, thank you for the wise counsel, but I would appreciate it if you

26   would return that favor and ask legitimate questions of a witness and make --

27   THE WITNESS: I'm addressing --

28

1   MR. THORN: -- legitimate -- let me finish -- legitimate claims after reasonable

2   investigation and just ask a complete question that you'd have to ask in trial

3   anyway.

4   MR. BAUMBACH: I'm addressing the statement you're playing games as an

5   inflammatory one.

6   MR. THORN: I'm sorry you're offended by it. I will choose different words.

7   MR. BAUMBACH: All right.

8   MR. THORN: I will choose different words.

9              i.    **Plaintiff's Contention**

10                     Defendant's counsel instructed the witness not to answer a

11  question which sought relevant information that is likely to lead to the discovery of

12  admissible information. Counsel's instruction was improper and in violation of

13  Federal Rules of Civil Procedure, Rule 30(c)(2). "A counsel who presumes to

14  instruct a witness not to answer a question that is objected to usurps the Court's

15  power to rule on the objection. It is not the prerogative of counsel, but of the Court

16  to rule on objections. Indeed, if counsel were to rule on the propriety of questions,

17  oral examinations would be quickly reduced to an exasperated cycle of answerless

18  questions." Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

19  118 BR 776.

20             ii.    **Defendant's Contention**

21                     This is an unfortunate exchange between counsel brought about

22  by an inappropriate, vague, incomplete question seeking a legal conclusion. What

23  transpired thereafter has not been provided to place the matter in context.

24        **kk.    Page 80, Line 11 through Page 81, Line 2**

25  Q.    Would you agree that, assuming Mr. Funk testified truthfully at his trial, that if you

26  had engaged in the conduct as describe by Mr. Funk at his trial, that such constituted

27  excessive force as you understand it?

28        MR. THORN: If you can recall all of those things and make that assumption.

1    THE WITNESS: I don't recall enough of Mr. Funk's testimony. I was present when

2    he testified. A lot of people testified that day over the span of the whole week

3    between my testimony and numerous other witnesses, sir. I can't sit here and

4    reliably tell you that I remember what each person told me. Without that knowledge,

5    I don't have   a basis to answer that question.

6    MR. BAUMBACH: Okay.

7    MR. THORN: You have the transcript? You want him to read the transcript or --

8    MR. BAUMBACH: No.

9    MR. THORN: We're happy to answer that question.

10                    i.       **Plaintiff's Contention**

11                           Defendant counsel's interruption and clarification is a disruption

12   of the deposition process and is used an opportunity by defendant's counsel to

13   coach the witness.  Counsel's interruption and coaching is in violation of Federal

14   Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

15   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

16   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

17   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

18                    ii.      **Defendant's Contention**

19                           This is not an interruption of a question and answer. It is an

20   indication that we would be happy to answer the question if the witness was allowed

21   to refresh his recollection after he answered the question by indicating he could not

22   recall enough of the testimony to answer the questions.   Mr. Baumbach declined.

23           II.      **Page 81, Line 3 through Line 9**

24   MR. BAUMBACH: Q. While you and Cooper were in the -- by the way, what would

25   you estimate the size of that restroom where Mr. Funk was to be?

26   A.     Again, without going in and measuring it -- it was tight confines. If I had to estimate,

27   four to six feet in dimensions at best.

28   MR. THORN: Four to six feet or four by six?

1              **i.**      **Plaintiff's Contention**

2              Defendant counsel's interruption and clarification is a disruption

3    of the deposition process and is used an opportunity by defendant's counsel to

4    coach the witness. Counsel's interruption and coaching is in violation of Federal

5    Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a

6    nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not

7    use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div.

8    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

9              **ii.**      **Defendant's Contention**

10             Asking for clarification of an answer that counsel did not hear is

11   not improper.

12             **mm.**      **Page 81, Line 19 through Line 22**

13   Q.   And you saw a stain in the back of his pants?

14   A.   I don't recall.

15         MR. THORN: While in the confines of the restroom?

16             **i.**      **Plaintiff's Contention**

17             Defendant counsel's interruption and clarification is a disruption

18   of the deposition process and is used an opportunity by defendant's counsel to

19   coach the witness. Counsel's interruption and coaching is in violation of Federal

20   Rules of Civil Procedure, Rule 30.

21             **ii.**      **Defendant's Contention**

22             This is not an interruption. It is a request for clarification as to

23   time after the witness said he could not recall because he answered so quickly.

24             **nn.**      **Page 82, Line 2 through Line 19**

25   Q.   Did either -- did either you or Cooper express any humor about that to anybody,

26   either at the scene or later?

27         MR. THORN: Laugh about it?

28         THE WITNESS: Laugh about it?

1  MR. THORN: Don't talk -- don't discuss anything you discussed with the prosecutor

2  or me, but as to those you can talk to, you can answer the question if you can?

3  MR. BAUMBACH: Well, even to the prosecutor because there's no privilege

4  involving the prosecutor.

5  THE WITNESS: I'm sorry. If you could repeat --

6  MR. THORN: As the agent for the prosecution, I think there is a privilege, isn't

7  there? I could be wrong on that. I'll look at that.

8  MR. BAUMBACH: There's a decision in the Eastern District by Judge Hollows that

9  indicates --

10  MR. THORN: That's Magistrate Hollows, but right now, he's not going to answer

11  that as to the prosecutor or me.

12  **i.      Plaintiff's Contention**

13  Defendant's counsel instructed the witness not to answer a

14  question which sought relevant information that is likely to lead to the discovery of

15  admissible information.  Counsel's instruction was improper and in violation of

16  Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

17  instruct a witness not to answer a question that is objected to usurps the Court's

18  power to rule on the objection.  It is not the prerogative of counsel, but of the Court

19  to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

20  oral examinations would be quickly reduced to an exasperated cycle of answerless

21  questions."  Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

22  118 BR 776.

23  **ii.      Defendant's Contention**

24  The actual question has not been provided, but Defendants

25  move for a protective order as it relates to any question seeking communication

26  between the deponent and his counsel, and as for the prosecutor too.  However, see

27  the next exchange where counsel verified on the record that there were no such

28  communications between the deponent and witness and thus no privileged

1  communication regarding the subject of the question. That demonstrates an effort to
2  advance, not thwart, discovery.

3          **oo.**    **Page 84, Line 4 through Line 24**

4  Q.   Anything besides toilet paper?

5  A.   No, sir.

6      MR. BAUMBACH: Why don't we take a break?

7      (OFF THE RECORD)

8      THE WITNESS: Just some additional stuff on the training. Not only the training that
9  I described before, but we also do daily training during roll call. We do reviews and
10 debriefs after critical incidents, so it's on a even more frequent basis, so to speak.

11     MR. THORN: Lexipol?

12     THE WITNESS: We do daily lexipol training based on all our policies.

13     MR. BAUMBACH: Q. Did --

14     MR. THORN: Wait a second. There's one other thing, too. I just verified the deal
15 with the prosecutor and there were no communications with the prosecutor about
16 him defecating in his pants, no jokes or anything. There were no communications
17 to be privileged, even if there were; is that correct?

18     THE WITNESS: Yes, sir.

19     MR. THORN: Okay.

20         **i.**    **Plaintiff's Contention**

21         Defendant counsel's interruption and clarification is a disruption
22 of the deposition process and is used an opportunity by defendant's counsel to
23 coach the witness. Counsel's interruption and coaching is in violation of Federal
24 Rules of Civil Procedure, Rule 30. "

25         **ii.**    **Defendant's Contention**

26         This is not an interruption, but advancement of the deposition.
27 Nor is there any coaching in the exchange, but the exchange was to provide answer

28

1    to the prvious question re whether there were any communications between the

2    prosecutor and witness about the subjet.

3              **pp.    Page 85, Line 8 through Line 11**

4    Q.    Did you ever determine --

5         MR. THORN: Wait a second. I'm confused. No there was not a lock or no, you

6    didn't make that determination?

7                   **i.     Plaintiff's Contention**

8                        Defendant counsel's interruption and clarification is a disruption

9    of the deposition process and is used an opportunity by defendant's counsel to

10   coach the witness.  Counsel's interruption and coaching is in violation of Federal

11   Rules of Civil Procedure, Rule 30.

12                  **ii.    Defendant's Contention**

13                       This is a request for clarification of a prior answer and not

14   disruption. Counsel ash the right to seek clarification.

15             **qq.   Page 86, Line 8 through Line 17**

16   Q.    All right. He also testified at trial that he unlocked the door because he heard a thud

17   against the door. Do you know whether or not, between the time you ran into the door

18   and you pushed through the door, whether or not there was any sound of a lock being

19   activated or unactivated, or could you tell?

20        MR. THORN: No foundation.

21        MR. BAUMBACH: You can go ahead and answer.

22        MR. THORN: If you understand. If you understand it, go ahead.

23                  **i.     Plaintiff's Contention**

24                       Defendant counsel's interruption and clarification is a disruption

25   of the deposition process and is used an opportunity by defendant's counsel to

26   coach the witness.  Counsel's interruption and coaching is in violation of Federal

27   Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

28   nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

1   use "speaking objections" to "coach" the deponent.  <u>Hall v. Clifton Precision, a Div.</u>

2   <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

3               ii.     **Defendant's Contention**

4               This is not improper.  There is no foundation for the question, as

5   Mr. Baumbach is not a witness with personal knowledge.  Nor is it inapproaite to tell

6   the witness he may answer the question if he can, and this exchange does not

7   account for the unrecorded dynamics of the deposition process.

