1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HAROLD FUNK,

11          Plaintiff,                    No. CIV S-09-1000 MCE EFB (TEMP)

12      vs.

13   TOWN OF PARADISE, et al.,

14          Defendants.                   ORDER
     _____/

15

16      On May 11, 2011, the undersigned held a hearing on plaintiff's motion to compel and

17   defendants' motion to compel and for protective order and for sanctions.  Attorney Larry

18   Baumbach appeared at the hearing on behalf of plaintiff; attorney Douglas Thorn appeared on

19   behalf of defendants.

20      For the reasons stated on the record, it is hereby ORDERED that:

21      1.  Plaintiff's motion to compel (Dckt. No. 22) is granted in part and denied in part as

22   follows:

23          a.  Within fifteen days from the date of this order, defendants shall produce for

24   inspection and copying the Funk IA, the training and disciplinary records of defendants

25   Pickering and Cooper, and documents relating to claims of excessive force made by Baltierra

26   and Shumacher, subject to a protective order that documents produced pursuant to the order will

1

1    be used solely for purposes of the instant litigation.  If responsive documents pertaining to

2    Baltierra and Shumacher do not exist, defendants shall provide a verified response stating so.

3    Defendants may redact personal matters such as home addresses and phone numbers, names and

4    contact numbers of family members, medical and psychological information, and medical,

5    disability and life insurance information.

6            b.  Within fifteen days from the date of this order, defendant Town of Paradise

7    shall respond to interrogatories nos. 7-13.

8            c.  Within fifteen days from the date of this order, defendants Pickering and

9    Cooper shall provide their height and weight at the time of the incident, provide their department

10   serial numbers, and shall respond to interrogatories nos. 4-18.

11           d.  The depositions of defendants Pickering and Cooper shall reconvene no later

12   than June 30, 2011 in the conference room of plaintiff's counsel.  The duration of the depositions

13   is limited to two hours for each deposition.  Defense counsel shall pay the costs of the court

14   reporter's appearance fee.[1]

15       2.  Defendants' motion to compel and for protective order (Dckt. No. 23) is granted in

16   part and denied in part.

17           a.  Within fifteen days from the date of this order, plaintiff shall provide a verified

18   response identifying all health care providers who have provided treatment from November 17,

19   2002 to the present, limited to treatment of plaintiff's left elbow and any other body parts

20   allegedly injured as a result of the subject incident.  Plaintiff shall further provide a verified

21   ////

22   ////

23

24   _____

     [1]  Defense counsel is reminded of the admonitions made at the hearing on this matter.  If
     objection is made based on the form of the question, said objection shall be stated succinctly in a
     nonargumentative and nonsuggestive matter.  Defense counsel may direct the deponent not to
25   answer a question only when necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2).
     Defense counsel shall not direct plaintiff's counsel in the marking or order of exhibits and shall
26   not interject editorial comments into the middle of a question.

1    response that all documents in plaintiff's possession[2] pertaining to the calculation of damages

2    have been produced.

3             b.  Except as provided above, the motion for protective order is denied.

4          3.  Reasonable expenses are awarded to plaintiff against defendants in the amount of

5    $3,800.00.

6    DATED:  May 12, 2011.

7                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25          [2]  At hearing on this matter, plaintiff's counsel represented that the only documents
     withheld from production that are responsive to the calculation of damages are statements
     provided to plaintiff's counsel from plaintiff and his wife.  The withholding of these statements
26   is not at issue here.