UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HAROLD ANTHONY FUNK,              No. 2:09-cv-01000-MCE-EFB (TEMP)

      Plaintiff,

  v.                               MEMORANDUM AND ORDER

TOWN OF PARADISE, et al.,

      Defendants.

----oo0oo----

Plaintiff Harold A. Funk ("Plaintiff") seeks monetary damages against the Town of Paradise, Police Chief Gerald Carrigan, and Officers Robert Pickering and Timothy Cooper (collectively "Defendants") arising out of Plaintiff's excessive force claims against the officers. Presently before the Court is Defendants' Request for Reconsideration of Magistrate Judge's Ruling as to various portions of the parties' cross-motions to compel ("Request") (ECF No. 37). For the following reasons, Defendants' Request is DENIED.

///

///

1

**STANDARD**

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 72-303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a)[1] and 28 U.S.C. § 636(b)(1)(A).  Under this standard, the Court must accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).  If the Court believes the conclusions reached by the magistrate judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently.  Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

///
///
///
///
///
///
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

**ANALYSIS**

Defendants' instant Request arises out of the magistrate judge's ruling on the parties' cross-motions to compel.

### A. Plaintiffs' Motion to Compel Further Depositions of Officers Pickering and Cooper

On August 5 and 9, 2010, Defendants Pickering and Cooper appeared at Plaintiff's counsel's office for their respective depositions. On numerous occasions during those depositions, defense counsel instructed deponents not to answer, interrupted questions and answers, interjected editorial comments, and coached or suggested information to witnesses. See e.g., Dep. of Cooper, 9:16-20, 12:6-17, 14:12-17, 35:2-16, 65:1-66:4, 66:19-68:16 (ECF No. 33-1); Dep. of Pickering. 18:6-21:15, 27:7-23, 37:1-38:18, 53:3-15, 73:3-75:11, 77:17-80:10, and 82:2-25 (ECF No. 33-1). Plaintiff consequently filed a motion to compel requesting, in pertinent part: 1) an order compelling the further depositions of Defendants Pickering and Cooper; and 2) $4,500 as reasonable costs and attorney fees incurred in connection with the motion proceedings.

After a hearing on the matter, the magistrate judge ordered the officers to appear for second depositions, limited to two hours each, with defense counsel paying the cost of the additional court reporter appearances. The magistrate judge also awarded Plaintiff $3,800 in reasonable expenses.

///
///

1  Defendants seek reconsideration of the magistrate judge's order
2  in its entirety and ask the Court, at the very least, to limit
3  the scope of the depositions.
4     Defendants' primary argument is that, during the hearing on
5  Plaintiff's motion, the magistrate judge misstated Rule 30(c)(2).
6  Even assuming, <u>arguendo</u>, that such a misstatement occurred,
7  however, Defendants have still failed to demonstrate sufficient
8  grounds to justify reconsideration here.  The transcripts of the
9  depositions make clear both that defense counsel's instructions
10 not to answer were improper under Rule 30(c)(2) and that his
11 behavior throughout the depositions independently warranted an
12 order to conduct further proceedings.
13    First, Rule 30(c)(2) permits counsel to "instruct a deponent
14 not to answer only when necessary to preserve a privilege, to
15 enforce a limitation ordered by the court, or to present a motion
16 under Rule 30(d)(3)."  Rule 30(d)(3) in turn provides that "[a]t
17 any time during a deposition, the deponent or a party may move to
18 terminate or limit it on the ground that it is being conducted in
19 bad faith or in a manner that unreasonably annoys, embarrasses,
20 or oppresses the deponent or party."  According to Defendants,
21 their counsel's invocation of Rule 30(d)(3) was proper because
22 both depositions were being conducted to harass deponents with
23 continuous "irrelevant" questions. Request, 7:6-9.  Defendants
24 contend Plaintiff's counsel's "frequent or persistent inquiry
25 into matters outside the permissible scope of discovery" was
26 indicative of bad faith.  <u>Id.</u>, 7 n.6. (quoting <u>W. R. Grace & Co.</u>
27 <u>v. Pullman Inc.</u>, 74 F.R.D. 80, 84 (W.D. Okla. 1977)).
28 ///

1    Defendants' argument is refuted by the record, however,
2 which demonstrates that counsel began instructing his clients not
3 to answer almost immediately during both depositions.  Dep. of
4 Cooper, 4:11-12; Dep. Of Pickering, 4:9-5:13.  Even if the
5 quantity of allegedly irrelevant questions from Plaintiff's
6 counsel had eventually amounted to harassment, it would not
7 excuse defense counsel's conduct here.  Defendants' above
8 authority thus provides no basis for relief.
9    Defendants' reliance on the magistrate judge's ultimate
10 issuance of a protective order permitting redaction of certain
11 personal information (e.g., addresses, phone numbers, etc.) from
12 documents ordered produced is likewise not well-taken.  See Order
13 on Motions to Compel, 1:23-2:5 (ECF No. 36) ("Order").  A ruling
14 that certain information is in fact irrelevant does not equate to
15 a finding that deposition questions pertaining to those matters
16 constituted harassment.
17    Finally, this Court agrees with the magistrate judge that
18 defense counsel's behavior, as reflected in the deposition
19 transcripts, was "appalling."  See Transcript of Proceedings,
20 7:8-9 (ECF No. 38) ("Transcript").  As stated above, counsel
21 repeatedly interrupted the proceedings, interjected editorial
22 comments, and coached or suggested information to the witnesses.
23 Because defense counsel's inappropriate conduct led to the
24 disruption of the depositions, it was entirely appropriate for
25 the magistrate judge to order the depositions reconvened at
26 Defendants' expense.
27 ///
28 ///

5

1 Fed. R. Civ. Pro. 30(d)(2) ("The court may impose an appropriate
2 sanction--including the reasonable expenses and attorney's fees
3 incurred by any party--on a person who impedes, delays, or
4 frustrates the fair examination of the deponent"); see also
5 Jadwin v. Abraham, 2008 WL 4057921, *6-*7 (E.D. Cal. 2008).