8               rr.     <u>Page 87, Line 9 through Line 11</u>

9   Q.   Okay. And he wasn't running at that time, was he? I -- just to be clear?

10      MR. THORN: In the bathroom?

11              i.      **Plaintiff's Contention**

12              Defendant counsel's interruption and clarification is a disruption

13  of the deposition process and is used an opportunity by defendant's counsel to

14  coach the witness.  Counsel's interruption and coaching is in violation of Federal

15  Rules of Civil Procedure, Rule 30.

16              ii.     **Defendant's Contention**

17              Asking for clarification of two vague questions to avoid delay is

18  not improper.  What followed has not been provided for context.

19              ss.     <u>Page 89, Line 1 through Line 3</u>

20  Q.   Would you agree that you're not authorized to punish suspects who you take into

21  custody?

22      MR. THORN: If you know.

23              i.      **Plaintiff's Contention**

24              Defendant counsel's interruption and clarification is a disruption

25  of the deposition process and is used an opportunity by defendant's counsel to

26  coach the witness.  Counsel's interruption and coaching is in violation of Federal

27  Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

28  nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

1   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3           **ii.**   **Defendant's Contention**

4               The written record does not account for the dynamics of the

5   deposition process, and it is not improper to tell the witness to answer the question if

6   he knows.

7           **tt.**   **Page 89, Line 7 through Line 13**

8   Q.   In fact, it's your obligation and duty to protect them from being punished --

9   MR. THORN: Well, objection.

10   MR. BAUMBACH: Q. -- by you or other officers, correct?

11   MR. THORN: Calls for a legal conclusion. Don't answer that.

12           **i.**   **Plaintiff's Contention**

13               Defendant's counsel instructed the witness not to answer a

14   question which sought relevant information that is likely to lead to the discovery of

15   admissible information.  Counsel's instruction was improper and in violation of

16   Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

17   instruct a witness not to answer a question that is objected to usurps the Court's

18   power to rule on the objection.  It is not the prerogative of counsel, but of the Court

19   to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

20   oral examinations would be quickly reduced to an exasperated cycle of answerless

21   questions." Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

22   118 BR 776.

23           **ii.**   **Defendant's Contention**

24               This is an inappropriate request for a legal conclusion regarding

25   duty.  Pretrial detainees are not constitutionally protected from punishment before the

26   arrest is complete, and the arrest is analyzed under the Fourth and not Fourteenth

27   Amendment.  Such a question is not relevant to a Fourth Amendment claim, or any of

28   the other claims being advanced by Plaintiff.  They seek a protective order from

1    questions that call for a elgal conclusion without foundation or relevance to a pending

2    claim.

3        **uu.**    **Page 92, Line 17 through Page 94, Line 24**

4   Q.    All right. In the course of your functioning as a Paradise police officer, have you

5   been made aware, officially or unofficially, of any complaints or charges or discipline

6   meted out to other officers?

7       MR. THORN: Don't answer that question.

8       MR. BAUMBACH: Okay.

9       MR. THORN: I'm happy to go to the judge, Larry.

10      MR. BAUMBACH: Yeah, we will.

11      MR. THORN: Okay.

12      MR. BAUMBACH: We're going to go to the judge on these don't answer questions.

13      MR. THORN: Okay. And the work word product questions, too.

14      MR. BAUMBACH: Under federal rule, that's a dangerous area.

15      MR. THORN: It is on the work product area and not providing any discovery.

16      MR. BAUMBACH: Yeah, we will.

17      MR. THORN: If you want to give the other officers no notice and an opportunity to

18      be heard and get their own counsel, that's one thing.

19      MR. BAUMBACH: I didn't ask him the names of any other officers.

20      MR. THORN: Okay.

21      MR. BAUMBACH: Is that the basis of your objection?

22      MR. THORN: Yes. He's not going to answer any questions about any other

23      disciplinary matters.

24      MR. BAUMBACH: Let me review – let me restate my question.

25      MR. THORN: Okay.

26      MR. BAUMBACH: And listen to it carefully because I'm not asking him the names

27      of any officers.

28

1   Q:     Have you been made aware, officially or unofficially, of any complaints or charges

2   of discipline meted out against any other officers?  I don't want their names.  I want to

3   know whether or not you've been informed?

4          MR. THORN: Well, there's a difference between officially and unofficially. Did he --

5          unofficially, was he a participant in a disciplinary matter?

6          MR. BAUMBACH: Yeah, it doesn't matter.

7          MR. THORN: It does matter. It matters a whole lot, both under the law and if he

8          heard it as an unofficial matter or hearsay. Those are two separate  issues.

9          Officially is what you asked him, I understand, before and that, he can answer,

10         whether or not he's participated, and I'll let him do that. No particular matters or

11         officers without giving them notice.   Unofficially, you know, if you've heard hearsay

12         or something like that, then I think he can -- hasn't been concerned, so he's entitled

13         to that.  So which it? Officially first?

14         MR. BAUMBACH: Either. I'm trying to shortcut this question and not --

15         MR. THORN: Okay.

16         MR. BAUMBACH: Just the answer to the question is can be pretty brief.

17         MR. THORN: Which question?

18         MR. BAUMBACH: Q. Have you been made aware, officially or unofficially --

19         MR. THORN: That's two questions.

20                      i.    **Plaintiff's Contention**

21                              Defendant's counsel instructed the witness not to answer a

22         question which sought relevant information that is likely to lead to the discovery of

23         admissible information.  Counsel's instruction was improper and in violation of

24         Federal Rules of Civil Procedure, Rule 30(c)(2). "A counsel who presumes to

25         instruct a witness not to answer a question that is objected to usurps the Court's

26         power to rule on the objection.  It is not the prerogative of counsel, but of the Court

27         to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

28         oral examinations would be quickly reduced to an exasperated cycle of answerless

1    questions." Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

2    118 BR 776. Further, Defendant counsel's interruption and clarification is a

3    disruption of the deposition process and is used an opportunity by defendant's

4    counsel to coach the witness.  Counsel's interruption and coaching is in violation of

5    Federal Rules of Civil Procedure, Rule 30. "An objection must be stated concisely

6    and in a nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel

7    may not use "speaking objections" to "coach" the deponent.  Hall v. Clifton

8    Precision, a Div. of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

9                           **ii.    Defendant's Contention**

10                           This exchange was entirely proper.  Plaintiff is not entitled under

11    Rule 26 to any information re discipline and complaints about other officers. He has

12    not alleged a claim against any other officers or about any other officers. Deendants

13    eek a protective order fromt his line of questioning based upon the pervious analysis

14    of the nature of the case and factual contentions at the beginning of this statement.

15    Also, the delcartion fo Gerald Carrigan addresses this matter sufficiently too.

16                   **vv.**    **Page 95, Line 23 through Page 96, Line 3**

17    Q.    All right. Has the conduct or performance of other officers been used as examples

18    of good or bad performance?

19                   MR. THORN: Well, objection. Vague.

20                   THE WITNESS: I don't --

21                   MR. THORN: Let me finish.

22                   THE WITNESS: I apologize.

23                   MR. THORN: Incomplete hypothetical.

24                           **i.    Plaintiff's Contention**

25                           Defendant counsel's interruption and clarification is a disruption

26    of the deposition process and is used an opportunity by defendant's counsel to

27    coach the witness.  Counsel's interruption and coaching is in violation of Federal

28    Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a

1   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

2   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

3   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

4             **ii.**    **Defendant's Contention**

5           These are proper objections and not at all coaching.

6             **ww.**    **Page 96, Line 18 through Page 97, Line 8**

7   Q.   All right. Has the conduct or performance of any other officer been used as an

8   example of good or poor conduct of performance?

9       MR. THORN: Incomplete hypothetical, vague as to time.

10      THE WITNESS: As far as --

11      MR. THORN: Well, no, you don't have to qualify his questions.

12      THE WITNESS: Okay.

13      MR. THORN: If you don't understand his question, tell him. Make him do that.

14  That's his job.

15      THE WITNESS: Okay. Can you repeat the question one more time, please?

16      MR. BAUMBACH: Q. Has the conduct or performance of any other officer been

17  used as an example of good or poor conduct or performance?

18      MR. THORN: Same objections.

19              **i.**    **Plaintiff's Contention**

20          Defendant counsel's interruption and clarification is a disruption

21  of the deposition process and is used an opportunity by defendant's counsel to

22  coach the witness.  Counsel's interruption and coaching is in violation of Federal

23  Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

24  nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

25  use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

26  of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

27

28

1           **ii.**    **Defendant's Contention**

2                Same response. The same objections are proper and not

3 coaching. No toerh context has been provided either.

4           **xx.**    **Page 100, Line 22 through Line 24**

5 Q.    Okay. And do you have any contact with the City Council or members of the city

6 administration?

7     MR. THORN: On an official basis?

8           **i.**    **Plaintiff's Contention**

9                Defendant counsel's interruption and clarification is a disruption

10 of the deposition process and is used an opportunity by defendant's counsel to

11 coach the witness. Counsel's interruption and coaching is in violation of Federal

12 Rules of Civil Procedure, Rule 30.

13           **ii.**    **Defendant's Contention**

14                This is a request for clarification of capacity and not an

15 interference with the deposition process. Counsel is not a potted plant and is not

16 suggesting any answer here.

17           **yy.**    **Page 102, Line 8 through Line 24**

18 Q.    Okay. Have you ever reported another officer for violation of policy or laws? I don't

19 want to know a name.

20     MR. THORN: Well, I know, but he's got a First Amendment Right. You don't have to

21 answer that.

22     THE WITNESS: Okay.

23     MR. THORN: You don't have to answer that.

24     MR. BAUMBACH: So you're instructing him not to answer that question?

25     MR. THORN: I'm instructing him not to answer that on the grounds that it violates

26 his First Amendment right of petition, the petition to Government for redress, and it's

27 not relevant or reasonably calculated     to lead to the discovery of admissible

28 evidence in the case.

1    MR. BAUMBACH: Q. Would you ever do so, that is report another officer for

2    violation of the laws or policy?

3    MR. THORN: Well, don't speculate. If – would you hesitate, I mean, I –

4        **i.**  **Plaintiff's Contention**

5        Defendant's counsel instructed the witness not to answer a

6    question which sought relevant information that is likely to lead to the discovery of

7    admissible information.  Counsel's instruction was improper and in violation of

8    Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

9    instruct a witness not to answer a question that is objected to usurps the Court's

10   power to rule on the objection.  It is not the prerogative of counsel, but of the Court

11   to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

12   oral examinations would be quickly reduced to an exasperated cycle of answerless

13   questions." <u>Barton Business Park Association v. Alexander</u> (E.D. BK. Court 1990)

14   118 BR 776.  Further, "An objection must be stated concisely and in a

15   nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

16   use "speaking objections" to "coach" the deponent.  <u>Hall v. Clifton Precision, a Div.</u>

17   <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

18       **ii.**  **Defendant's Contention**

19       Again, this exchange is not given in full context and the

20   instruction is proper.  Plaintiff does not allege a claim that deponent failed to turn in

21   a fellow officer and every person has a right to petition the government for redress

22   without retaliation. Defendants seek protective order from this line of irrelevant

23   questioning outside the scope of permissible discovery.

24       **zz.**  **Page 103, Line 24 through Line 26**

25   Q. All right. Are you aware of any witnesses to the encounter with Mr. Funk?

26     MR. THORN: At what point in time?

27

28

1      i.      **Plaintiff's Contention**

2              Defendant counsel's interruption and clarification is a disruption

3      of the deposition process and is used an opportunity by defendant's counsel to

4      coach the witness.  Counsel's interruption and coaching is in violation of Federal

5      Rules of Civil Procedure, Rule 30.

6              ii.     **Defendant's Contention**

7              Request for clarification is not disruption or improper.

8              **aaa.    Page 106, Line 17 through Line 18**

9   Q.  Did Mr. Funk make any statements after his arrest?

10      MR. THORN: Say anything, you mean?

11             i.      **Plaintiff's Contention**

12             Defendant counsel's interruption and clarification is a disruption

13     of the deposition process and is used an opportunity by defendant's counsel to

14     coach the witness.  Counsel's interruption and coaching is in violation of Federal

15     Rules of Civil Procedure, Rule 30.

16             ii.     **Defendant's Contention**

17             Request for clarification is not improper.

18             **bbb.    Page 106, Line 23 through Page 107, Line 8**

19  Q.  What did he say?

20  A.  After his arrest, we talked about his item of i.d. being in his wallet. We had a

21  conversation -- I asked him -- we talked when I was searching his person outside the

22  bathroom about any property he may have with him. When we were going back to my car,

23  I discussed with him – there was some dialogue consisting with him wanting to know why

24  he was being searched and I explained to him that I take people's property out of their

25  pockets anytime they go into the back of my car, that kind of conversation, but as far as

26  specific words he may have said, I don't know.

27      MR. THORN: Was it recorded?

28

1                **i.**     **Plaintiff's Contention**

2                       Defendant counsel's interruption and clarification is a disruption

3 of the deposition process and is used an opportunity by defendant's counsel to

4 coach the witness.  Counsel's interruption and coaching is in violation of Federal

5 Rules of Civil Procedure, Rule 30.

6                 **ii.**     **Defendant's Contention**

7                       Asking for clarification is not improper but advances the process.

8 Nor is it coaching the witness because it is not suggesting the answer to a yes or no

9 question.

10             **ccc.**    **Page 107, Line 14 through Line 17**

11 Q.     Okay. His wife claimed that she -- that's where she found his hat. Did you ever see

12 it in the restroom?

13      MR. THORN: No foundation. It's okay. You can -- I'm just --

14                 **i.**     **Plaintiff's Contention**

15                       Defendant counsel's interruption and clarification is a disruption

16 of the deposition process and is used an opportunity by defendant's counsel to

17 coach the witness.  Counsel's interruption and coaching is in violation of Federal

18 Rules of Civil Procedure, Rule 30.

19                 **ii.**     **Defendant's Contention**

20                       The claim that "that's when she found his hat" lacks foundation

21 and the objection is not only proper, but is not at all suggestive of an answer to the

22 question.

23            **ddd.**    **Page 108, Line 14 through Page 109, Line 1**

24 Q.     All right. Did Mr. Funk ever tell you that he recognized you as a police officer before

25 you forcibly entered the restroom?

26      MR. THORN: Don't answer. That's argumentative, the word forcibly.

27      MR. BAUMBACH: How would you describe his entry?

28      MR. THORN: I'd describe it before you entered the restroom.

1    MR. BAUMBACH: Okay. I thought he said he forced the door. I mean, we're kind of

2    --

3    MR. THORN: He said he came right into it.

4    MR. BAUMBACH: And pushed his way in.

5    MR. THORN: Okay, whatever. Before you entered the restroom.

6              **i.      Plaintiff's Contention**

7              Defendant counsel's interruption and clarification is a disruption

8    of the deposition process and is used an opportunity by defendant's counsel to

9    coach the witness.  Counsel's interruption and coaching is in violation of Federal

10   Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a

11   nonargumentative and nonsuggestive manner." (FRCP 30(c)(2).  Counsel may not

12   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

13   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

14             **ii.     Defendant's Contention**

15             Preventing a misstatement of prior testimony is not improper and

16   in this exchange Mr. Baumbach agreed and rephrased his question.  No other

17   context is provided to suggest coaching.

18        **eee.   Page 109, Line 20 through Page 110, Line 18**

19   Q.   How -- with Mr. Funk moving away from you, how was either your safety or Mr.

20   Cooper's safety being threatened?

21   A.   Simple. I have a legal obligation to investigate what's going on. Therefore, I have a

22   legal obligation to control him, to find out and investigate further. In order for me to do that,

23   I have to close ground with him and I have to take physical control of him or verbal control

24   of

25   him or a combination of both, depending on his actions at the other end. I don't know why

26   he's running. You know, he's -- there's a potential risk to everyone else that that's -- and a

27   potential risk to myself, along with a potential risk to Mr. Funk, none of which I can answer

28   or have the answers to until the situation is controlled.

1    MR. THORN: I think he asked you a different question.

2    THE WITNESS: I'm sorry.

3    MR. THORN: He asked you what was the -- what was the -- what were the safety

4    issues, if I understood right.  Is that the right question?

5    MR. BAUMBACH: Well, no, I got -- I'm satisfied with the answer.

6    MR. THORN: Well, but he didn't give -- can I have last question read back, please?

7    (RECORD READ)

8    MR. THORN: You didn't answer that question.

9                    i.        **Plaintiff's Contention**

10                   Defendant counsel's interruption and clarification is a disruption

11   of the deposition process and is used an opportunity by defendant's counsel to

12   coach the witness.  Counsel's interruption and coaching is in violation of Federal

13   Rules of Civil Procedure, Rule 30.

14                   ii.       **Defendant's Contention**

15                   Ensuring that the witness answered the question asked and not

16   another question is not improper.  No other context has been provided. What this

17   motion has amounted to is a baseless, canned challenge to every instance where

18   Defendants' counsel spoke on the record.

19            fff.    **Page 111, Line 2 through Line 5**

20   Q.    Okay. Did you, on that occasion, hold the belief that a citizen has the right to avoid

21   contact with the police?

22            MR. THORN: On that occasion being what? What occasion?

23                    i.        **Plaintiff's Contention**

24                   Defendant counsel's interruption and clarification is a disruption

25   of the deposition process and is used an opportunity by defendant's counsel to

26   coach the witness.  Counsel's interruption and coaching is in violation of Federal

27   Rules of Civil Procedure, Rule 30.

28

1              **ii.**    **Defendant's Contention**

2                       Asking for clarification of a question is not improper.

3            **ggg.**  **Page 111, Line 8 through Line 10**

4  Q.   Did you hold the belief that a citizen had a right to avoid contact with the police?

5      MR. THORN: That's an incomplete hypothetical.

6              **i.**      **Plaintiff's Contention**

7                       Defendant counsel's interruption and clarification is a disruption

8 of the deposition process and is used an opportunity by defendant's counsel to

9 coach the witness.  Counsel's interruption and coaching is in violation of Federal

10 Rules of Civil Procedure, Rule 30.

11              **ii.**    **Defendant's Contention**

12                       This is an incomplete hypothetical, as citizens do not have the

13 right to avoid police when the police have grounds to stop and question them or

14 when police have grounds to arrest them.  Otherwise, this question is irrelevant

15 outside the context of the Fourth Amendment claim and standards.  It is not a

16 question that could be asked at trial.  See the next issue.

17           **hhh.**  **Page 111, Line 15 through Page 112, Line 7**

18  Q.   All right. Assuming the citizen is committing no law violation, do you believe he has

19 a right to avoid contact with the police?

20      MR. THORN: Incomplete hypothetical.

21      THE WITNESS: What it goes down to, sir, just like the question we talked about

22 before lunch, there is hundreds and hundreds of hypothetical circumstances you

23 could apply to any situation. If you give me more information on specifics and put it

24 into, you know – I mean, bring it down to this set of circumstances right here and

25 define those circumstances, I can answer that  question.  But you change one

26 minor circumstance, it changes the legality around it, it changes the decision

27 making, it changes -- it changes everything. With the way you ask   that question --

28      MR. THORN: Okay. You've answered.

1    THE WITNESS: I'm sorry?

2    MR. THORN: You've answered the question. You don't have to argue with him.

3                   i.      **Plaintiff's Contention**

4                          Defendant's counsel instructed the witness not to answer a

5    question which sought relevant information that is likely to lead to the discovery of

6    admissible information.  Counsel's instruction was improper and in violation of

7    Federal Rules of Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to

8    instruct a witness not to answer a question that is objected to usurps the Court's

9    power to rule on the objection.  It is not the prerogative of counsel, but of the Court

10   to rule on objections.  Indeed, if counsel were to rule on the propriety of questions,

11   oral examinations would be quickly reduced to an exasperated cycle of answerless

12   questions."  Barton Business Park Association v. Alexander (E.D. BK. Court 1990)

13   118 BR 776.  Further, "An objection must be stated concisely and in a

14   nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

15   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

16   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

17                  ii.     **Defendant's Contention**

18                         This is a situation that the record does not account for the

19   dynamics of the deposition, and the witness did answer the question and counsel can

20   tell him not to argue with opposing counsel.  No other context has been provided.

21                  iii.    **Page 112, Line 12 through Page 113, Line 15**

22   Q.    Okay. Did you -- on the night that this incident occurred, did you hold the believe

23   that a citizen who has not committed a crime has the right to ignore a police officer's

24   orders to stop?

25          MR. THORN: Objection. Incomplete hypothetical.

26          THE WITNESS: Read the question one more time please, sir?

27          MR. BAUMBACH: Read it back, please.

28          MR. THORN: Yeah, read it back. It's the same  question.

1    (RECORD READ)

2    MR. THORN: Question has been asked and answered several times. It's an

3    incomplete hypothetical.

4    MR. BAUMBACH: You can answer.

5    MR. THORN: One more time, you can answer.

6    THE WITNESS: Okay. Under the circumstances that are present --

7    MR. BAUMBACH: Q. I didn't ask you about under the circumstances that are

8    present.

9    MR. THORN: Okay. That's why he can't answer the question.

10    MR. BAUMBACH: Well, I asked you on the basis of the hypothetical that I gave

11 you.

12    MR. THORN: He can't answer.

13    MR. BAUMBACH: And he objected that it was an incomplete hypothetical.

14    However, he's allowing you to     answer the question, so --

15    MR. THORN: If he can.

16    MR. BAUMBACH: Can you answer that question?

17    MR. THORN: Without more --

18          **i.**     **Plaintiff's Contention**

19          Defendant counsel's interruption and clarification is a disruption

20  of the deposition process and is used an opportunity by defendant's counsel to

21  coach the witness.  Counsel's interruption and coaching is in violation of Federal

22  Rules of Civil Procedure, Rule 30.  "An objection must be stated concisely and in a

23  nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

24  use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

25  of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

26

27

28

1                    ii.      **Defendant's Contention**

2                              This is an incomplete exchange. There is nothing improper about

3        making sure the record is clear, and objections are stated, or in telling the witness to

4        answer the question if he can.

5                    jjj.     <u>Page 113, Line 26 through Page 114, Line 4</u>

6    Q.    Are there any answers that you've given me today that you can recall that you want

7    to revise or change?

8    A.    No, sir.

9          MR. THORN: Or supplement? We supplemented the training.

10                   i.      **Plaintiff's Contention**

11                            Defendant counsel's interruption and clarification is a disruption

12       of the deposition process and is used an opportunity by defendant's counsel to

13       coach the witness.  Counsel's interruption and coaching is in violation of Federal

14       Rules of Civil Procedure, Rule 30.

15                   ii.      **Defendant's Contention**

16                            Asking a follow up question to advance the process is not

17       improper.

18                   kkk.    <u>Page 116, Line 26 through Page 117, Line 2</u>

19   Q.    All right. So you didn't review either of those?

20   A.    No, sir.

21         MR. THORN: Any of them?

22                   i.      **Plaintiff's Contention**

23                            Defendant counsel's interruption and clarification is a disruption

24       of the deposition process and is used an opportunity by defendant's counsel to

25       coach the witness.  Counsel's interruption and coaching is in violation of Federal

26       Rules of Civil Procedure, Rule 30.

27

28

1             **ii.**    **Defendant's Contention**

2                  This is out of context and is a request for clarification.  There is

3 no suggestion to change the answer or answer the clarification question with a yes or

4 no.

5             **III.**    **Page 121, Line 22 through Page122, Line 23**

6 MR. THORN: Q. Do you recall Mr. Funk's testimony at the criminal trial?

7 A.   Yes, sir.

8 Q.   Do you recall Mr. Funk's testimony that he walked away from you at the criminal

9 trial?

10 A.   Yes, sir.

11 Q.   And he changed that at some point in the criminal trial didn't he?

12 A.   (Witness nods head.)

13 MR. BAUMBACH: Well, I'm going to object. That's leading.

14 MR. THORN: Q. That's okay. You can answer.

15 A.   Yes, sir.

16 Q.   And he changed it to, I believe, skipping, right?

17 MR. BAUMBACH: Objection, leading.

18 MR. THORN: Q. Correct?

19 A.   Yes.

20 Q.   And then, he went from skipping to walking fast, didn't he?

21 MR. BAUMBACH: Objection. Leading and argumentative.

22 THE WITNESS: Yes.

23 MR. THORN: And Mr. Funk also claimed that you broke his arm or hurt his elbow

24 at the criminal trial, didn't he?

25 MR. BAUMBACH: Objection. Leading and argumentative.

26             **i.**    **Plaintiff's Contention**

27                  Defendant counsel's interruption and clarification is a disruption

28 of the deposition process and is used an opportunity by defendant's counsel to

1   coach the witness.  Counsel's interruption and coaching is in violation of Federal

2   Rules of Civil Procedure, Rule 30.

3               **ii.    Defendant's Contention**

4                         This was counsel's opportunity to ask questions and this motion

5   is frivolous.  THe objection will be ruled on at the time of trial if necessary.

6   **G.    DEPOSITION OF DEFENDANT COOPER**

7        **1.    Page 11, Line 19 through Page 13, Line 10**

8   Q.   Have you been the subject of any disciplinary actions since you joined the force?

9        MR. THORN: I think the same objections we had yesterday, Larry, the same offer,

10       that we'll let you come in and look at the disciplinary file, but we don't want it as a

11       matter of public record, and it will be as with Officer Pickering, proposing a

12       protective order. But in regard to excessive force I      will allow him to answer the

13       excessive force question based on your excessive force claim same as yesterday.

14       MR. BAUMBACH: And you're instructing him not to answer the question whether or

15       not he's been the subject of any disciplinary actions?

16       MR. THORN: Yes.

17       MR. BAUMBACH: All right. And is that to preserve some sort of privilege?

18       MR. THORN: Yes.

19       MR. BAUMBACH: What privilege is that?

20       MR. THORN: The privilege of privacy as a peace officer.

21       MR. BAUMBACH: Under California law?

22       MR. THORN: Under both.

23       MR. BAUMBACH: Under both what?

24       MR. THORN: Well, I'm not going to argue with you on the law. I've instructed him.

25       What's your question?

26       MR. BAUMBACH: Well, the rules require that you --

27       MR. THORN: You didn't want to do that yesterday. I stated it's a privilege of

28   privacy.

1    MR. BAUMBACH: Okay.

2    MR. THORN: And he's a peace officer.

3    MR. BAUMBACH: I don't think any amount of discussion on our part is going to

4    change your mind on this subject, is it?

5    MR. THORN: No, it's not. I've offered you the protective order you said you'd agree

6    to that yesterday with Pickering, so that's on the record. I assume that you're

7    agreeable with that on Cooper. If not then I made the offer to let you come look at it

8    and we can sort it out that way.

9            a.      **Plaintiff's Contention**

10                   Defendant's counsel instructed the witness not to answer a question

11   which sought relevant information that is likely to lead to the discovery of admissible

12   information. Counsel's instruction was improper and in violation of Federal Rules of

13   Civil Procedure, Rule 30(c)(2). "A counsel who presumes to instruct a witness not

14   to answer a question that is objected to usurps the Court's power to rule on the

15   objection. It is not the prerogative of counsel, but of the Court to rule on objections.

16   Indeed, if counsel were to rule on the propriety of questions, oral examinations

17   would be quickly reduced to an exasperated cycle of answerless questions."

18   Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

19           b.      **Defendant's Contention**

20                   This is the same line of questions of Officer Cooper for which he seeks

21   protection sought by Officer Pickering and discussed above.

22   **2.      Page 13, Line 19 through Page 15, Line 26**

23   Q. Anyone besides Mr. Funk?

24   MR. THORN: You can answer the question, but not identify the complainant.

25   THE WITNESS: Yes.

26   MR. BAUMBACH: And what was the nature of that complaint?

27   THE WITNESS: Unreasonable arrest, or force used to effect an arrest.

28   MR. BAUMBACH: And who was the person that complained?

1  MR. THORN: Don't answer that. That person has a right to privacy and protection

2  under the 1st Amendment right to petition the government for redress, and I think

3  we're going to need a protective order on that too.

4  MR. BAUMBACH: What was the form of the citizen's complaint.

5  THE WITNESS: I don't believe the arrestee actually made a complaint. I just know

6  that there was an IA on the matter, I guess.

7  MR. THORN: Wait a minute. Are you -- he asked you if the citizen had filed a

8  complaint, and you're saying the citizen did not, the arrestee did not file a

9  complaint?

10  THE WITNESS: That's correct.

11  MR. THORN: So listen to his question carefully.

12  THE WITNESS: I'm sorry, I thought I understood it.

13  MR. BAUMBACH: Who filed the complaint?

14  MR. THORN: If anyone. Well, he can't answer that question, they have a right to

15  privacy, and the nondisclosure of their name. But you can tell him whether it was a

16  citizen, if a citizen filed a complaint.

17  THE WITNESS: A citizen.

18  MR. BAUMBACH: I want the record to reflect that counsel is sitting to the left of the

19  witness, that he's placing his hand in front of the witness as though instructing him

20  to not answer the question before the questions are stated, and that he is coaching

21  the witness.

22  MR. THORN: You're entitled to your opinion, and that is not the case.

23  MR. BAUMBACH: I'm making a record, counsel.

24  MR. THORN: You're interrupting me too, counsel. For the record that is my

25  common way of telling the witness not to talk until I'm done by putting my hand in

26  front of him, and I will continue that. That's a perfectly acceptable practice.

27  MR. BAUMBACH: Well, as you should know, under the rules you are not allowed to

28  do that in Court and you are not allowed to do that in deposition.

1  MR. THORN: Do you have authority for that?

2  MR. BAUMBACH: I certainly do, and you'll be   reading about it.

3  MR. THORN: All right.

4  MR. BAUMBACH: Now you said that there was someone you arrested who made a

5  complaint, and then there was an Internal Affairs investigation of that complaint.

6  MR. THORN: Misstates his testimony.

7  THE WITNESS: Can I?

8  MR. BAUMBACH: Yes, you can answer.

9  MR. THORN: You can answer it if it's a proper question and you understand it.

10      a.    **Plaintiff's Contention**

11      "An objection must be stated concisely and in a nonargumentative

12  and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not use "speaking

13  objections" to "coach" the deponent. Hall v. Clifton Precision, a Div. of Litton

14  Systems, Inc. (ED PA 1993) 150 FRD 525, 530. Further, Defendant's counsel

15  instructed the witness not to answer a question which sought relevant information

16  that is likely to lead to the discovery of admissible information. Counsel's

17  instruction was improper and in violation of Federal Rules of Civil Procedure, Rule

18  30(c)(2). "A counsel who presumes to instruct a witness not to answer a question

19  that is objected to usurps the Court's power to rule on the objection. It is not the

20  prerogative of counsel, but of the Court to rule on objections. Indeed, if counsel

21  were to rule on the propriety of questions, oral examinations would be quickly

22  reduced to an exasperated cycle of answerless questions." Barton Business Park

23  Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

24      b.    **Defendant's Contention**

25      This is not a full exchange either and there is nothing improper about

26  making sure the record is clear. It is the same issue with counsel's use of his hand to

27  signal th witness to be qwuite until objections have been stated and there is not a

28  single statue or case that prohibits that common technique for maintain a clear

1  record.  Again, the line of questioning is not within the scope of the claims asserted

2  by Plaintiff as previously demonstrated.

3     **3.     Page 35, Line 2 through Line 24**

4  Q.  You saw -- when you saw Mr. Funk, were you able to determine whether or not he

5  matched the description that you had gotten of the teenage vandals?

6     MR. THORN: He didn't -- misstates his testimony.  He didn't testify --

7     MR. BAUMBACH: Let's go back.

8     MR. THORN: -- he had a description of any vandal.

9     MR. BAUMBACH: Did you get a description of the teenagers before you arrived at

10    Stratton's Market?

11    MR. THORN: Asked and answered.

12    MR. BAUMBACH: You said he didn't get a description.

13    MR. THORN: He didn't get a description of teenage --

14    MR. BAUMBACH: I don't want to argue about it.

15    THE WITNESS: You know, I feel more comfortable looking at my -- at the audio

16    recorded dispatch to know exactly what they described. At this time I don't recall.

17    MR. BAUMBACH: That's fine.

18    MR. THORN: It's going to be on Cooper's.

19    MR. BAUMBACH: Yeah, I'm trying to see.

20    MR. THORN: At the top in the box under Paradise Police it should say audio

21    recording transcript.

22        **a.     Plaintiff's Contention**

23           Defendant counsel's interruption and clarification is a disruption of the

24    deposition process and is used an opportunity by defendant's counsel to coach the

25    witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

26    Procedure, Rule 30.  "An objection must be stated concisely and in a

27    nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

28

1    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3        **b.    Defendant's Contention**

4            Mr. Baumbach has adopted a story that the officers were told the

5    suspects were teenagers when it simply is not true.  He knows it is not true, as he

6    has the 911 call and dispatch tapes and transcripts.  To ask a question that one

7    knows to be without foundation is clearly not proper.  Counsel is protecting the record

8    against such tactics and that is not improper.  Counsel is not limited to stating

9    objections at a deposition.  Protection is sought from this tactic and line of questions,

10   as the line of questions is not within the scope of the claims being advanced by

11   Plaintiff as previously demonstrated.

12   **4.    Page 37, Line 5 through Line 6**

13   Q.  Where was he when you saw him the second time.

14       MR. THORN: Asked and answered but --

15       **a.    Plaintiff's Contention**

16           Defendant's counsel instructed the witness not to answer a question

17   which sought relevant information that is likely to lead to the discovery of admissible

18   information.  Counsel's instruction was improper and in violation of Federal Rules of

19   Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

20   to answer a question that is objected to usurps the Court's power to rule on the

21   objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

22   Indeed, if counsel were to rule on the propriety of questions, oral examinations

23   would be quickly reduced to an exasperated cycle of answerless questions."

24   Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

25       **b.    Defendant's Contention**

26           Asked and answered is not an improper objection.

27

28

1    **5.    Page 39, Line 3 through Page 40, Line 18**

2   Q.    So, did you attempt to identify who the unknowns were since they probably -- since

3   you regarded them as a potential threat?

4         MR. THORN: Vague.

5         MR. BAUMBACH: May the record reflect that once again counsel is holding his

6         hand in front of the witness as though to prevent the witness from    testifying.

7         MR. THORN: I am preventing the witness from testifying before I put my objection

8         on the record, which is why I have my hand in front of the witness.

9         MR. BAUMBACH: You are not allowed to do that in Court, counsel.

10        MR. THORN: I'm allowed to do it here.

11        MR. BAUMBACH: You are not allowed to do it in deposition.

12        MR. THORN: I am allowed to do it here, and I'm allowed to do it in Court, I'm

13        allowed to notify the witness not to speak until I get my objection on the record.

14        Whether you like it or not counsel, I'm sorry.  You're question is vague as to time,

15        lacks foundation, assumes facts not in evidence, is argumentative.

16        MR. BAUMBACH: Is it fair to say that --

17        MR. THORN: Are you withdrawing that question?

18        MR. BAUMBACH: I'm move on. Is it fair to say that as to the shadowy figures that

19        you -- once again for the record I would note that counsel has his hand in front of

20        the witness. I haven't even finished my question.

21        MR. THORN: Noted.

22        MR. BAUMBACH: Would it be fair to state that as to the shadowy figures that you

23        passed by, you made no attempt to identify who they were?

24        MR. THORN: Vague AS to time.

25        MR. BAUMBACH: At any time.

26        THE WITNESS: I can answer?

27        MR. BAUMBACH: Yes.

28        MR. THORN: Yes.

1   THE WITNESS: This is -- this incident is occurring second by second. A lot is

2   happening all at once, and that did not seem to be the appropriate time to break

3   from Officer Pickering and contact these subjects and identify them, so no, I did not

4   at that time.

5   MR. THORN: He said at any time, not at that time.

6           a.      **Plaintiff's Contention**

7           Defendant counsel's interruption and clarification is a disruption of the

8   deposition process and is used an opportunity by defendant's counsel to coach the

9   witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

10  Procedure, Rule 30.  "An objection must be stated concisely and in a

11  nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

12  use "speaking objections" to "coach" the deponent.  <u>Hall v. Clifton Precision, a Div.</u>

13  <u>of Litton Systems, Inc.</u> (ED PA 1993) 150 FRD 525, 530.

14          b.      **Defendant's Contention**

15          This is more quipping about the use of counsel's hand and the

16  objections are otherwise proper and not coaching.  No other context is provided.

17  **6.    Page 41, Line 4 through Line 9**

18  Q.  Okay. Do you know how many people were present at Stratton's, the barn behind

19  Stratton's Market on that evening?

20  MR. THORN: Does he know now, or did you know then?

21  MR. BAUMBACH: Did you know then?

22          a.      **Plaintiff's Contention**

23          Defendant counsel's interruption and clarification is a disruption of the

24  deposition process and is used an opportunity by defendant's counsel to coach the

25  witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

26  Procedure, Rule 30.

27          b.      **Defendant's Contention**

28          Asking for clarification and getting it is not improper.

**7.     Page 41, Line 14 through Line 20**

Q.   As you followed Pickering around the southeast corner --

MR. THORN: Northeast.

MR. BAUMBACH: The northeast corner of the barn, did you -- when was the first time that you determined that Mr. Funk was an older person rather than a juvenile?

MR. THORN: Vague.

       **a.     Plaintiff's Contention**

          Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30.

       **b.     Defendant's Contention**

          This is a proper objection and no suggestion of coaching has been provided.

**8.     Page 42, Line 3 through Line 22**

Q.   And after you did that how long was it before you realized he wasn't a juvenile?

A.   I won't -- I don't recall making a determination at that time that this was an adult or a juvenile. That wasn't my focus.

MR. THORN: No, he said when did you make that determination.

THE WITNESS: In the bathroom, I suppose, is when I would say I was absolutely a hundred percent certain this was not a juvenile, it was a man between 45 and 50 as I estimated. That was the best look I got at him at that time.

MR. BAUMBACH: Did you ever reach a conclusion before Mr. Funk was handcuffed that Mr. Funk probably wasn't a tagger?

THE WITNESS: No.

MR. BAUMBACH: So you continued with your belief that you probably had custody of a tagger?

MR. THORN: Well, that misrepresents his testimony. He didn't testify to that.

1

    **a.**   **Plaintiff's Contention**

2            Defendant counsel's interruption and clarification is a disruption of the

3    deposition process and is used an opportunity by defendant's counsel to coach the

4    witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

5    Procedure, Rule 30.  "An objection must be stated concisely and in a

6    nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

7    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

8    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

9

    **b.**   **Defendant's Contention**

10          There is nothing improer about these exchanges seeking clarification,

11    seeking to make sure the witness answered the question asked, and stating

12    objections.

13    **9.**   **Page 43, Line 5 through Line 6**

14  Q.  Did you see him to be possessing anything in his hands?

15    MR. THORN: At any time.

16    **a.**   **Plaintiff's Contention**

17          Defendant counsel's interruption and clarification is a disruption of the

18    deposition process and is used an opportunity by defendant's counsel to coach the

19    witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

20    Procedure, Rule 30.

21    **b.**   **Defendant's Contention**

22          Requesting clarification is not improper, and no other context has been

23    provided.

24    **10.**   **Page 44, Line 19 through Page 45, Line 9**

25  Q.  And what was that probable cause?

26  A.  In good faith I believed Officer Pickering had good reason to contact this individual,

27  knowing that the individual --

28  Q.  Let me stop you.

1    MR. THORN: Let him finish his questions.

2    MR. BAUMBACH: Let me stop you there.

3    MR. THORN: No, he is entitled to finish, make a record of the question. I want him

4    to finish his answer please.

5    MR. BAUMBACH: He's not answering --

6    MR. THORN: You're interfering with the deposition process.

7    MR. BAUMBACH: As are you.

8    MR. THORN: Don't answer his question. Mr. Court reporter may I have that

9    question read back please, the last question.

10              **a.    Plaintiff's Contention**

11              Defendant's counsel instructed the witness not to answer a question

12   which sought relevant information that is likely to lead to the discovery of admissible

13   information.  Counsel's instruction was improper and in violation of Federal Rules of

14   Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

15   to answer a question that is objected to usurps the Court's power to rule on the

16   objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

17   Indeed, if counsel were to rule on the propriety of questions, oral examinations

18   would be quickly reduced to an exasperated cycle of answerless questions."

19   Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

20   Further, Defendant counsel's interruption and clarification is a disruption of the

21   deposition process and is used an opportunity by defendant's counsel to coach the

22   witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

23   Procedure, Rule 30.

24              **b.    Defendant's Contention**

25              I is not improper to allow the witness to finish an answer before being

26   interrupted by opposing counsel.  The only thing inappropriate was for opposing

27   counsel to ask a question and then interrupt the witness when he did not like the

28

1   answer.  Asking the witness not to answer until the question is read back is not

2   improper either.

3   **11.   Page 46, Line 3 through Line 6**

4   Q.   So, without good faith in Pickering's belief you do not have a complete belief on

5   your own?

6    MR. THORN: Misstates his testimony, argumentative.

7     **a.   Plaintiff's Contention**

8     Defendant counsel's interruption and clarification is a disruption of the

9   deposition process and is used an opportunity by defendant's counsel to coach the

10   witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

11   Procedure, Rule 30.

12     **b.   Defendant's Contention**

13     These objection are properly asserted and there is no other context

14   provided to establish coaching.

15   **12.   Page 46, Line 17 through Line 23**

16   Q.   Well, let me narrow it down a little bit. You now hold the belief that a person running

17   away from the police is probable cause to believe that person has committed a crime?

18    MR. THORN: Incomplete hypothetical. Slow down and give me a chance to object. I

19   know you're anxious to answer.

20     **a.   Plaintiff's Contention**

21     Defendant counsel's interruption and clarification is a disruption of the

22   deposition process and is used an opportunity by defendant's counsel to coach the

23   witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

24   Procedure, Rule 30.

25     **b.   Defendant's Contention**

26     This is a proper objection and instruction.  It demonstrates why the use

27   of the hand to signal the witness to wait before answering is necessary and proper in

28   making a clear record.

**13.** <u>**Page 49, Line 1 through Line 5**</u>

Q.    And in the process of you and Pickering getting your control holds on Mr. Funk, he had a bowel movement in his pants; correct?

MR. THORN: Well, foundation as to when it occurred.

      **a.**    <u>**Plaintiff's Contention**</u>

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30.

      **b.**    <u>**Defendant's Contention**</u>

This is a proper objection and not suggestive of an answer.

**14.** <u>**Page 50, Line 10 through Line 21**</u>

Q.    Is it fair to say --

MR. THORN: Were you done with your answer?

      **a.**    <u>**Plaintiff's Contention**</u>

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30.

      **b.**    <u>**Defendant's Contention**</u>

Making sure a witness is not interrupted before completing an answer is not improper.

**15.** <u>**Page 51, Line 26 through Page 52, Line 19**</u>

Q.    And how did you determine, if you did, that Mr. Funk was incapable of looking after his own safety?

MR. THORN: Well, misstates his testimony.

1   THE WITNESS: I believe that determination was made by Officer Pickering. I did

2   make observations of outward symptomology consistent with alcohol consumption

3   of Mr. Funk.

4   MR. BAUMBACH: In your report when you saw -- well, is it your belief that the

5   offense of public intoxication is simply having consumed some alcohol?

6   MR. THORN: Misstates his testimony.

7   THE WITNESS: No, sir.

8   MR. BAUMBACH: All right. It requires that the individual not be able to look after

9   themselves?

10   MR. THORN: Well --

11   MR. BAUMBACH: In part; correct?

12   THE WITNESS: In part.

13   MR. THORN: Thinking about that, I move to strike that, it requires a legal

14   conclusion, that's an inaccurate characterization of the law.

15          a.     **Plaintiff's Contention**

16                 Defendant counsel's interruption and clarification is a disruption of the

17   deposition process and is used an opportunity by defendant's counsel to coach the

18   witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil

19   Procedure, Rule 30.

20          b.     **Defendant's Contention**

21                 There is nothing improper in this exchange and certainly no coaching

22   claim can be made out here.

23   **16.    Page 52, Line 24 through Page 54, Line 2**

24   Q.   No, I know. What I'm trying to do is get your understanding of it rather than what the

25   Penal Code says. I can read that for myself. Did you ever put in writing any observations

26   you made that Mr. Funk was doing anything other than running; such as staggering,

27   tripping, falling, anything like that, running in a crooked line, anything like that?

28          MR. THORN: Well --

1    MR. BAUMBACH: Did you make any such observations.

2    MR. THORN: Well, that's two different questions.  You're asking him did he put it in

3    his report now, or asking him did he observe it?

4    MR. BAUMBACH: I'll break it down. Did you make any such observations -- let me

5    break it down even further. Did you make any observations that Mr. Funk was

6    staggering as he was running?

7    THE WITNESS: I don't recall.

8    MR. BAUMBACH: All right. We have a copy of your report here. Do you recall

9    putting anything like that in your report?

10   THE WITNESS: I would need to review it to be certain, sir.

11   MR. THORN: He's going to get that for you. I think it's attached.

12   MR. BAUMBACH: I think it's right here, yeah.  I'll show you Exhibit 15 and ask you

13   to identify that document.

14   MR. THORN: I've seen it.

15   THE WITNESS: This is my supplemental report.

16   MR. THORN: Make sure it's all of it. Go through and make sure it's all of it, I'm sure

17   it is.

18   **a.    Plaintiff's Contention**

19   Defendant counsel's interruption and clarification is a disruption of the

20   deposition process and is used an opportunity by defendant's counsel to coach the

21   witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

22   Procedure, Rule 30.  "An objection must be stated concisely and in a

23   nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

24   use "speaking objections" to "coach" the deponent. Hall v. Clifton Precision, a Div.

25   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

26   **b.    Defendant's Contention**

27   Making sure only one question is asked at a time is proper and making

28   sure the complete exhibit is before the witness is proper.

**17.    Page 55, Line 5 through Page 56, Line 10**

Q.    Now Mr. Funk testified at trial that his movements on that night were a sudden

urgency to use the restroom because his bowels were out of control and he had to get to

the bathroom. Did you see him do anything that was inconsistent with that statement?

MR. THORN: Foundation, assumes facts not in evidence.

THE WITNESS: Yes, sir.

MR. BAUMBACH: What did you see him do?

THE WITNESS: He ran into the stall ignoring Officer Pickering's demand, and then

attempted to prevent Officer Pickering from entering. That appeared to me

consistent with someone trying to avoid police contact more so than using a

bathroom facility, which I didn't realize that's what we were running into.

MR. BAUMBACH: Did you see Mr. Funk block the door?

THE WITNESS: I saw officer -- Mr. Funk would have been on the other side, so I

guess I can't say I saw him at that point.

MR. BAUMBACH: You're assuming that he tried to block the door.

MR. THORN: Well, deducing.

THE WITNESS: I would say deducing would be a more operative word.

MR. BAUMBACH: Is that your testimony or your attorney's testimony?

THE WITNESS: I like that word. I can use another if you like, assume certainly isn't

something I would have agreed with. That was what I reasoned.

MR. THORN: I was talking to -- I didn't mean to give you the word -- I was talking to

counsel.

        a.    **Plaintiff's Contention**

                Defendant counsel's interruption and clarification is a disruption of the

deposition process and is used an opportunity by defendant's counsel to coach the

witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

Procedure, Rule 30.  "An objection must be stated concisely and in a

nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

1    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3          **b.**    **Defendant's Contention**

4            Asking for counsel to clarify is not improper.  The witness said he would

5    not have assumed as stated in the question and was therefore not coached.

6      **18.**    **Page 57, Line 2 through Line 5**

7 Q.    When you rounded the northeast corner of the barn, could you clearly hear that

8 music was coming from the barn.

9 A. No.

10      MR. THORN: Asked and answered.

11          **a.**    **Plaintiff's Contention**

12            Defendant counsel's interruption and clarification is a disruption of the

13 deposition process and is used an opportunity by defendant's counsel to coach the

14 witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

15 Procedure, Rule 30.

16          **b.**    **Defendant's Contention**

17            There is nothing improper about this exchange after the witness

18 answered the question, again

19      **19.**    **Page 58, Line 20 through Line 21**

20 Q.    And it's a joint stressing move; correct?

21      MR. THORN: Calls for an expert opinion.

22          **a.**    **Plaintiff's Contention**

23            Defendant's counsel instructed the witness not to answer a question

24 which sought relevant information that is likely to lead to the discovery of admissible

25 information.  Counsel's instruction was improper and in violation of Federal Rules of

26 Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

27 to answer a question that is objected to usurps the Court's power to rule on the

28 objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

1 | Indeed, if counsel were to rule on the propriety of questions, oral examinations

2 | would be quickly reduced to an exasperated cycle of answerless questions."

3 | <u>Barton Business Park Association v. Alexander</u> (E.D. BK. Court 1990) 118 BR 776.

4 | Further, Defendant counsel's interruption and clarification is a disruption of the

5 | deposition process and is used an opportunity by defendant's counsel to coach the

6 | witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

7 | Procedure, Rule 30.

8 |     **b.**  **Defendant's Contention**

9 |     This is a proper objection and not a disrptuion.

10 |   **20.**  <u>**Page 59, Line 21 through Page 64, Line 10**</u>

11 | Q.  You were taught that, that you can break bones if you apply them with enough

12 | force.

13 |   <u>MR. THORN</u>: The one that he applied to Mr. Funk or any of them?

14 |   <u>MR. BAUMBACH</u>: In general in your training are you taught that you can break

15 | bones with the control holds?

16 |   <u>THE WITNESS</u>: I'm taught that if the control holds are improperly applied that they

17 | can cause --

18 |   <u>MR. BAUMBACH</u>: Assuming that Mr. Funk suffered a fracture of his arm, are you

19 | stating here today that you improperly applied any of the controls holds.

20 |   <u>MR. THORN</u>: Mischaracterizes his testimony.

21 |   <u>THE WITNESS</u>: Well, two things. I'm not comfortable assuming that he suffered

22 | that, and secondly I don't believe I improperly applied any of the control holds used.

23 |   <u>MR. BAUMBACH</u>: Assuming that he did suffer a broken bone, do you know how

24 | that happened?

25 |   <u>THE WITNESS</u>: Again I'm not comfortable with assuming that.

26 |   <u>MR. BAUMBACH</u>: Well, I don't care whether you're comfortable assuming it or not, I

27 | just want you to assume it and then ask you whether or not you understand how

28 | that could have happened.

1     MR. THORN: And if there's not enough information for you there, then you don't

2     have to answer the question.

3     MR. BAUMBACH: Counsel, please.

4     MR. THORN: You can't just ask him --

5     MR. BAUMBACH: Yes, I can. That's not an objection. You are required to succinctly

6     state your objection and not instruct the witness on how to answer the question.

7     You're trespassing on the rules and --

8     MR. THORN: I've got deposition transcripts from you when your client's -- this is

9     typical deposition -- there's nothing that I'm coaching, I'm telling the witness if he

10     doesn't understand your question, just like you did at the beginning. I'm reminding

11     him of your instructions.  That is not improper at all, especially when you're asking

12     an improper question.

13     MR. BAUMBACH: All right. Do you have an objection to state for the record?

14     MR. THORN: I've stated it.

15     MR. BAUMBACH: Okay. Do you believe that anything you did in that restroom to

16     gain control of Mr. Funk caused an injury to him in the form of a broken    bone?

17     THE WITNESS: No.

18     MR. BAUMBACH: Please describe for me what holds you used on him, and their

19     technical names please.

20     MR. THORN: Asked and answered.

21     THE WITNESS: I used a twist lock control hold which involves rotating the hand

22     outward as such, I guess I could describe my arm as being somewhat of a crescent

23     shape with the hand palm facing outward, and on his right hand I used a wrist lock

24     control hold which haves basically the fingers pointing upwards with the wrist

25     resting against the small of the back.

26     MR. THORN: Let the record reflect that the witness was trying to demonstrate the

27     movement of the arm and the wrist from his front to his back as he was giving that

28     answer.

1     MR. BAUMBACH: At any time toward -- during the time you were using these holds

2     on Mr. Funk, did Mr. Funk express any reaction of pain?

3     THE WITNESS: I'm not -- I know that he said the word ow in the facility. I don't

4     know if that's when I was applying the twist lock.

5     MR. BAUMBACH: What reasons did you have for going into the restroom with Mr.

6     Pickering and Mr. Funk?

7     MR. THORN: Asked and answered.

8     THE WITNESS: To protect the safety of my partner.  I knew he was going in there, I

9     knew Mr. Funk was in there, the subject he was chasing was in there.  Again not

10    knowing what weapons the subject had, guns, knives, et cetera, and not knowing

11    what was  going to transpire or all reasons why he may have been running from the

12    officer, I felt there was a serious officer safety issue in there, and I did not wish to

13    leave my partner alone to deal with that in this structure that they had run into.

14    MR. BAUMBACH: Did you ever -- did Mr. Pickering ever tell you why he followed

15    Funk into that room?

16    THE WITNESS: We had some dialogue at a later time about what some of his

17    observations were, and I would need to look at my audio recorded transcript to be

18    certain of what that was exactly.

19    MR. BAUMBACH: Well, I'm asking what you remember about any dialogue you had

20    with Pickering after the incident and he telling you why he went into that room.

21    MR. THORN: If he told you is what the question was, right; did he tell you is the way

22    I understood the question.

23    MR. BAUMBACH: Well I think his answer was that yes they had a dialogue about it

24    so, what is your recollection?

25    THE WITNESS: I recall Officer Pickering and I had some dialogue. Again I don't

26    recall exactly what  that was, but I could refresh my memory by looking at my audio

27    reported transcript.

28

1    MR. BAUMBACH: But as you sit here now you have no recollection of it; is that

2  right?

3    MR. THORN: Independent recollection.

4    THE WITNESS: Yeah, I don't have any exact recollection. I wouldn't feel

5    comfortable trying to recall.

6    MR. BAUMBACH: Go ahead and look at your transcript.

7    THE WITNESS: Okay. Officer Pickering did tell me at a later time that we were --

8    that he recalled us talking about another or other individuals besides the three we

9    contacted, and he had seen Mr. Funk    along the east side of the building, and he

10    also    mentioned he'd seen -- after he shined the        flashlight on him and

11    identified himself, that the subject began the staggering away north.

12    MR. BAUMBACH: Anything else that he told you that you can recall?

13    THE WITNESS: I can read it verbatim here if you'd like.

14    MR. BAUMBACH: Well --

15    MR. THORN: Make sure that -- I think he's saying is there anything other than what

16    you've just described later in the transcript or otherwise.

17          **a.    Plaintiff's Contention**

18          Defendant's counsel instructed the witness not to answer a question

19    which sought relevant information that is likely to lead to the discovery of admissible

20    information.  Counsel's instruction was improper and in violation of Federal Rules of

21    Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

22    to answer a question that is objected to usurps the Court's power to rule on the

23    objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

24    Indeed, if counsel were to rule on the propriety of questions, oral examinations

25    would be quickly reduced to an exasperated cycle of answerless questions."

26    Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

27    Further, Defendant counsel's interruption and clarification is a disruption of the

28    deposition process and is used an opportunity by defendant's counsel to coach the

1    witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

2    Procedure, Rule 30.  "An objection must be stated concisely and in a

3    nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

4    use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

5    of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

6              **b.     Defendant's Contention**

7                    There is nothing improper here.  It is yet another example of just pulling

8    testimony of exchanges between counsel and claiming disruption.

9         **21.    Page 65, Line 1 through Page 66, Line 2**

10   Q.   Well, when Mr. Funk was being arrested, he was arrested not for any crime that

11   he'd committed on the east side of the barn, was he, that you are aware of?

12             MR. THORN: Misrepresents his testimony, grossly misrepresents the testimony.

13             And it's an improper question.

14        THE WITNESS: Can you ask it again, sir.

15        MR. THORN: You're intentionally trying to deceive a witness by misstating --

16        MR. BAUMBACH: That's testimony and it's not an objection. It's not a form of any

17        objection that I'm familiar with.

18        MR. THORN: And I know you are not familiar with many objections, but it's an

19        improper question,  you're trying to deceive the witness, it's not fairly presented

20        based upon the testimony of the witness here today, and the obligation of an Officer

21        of the Court is to seek the truth, not to trick the witness. That's my objection.

22        MR. BAUMBACH: What evidence --

23        MR. THORN: Let the record reflect that counsel is laughing at that statement.

24        MR. BAUMBACH: Well, I find it peculiar that you would have to first of all accuse

25        me of not understanding objections.

26        MR.THORN: I didn't accuse you of that. You hadn't heard of them, you mentioned

27        several times I haven't heard of them. I mean they are pretty common when you

28        litigate.

1           **a.**    **Plaintiff's Contention**

2              Defendant counsel's interruption and clarification is a disruption of the

3 deposition process and is used an opportunity by defendant's counsel to coach the

4 witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

5 Procedure, Rule 30.

6           **b.**    **Defendant's Contention**

7              This is not an improper exchange or coaching.  No oterh context is

8 provided.

9     **22.**    **Page 66, Line 19 through Page 68, Line 24**

10 Q.   So you're saying that in itself can be a crime?

11     MR. THORN: Misstates his testimony.

12     THE WITNESS: No, sir, that's not what I'm saying.

13     MR. BAUMBACH: Well, I think we have a record.

14     MR. THORN: A good one.

15     THE WITNESS: I can elaborate further --

16     MR. THORN: You don't need to elaborate.

17     MR. BAUMBACH: Do you care to elaborate on your answer?

18     MR. THORN: Do you care to, that means you have a choice yes or no.

19     THE WITNESS: No.

20     MR. BAUMBACH: Will you elaborate on your answer?

21     MR. THORN: You have a choice there too.

22     MR. BAUMBACH: Counsel, I object to your coaching this witness. This is --

23     MR. THORN: Your objections are noted, okay, I'm happy to go before the Judge,

24 describe in my own words what you're doing here today, what you've done with the

25 discovery.

26     MR. BAUMBACH: You are not entitled to do it in your own words. You're going to

27 be stuck with the record you have, and the record that you have is that I don't

28 believe you've even stated one objection here today except coaching the witness.

1   MR. THORN: Okay.

2   MR. BAUMBACH: And that is unacceptable. That's interfering with the deposition.

3   It's my deposition, not yours, and yet you --

4   MR. THORN: No, it's our deposition, there is one deposition.

5   MR. BAUMBACH: No, it's my deposition. I have a right to take a deposition free of

6   interference and coaching by opposing counsel.

7   MR. THORN: And I have right to -- my client has a right to an objection without

8   trickery, without improper question.

9   MR. BAUMBACH: Under Rule 30 you are obligated to state your objection.

10   MR. THORN: And I've stated them.

11   MR. BAUMBACH: Succinctly.

12   MR. THORN: Rule 30 does not prohibit any other conduct. So I mean let's get the

13   Rule -- I'm ready to go to the Judge. I'm happy to go to the Judge with your

14   discovery abuses in this case, abusive discovery conduct.

15   MR. BAUMBACH: That's not helpful, counsel.

16   MR. THORN: I know it may not be helpful, but I'm making the record.

17   MR. BAUMBACH: You are, that's true; that's true, you are making the record. Now

18   were you present in Court when Mr. Funk testified.

19   THE WITNESS: No, sir.

20   MR. BAUMBACH: Have you read Mr. Funk's testimony?

21   THE WITNESS: No, sir.

22   MR. THORN: Asked and answered; slow down.

23   THE WITNESS: Sorry.

24   MR. BAUMBACH: You've never read his testimony.

25   MR. THORN: Asked and answered.

26         **a.**    **Plaintiff's Contention**

27              Defendant's counsel instructed the witness not to answer a question

28   which sought relevant information that is likely to lead to the discovery of admissible

1  information.  Counsel's instruction was improper and in violation of Federal Rules of

2  Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

3  to answer a question that is objected to usurps the Court's power to rule on the

4  objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

5  Indeed, if counsel were to rule on the propriety of questions, oral examinations

6  would be quickly reduced to an exasperated cycle of answerless questions."

7  Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

8  Further, Defendant counsel's interruption and clarification is a disruption of the

9  deposition process and is used an opportunity by defendant's counsel to coach the

10  witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

11  Procedure, Rule 30.  "An objection must be stated concisely and in a

12  nonargumentative and nonsuggestive manner."  (FRCP 30(c)(2).  Counsel may not

13  use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

14  of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

15         **b.    Defendant's Contention**

16         This is another example of the bully tactics counsel favors.  It is not

17  improper to clarify the question or instruct the witness as to his options on the record.

18  There is no law that prohibits that type of instruction and none has been provided by

19  Plaintiff to support this motion.

20  **23.    Page 69, Line 6 through Line 8**

21  Q.    You didn't believe there was an issue of officer safety while he was being

22  searched?

23         MR. THORN: Argumentative.

24         **a.    Plaintiff's Contention**

25         Defendant counsel's interruption and clarification is a disruption of the

26  deposition process and is used an opportunity by defendant's counsel to coach the

27  witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

28  Procedure, Rule 30.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**b.    Defendant's Contention**

This is a proper objection.

**24.    Page 70, Line 18 through Page 71, Line 16**

Q.    All right. And so did you tell Pam Funk that you were going to arrest her?

MR. THORN: Asked and answered.

THE WITNESS: I don't recall telling Pam Funk that. I could certainly refresh my memory by looking at the audio recorded transcript, but I can say that I did make reference of that to an individual who again was already aware that she was walking up close behind me. He was already trying to get her away without my instruction.

MR. BAUMBACH: Did you say to the individual that you could arrest Pam Funk so that Pam Funk could hear what you were saying; in other words, she was close enough to you to here you say that if you don't get her out of here, or something to that effect?

MR. THORN: Don't speculate, calls for speculation.

THE WITNESS: I recall when I presented that to the individual that was trying to -- there was another -- there was a woman there trying to get her away as well. That she was talking, yelling during that time, so my direction was to the gentleman that was trying to lead her away.

MR. THORN: He asked you if she was close enough to hear you, if you know she was close enough to hear you was the question.

**a.    Plaintiff's Contention**

Defendant counsel's interruption and clarification is a disruption of the deposition process and is used an opportunity by defendant's counsel to coach the witness. Counsel's interruption and coaching is in violation of Federal Rules of Civil Procedure, Rule 30. "An objection must be stated concisely and in a nonargumentative and nonsuggestive manner." (FRCP 30(c)(2). Counsel may not

1   use "speaking objections" to "coach" the deponent.  Hall v. Clifton Precision, a Div.

2   of Litton Systems, Inc. (ED PA 1993) 150 FRD 525, 530.

3           **b.**   **Defendant's Contention**

4            These are proper objections. Asking the witness what another person

5   heard is speculation. Asked and answered is a proper objection and no other context

6   has been provided.

7       **25.**   **Page 72, Line 12 through Line 17**

8   Q.   Have you, in the course of your performance on the -- your employment with the

9   Paradise Police Department, ever been made aware officially or unofficially of any

10  complaints or charges or discipline meted out against other officers?

11      MR. THORN: Just yes or no.

12          **a.**   **Plaintiff's Contention**

13           Defendant counsel's interruption and clarification is a disruption of the

14  deposition process and is used an opportunity by defendant's counsel to coach the

15  witness.  Counsel's interruption and coaching is in violation of Federal Rules of Civil

16  Procedure, Rule 30.

17          **b.**   **Defendant's Contention**

18           The question calls for a yes or no answer and instructing the witness as

19  such is not coaching because it does not suggest which option to choose for an

20  anaswer – yes or no.  No other context is provided.

21      **26.**   **Page 74, Line 7 through Line 12**

22  Q.   Have you ever reported another officer for violation of any policy or laws?

23      MR. THORN: I'm going to instruct him not answer that. That again we'll have to deal

24  with that off   the record for violation of his 1st Amendment right to seek redress

25  without retaliation of adverse consequence.

26          **a.**   **Plaintiff's Contention**

27           Defendant's counsel instructed the witness not to answer a question

28  which sought relevant information that is likely to lead to the discovery of admissible

1   information.  Counsel's instruction was improper and in violation of Federal Rules of

2   Civil Procedure, Rule 30(c)(2).  "A counsel who presumes to instruct a witness not

3   to answer a question that is objected to usurps the Court's power to rule on the

4   objection.  It is not the prerogative of counsel, but of the Court to rule on objections.

5   Indeed, if counsel were to rule on the propriety of questions, oral examinations

6   would be quickly reduced to an exasperated cycle of answerless questions."

7   Barton Business Park Association v. Alexander (E.D. BK. Court 1990) 118 BR 776.

8               **b.     Defendant's Contention**

9               This si the same objection as to the question propounded to officer

10  Pickering and Officer Cooper seeks the same protection from this line of questioning

11  based upon his First Amdnemnt right ti petition for redress anonymously under

12  applicable law and not be retailiated afgainst.  It is also not within the scope of any of

13  the claims being advanced by Plaintff.

14                        **IV.  CONCLSUION**

15  **A.    Plaintff's Statement**.

16              Therefore, the plaintiff respectfully requests that the Court grant the relief

17  sought in this motion:  that defendant provide amended discovery responses without

18  objections as all their responses were untimely and, thus, waiving their objections; that

19  defendants be ordered to produce documents; and that the depositions of defendants

20  Pickering and Cooper be reconvened with the stipulations as requested by plaintiff on

21  pages 84 and 85 of this Joint Statement[25].

22  **B.    Defendants' Statement.**

23              Defendants were late providing written responses to discovery from Plaintiff for

24  good cause, and made every effort to mitigate any effect from the delay by producing

25

26  [25]  Plaintiff did not include a statement of conclusion when the draft was submitted to defendants and added it

27  after receipt of defendants' response to the Joint Statement.  Plaintiff's statement of conclusion does not

28  include any new facts, allegations, or relief requests that were not previously in the statement.

1   documents and making files available to Plaintiff's counsel to review until Officer Cooper

2   became available after his surgery and the written responses could be certified in

3   accordance with the requirements of Rule 26.  No objection to that alternative was made

4   until after the process was complete.  Defendants respectfully ask the Court to find good

5   cause for the delay.

6   As for the substance of the motion, the Defendants also ask the Court to deny

7   the motion in its entirety.  Plaintiff has abused the discovery process by failing to discharge

8   his Rule 26 obligations, failing to limit the number the interrogatories he propounded to 25,

9   among others.  He seeks documents that he is clearly not entitled to as outside the scope

10  of his own claims and contentions.  And his bully tactics and motion regarding the

11  deposition is utterly without merit.  Defendants respectfully request monetary sanctions for

12  opposing the motion as set forth in the declaration of Douglas R. Thorn filed in opposition

13  hereto.

14

15  Dated: April 27, 2011                    **LAW OFFICES OF LARRY L. BAUMBACH**

16

17                                           **By:**   _/S/ Larry L. Baumbach_

18                                                  **LARRY L. BAUMBACH**
                                                  **Attorney for Plaintiff**
19

20  Date: April 27, 2011                         _/s/ Douglas R. Thorn_
                                                 Douglas R. Thorn
21                                               Attorney for Defendants Town of Paradise,
                                                 Gerald Carrigan, Robert Pickering and Timothy
22                                               Cooper

23

24

25

26

27

28