Defendants' Request for Reconsideration is consequently DENIED.

### B. Defendants' Motion to Compel Disclosure and Production of Plaintiff's Medical Records and Request for Sanctions

Defendants' motion to compel challenged Plaintiff's purported failure to produce documents subject to mandatory disclosure under Rule 26(a)(1)(A)(iii) and requested pursuant to Defendants' Document Request No. 6, or to produce true and accurate responses to at least one interrogatory, Defendants' Interrogatory No. 2. Defendants sought, in pertinent part, an order compelling Plaintiff to prepare and serve Defendants with complete Rule 26 disclosures, to respond to Interrogatory No. 2, and to produce responsive documents. Defendants also sought sanctions.

The magistrate judge rejected Defendants' request for sanctions and ordered Plaintiff to provide: 1) an interrogatory response identifying all health care providers who have provided relevant treatment since November 17, 2002; and 2) a verification that all documents in Plaintiff's possession pertaining to the calculation of damages have been produced.

///

1 The magistrate judge advised Defendants that it was their
2 responsibility to pursue any further documents at their own
3 expense.  Defendants now seek reconsideration of the magistrate
4 judge's decision challenging Plaintiff's supplemental response to
5 Interrogatory No. 2 and challenging the decision itself to the
6 extent Plaintiff is only required to produce documents in his
7 possession, rather than all medical records in the possession of
8 his physicians.
9     Defendants' first argument is not properly before this Court
10 because the propriety of Plaintiff's latest interrogatory
11 response has not yet been presented to the magistrate judge.
12 Accordingly, this Court declines to entertain that argument in
13 the first instance here.
14     Defendants' second argument regarding production of
15 Plaintiff's medical records also fails.  Defendants' only
16 argument to this Court is that Rule 26(a)(1)(A)(iii) requires
17 Plaintiff to produce all documents "bearing on the nature and
18 extent of injuries suffered." Request, 1:3-6.  Defendants,
19 however, quote the excerpt from Rule 26 out of context.  The
20 entirety of Rule 26(a)(1)(A)(iii) states as follows:

> [A] party must, without awaiting a discovery request,
> provide to the other parties...a computation of each
> category of damages claimed by the disclosing party--
> who must also make available for inspection and copying
> as under Rule 34 the documents or other evidentiary
> material, unless privileged or protected from
> disclosure, on which each computation is based,
> including materials bearing on the nature and extent of
> injuries suffered.

26 Read in its entirety, it is clear that Plaintiff's obligation
27 under Rule 26(a)(1)(A)(iii) is to produce documents <u>Plaintiff</u>
28 relied upon in calculating its damages sought.

7

See, e.g., Fed. R. Civ. Pro. 26 advisory committee' note (2000) ("The scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position.").[2]

Plaintiff's counsel stated on the record at the hearing before the magistrate judge that no Rule 26(a)(1)(A)(iii) documents have been withheld.[3]  Transcript, 24:10-16.  Plaintiff was also ordered to provide Defendants with a verification that he has produced all such documents in his possession.  See id., ("I'm going to require that you do a verification that all responsive documents have been produced and that you've done a reasonable search and no such documents have been found."); Order, 2:15-3:2.  Defendants do not make any argument here that Plaintiff relied on or intends to rely on any documents not in his possession to calculate damages; Defendants simply argue Plaintiff has not produced all medical records relevant to his injury.  That is not what Rule 26(a)(1)(A)(iii) requires, however.

///
///
///

---

[2] While the text of Rule 26(a)(1)(A)(iii) did not itself change with the 2000 amendments, this Court will construe the existing language in the context of the Rule as a whole and read this subsection to require production only of those records relied upon by Plaintiff.

[3] According to Plaintiff's Counsel, the only documents withheld from production that are responsive to the calculation of damages are statements provided to Plaintiff's counsel from Plaintiff and his wife. The withholding of these statements is not at issue. (Tr. 34-35, ECF No. 38).

8

Accordingly, in light of both Defendants' failure to point this Court to any persuasive authority to the contrary[4] and Plaintiff's willingness to verify all documents relied upon by Plaintiff in his calculation of damages have been produced, the Court finds no clear error in the magistrate judge's decision.[5] Accordingly, reconsideration is not warranted.

Finally, Defendants request $7,840 in sanctions, but point this Court to no authority justifying reconsideration of the magistrate judge's decision not to award sanctions nor justifying sanctions in light of this Court's above disposition of Defendants' current Request. Sanctions are denied.

///
///
///
///

---

[4] Defendants only authority, Kifle v. Parks & History Ass'n., 1998 WL 1109117 (D.D.C.), is distinguishable on its facts because, in that case, the defendants' discovery challenges were much broader than those at issue here and because the plaintiff in that case produced no documents pursuant to Rule 26 or in response to the defendants' requests.

[5] The magistrate judge advised Plaintiff he would have to "live with the consequences" of his verification. Transcript, 24:24-25. To the extent Defendants nonetheless believe Plaintiff has failed to produce documents on which he has relied or eventually intends to rely in calculating damages, the Rules themselves provide appropriate sanctions to combat such conduct. See, e.g., Fed. R. Civ. Pro. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions...").

**CONCLUSION**

For the reasons just stated, Defendants' Request for Reconsideration (ECF No. 37) is DENIED.

IT IS SO ORDERED.

Dated: June 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE