LARRY L. BAUMBACH
State Bar No. 50086
LAW OFFICES OF LARRY L. BAUMBACH
686 Rio Lindo Avenue
Chico, CA 95926
Telephone: 530-891-6222

Attorney for PLAINTIFF

DOUGLAS R. THORN
State Bar No. 133521
LAW OFFICES OF DOUGLAS R. THORN
7601 Watson Way
Citrus Heights, CA  95610
Telephone:  916-735-9910

Attorney for DEFENDANTS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ANTHONY FUNK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOWN OF PARADISE; PARADISE POLICE DEPARTMENT CHIEF GERALD CARRIGAN; PARADISE POLICE DEPARTMENT OFFICER ROBERT PICKERING; PARADISE POLICE DEPARTMENT OFFICER TIMOTHY COOPER; DOES 1 through 100, Inclusive,<br><br>                    Defendants. | Case No. 2:09-CV-01000-MCE-EFB (Temp)<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT**<br><br>**Date:  July 13, 2011**<br>**Time: 10:00 a.m.**<br>**Dept: 24** |

# I. <u>FACTS</u>

## A.    <u>Plaintiff's Statement of Facts</u>

On November 17, 2007 at approximately 10:30 p.m., 911 dispatch received a call regarding four juveniles on the side of Stratton's Market drawing graffiti.   The caller described the juveniles as wearing dark hooded sweatshirts.   The caller also stated that there was a lot of noise outside so he noticed them when he went outside to check on where the noise was coming from.   Officers Rhymes, Pickering and Cooper responded to the call and made contact with three juveniles matching the description as given by the caller.

At the same time, plaintiff Funk was attending a party at Stratton's Market.   Ruby Stratton, the owner of Stratton's Market, estimated there to be 150 to 200 people attending the party.   Plaintiff Funk was wearing jeans, cowboy boots, a white, long-sleeved, button-up, collared shirt and a white cowboy hat.   There was a disc jockey at the party who was playing music very loud.   Plaintiff Funk needed to use the restroom but the restroom was occupied.   He walked behind the Stratton Market's barn to relieve himself but upon arriving at the side of the barn saw a light shined towards him.   Due to it being dark with no light on that side of the barn, Funk was unable to see who flashed the light towards him.   Since there was someone out there, Funk decided to not urinate there and preceded to the restroom.   He had a sudden urge to relieve his bowels and began to jog towards the restroom.

After making contact with the juveniles, Officer Pickering looked around the area when he observed Funk on the side of the barn.   Officer Pickering shined his light at Funk who then began leaving the area.   Officer Pickering yelled toward Funk who was approximately seventy-five feet away.   Due to the noise from the loud music and the 150 to 200 people at the party, Funk did not hear Pickering and proceeded to the restroom. Officers Pickering and Cooper ran after Funk, charging into the closed bathroom door. Funk unlocked the door and the officers entered the bathroom and immediately began slamming Funk against the wall of the tiny bathroom and twisting his arm.   Neither officer

1   identified himself to Funk.  During the arm twisting by the officers, Funk cried out in pain

2   six times.  During the struggle Funk defecated on himself and was never offered an

3   opportunity to clean himself.  Funk was then arrested for public intoxication and resisting

4   arrest.  The excessive twisting of Funk's arm resulted in a fracture to Funk's left elbow

5   with partial dislocation and tear of the ulnar collateral ligament.

6   **B.   Defendants' Statement of Facts**

7        Defendants disagree with Plaintiff's statement of facts, as they contradict the audio

8   tapes made of the incident and Mr. Funk's own deposition testimony.   However, for

9   purposes of this discovery dispute, Defendant will not address the disputes here.  In

10  summary, this is not a complicated case from a factual standpoint. It arises from the arrest

11  of a very inebriated Harold Funk behind a closed business during the late night hours of

12  Saturday, November 17, 2007, after he fled from officers called to the scene by 911 call of

13  vandalism in progress and resisted their efforts to take him into custody.  The gravamen of

14  his complaint is an excessive force claim, but he also alleges claims for failure to train,

15  conspiracy, *Monell* liability, and relatded supplemental state law claims. Defendants deny all

16  liability in the case.

17                     **II.  REQUIREMENT REGARDING CONFERRING**

18       Pursuant to Local Rule 251(c)(1), the details of the meet and confer conferences

19  between counsel are as follows:

20  **A.   Plaintiff's Statement Regarding Conferring**

21        On June 8, 2011, plaintiff sent to defendant a meet and confer letter and a draft

22  Joint Statement regarding Discovery Disagreement addressing the deficiencies in

23  defendants' discovery responses.  On June 13, 2011 counsel for plaintiff, Larry

24  Baumbach, and counsel for the defendants, Douglas Thorn, meet and conferred

25  regarding the evasive and incomplete interrogatory responses.  Mr. Thorn advised Mr.

26  Baumbach that he complied with FRCP Rule 33 by providing documents that plaintiff

27  could find responsive information within.

28

1   Mr. Baumbach and Mr. Thorn also discussed the taking of the depositions of

2   Officers Cooper and Pickering.  Per the Court's order, the depositions are to be

3   completed by June 30, 2011.  The depositions were originally scheduled for June 15,

4   2011.  Mr. Thorn asked that the depositions be reset which was granted.  The

5   depositions are currently set for June 28, 2011 but Defendants have filed a motion for

6   reconsideration and Mr. Thorn has advised that the depositions will not go forward per

7   the Court's order if a decision of the Court has not been issued before that date.

8   **B.    Defendant's Statement Regarding Conferring**

9   On June 13, 2011, Mr. Baumbach and Mr. Thorn conferred regarding Defendant's

10  answers to the interrogatories at issue, but were not able to resolve the issue.  They did not

11  discuss the upcoming depositions of Officers Cooper and Pickering.

12  After the conference ended, Mr. Thorn emailed a follow-up letter to Mr. Baumbach to

13  confirm that the parties were unable to resolve their differences regarding the interrogatory

14  answers, and to address the issue of the officers' depositions which were scheduled for two

15  days later, on June 15, but that counsel did not discuss during their conference.  Mr. Thorn

16  advised Mr. Baumbach that if the District Court did not rule to uphold Magistrate Brennan's

17  order for a second deposition that day (June 13) or the next day (June 14), that the

18  depositions would need to be rescheduled while the parties wait the ruling from Judge

19  England.  Mr. Thorn gave Mr. Baumbach several alternative dates for the depositions that

20  included June 17, 22, 28, 29, and 30.  He also gave Mr. Baumbach additional dates that he

21  had available at the time – July 1, 2, 6, and 7..

22  The District Court did not rule on Defendants' request for review by the close of

23  business on June 14, and Mr. Baumbach rescheduled the deposition to June 28. In his

24  letter to Mr. Thorn, he took the position, for the first time, that the deposition would go

25  forward on June 28 even if Judge England had not ruled on the request for reconsideration.

26  On June 23, Mr. Baumbach wrote a letter to Mr. Thorn advising him that he planned

27  to have a court reporter present on June 28 even though he had been advised that the

28  officers would not be appearing for the deposition unless a ruling was received by that date.

He also cited a Supreme Court case for the proposition that the officers were obliged to submit to a second deposition even though the request for review was pending.  That case, *Pasadena City Board of Ed. V. Spangler*, 427 U.S. 424 (1976), does not address the issue the parties faced here.  That case involved disobedience of a final judgment of the District Court enjoining racial segregation policies in the public school system.  The final judgment was never appealed, and the issue in that case involved a failure to obey the un-reviewed injunction.

On June 23, Mr. Thorn emailed Mr. Baumbach, thanking him for the authority and advising him that if the case is on point, the officers "will, of course, comply."   That same day, Mr. Thorn emailed Mr. Baumbach again, indicating that he has been researching the matter further but could not find any authority requiring compliance with a discovery order for which a timely request for review had been made and was still pending.

On June 24, after doing more research and inquiring of others, Mr. Thorn wrote Mr. Baumbach a letter to advise Mr. Baumbach that the officers would not appear for the deposition on June 28 with their request for review pending because, with the request for review pending, the order is not final.  Mr. Thorn cited Mr. Baumbach to Local Rule 303(b), which provides that the orders of the magistrate judges in the Eastern District are "final *if no reconsideration thereof is sought from the Court*."

Late afternoon on June 28, the District Court issued its ruling on the Defendants' request for review, upholding Magistrate Brennan.  That same afternoon, Mr. Thorn wrote Mr. Baumbach to advise Mr. Baumbach that the officers would be available for a second deposition before June 30, and offering to stipulate to a different date to submit to the court so Plaintiff could get his second depositions. Mr. Baumbach declined to take the depositions before June 30 because he had scheduled a vacation, and declined the offer to enter a stipulation to submit to the court for another date to take the depositions.

### III.  DISCOVERY REQUESTS IN DISPUTE

Pursuant to Local Rule 251(c)(3), what follows are the contentions of the parties as to each issue raised by plaintiff:

**A.   INTERROGATORIES TO TOWN OF PARADISE, COOPER AND PICKERING**

- **INTERROGATORY NO. 13 TO TOWN OF PARADISE**

Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:  (a) state all facts upon which you base the denial or special or affirmative defense; (b) state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and (c) identify all documents and other tangible things that support your denial or special or affirmative defense, and state the name, address, and telephone number of the person who has each document.

**Response to Interrogatory No. 13**

Objection, compound and overly broad, burdensome and oppressive. Subject to the objections, the affirmative defenses are legal defenses and/or defenses based upon the facts and circumstances surrounding the Harold Funk arrest, detention and prosecution that are contained in the audio records and transcripts thereof, police reports, intake sheets, statements made by Harold and Pam Funk, Butte County jail records of intake and toxicology screening at the jail by the Butte County employees, trial transcripts, and information contained in the declaration of Gerald Carrigan produced in this case.

- **INTERROGATORY NO. 8 TO PICKERING AND COOPER**

Do you contend that the force used against Plaintiff was reasonable and/or necessary to effect his arrest?  If so, state or describe:

(a)   all facts and witnesses that support the use of force by your;

(b)   each TOWN OF PARADISE police department policy or procedure that authorized such use of force.

**Response to Interrogatory No. 8**

1  Objection:  (1) compound.  Yes, the force used to effect Harold Funk's
2  arrest was reasonable and necessary.  The facts are set forth in the reports
3  and recordings produced in this case, and the Department policies are in
4  the Police Manual in effect at the time of the arrest that have been
5  produced, which include the use of force policies identified in the index of
6  the manual produced.  The witness known by name includes Officers
7  Robert Pickering and Timothy Cooper and Harold and Pamela Funk.

8  • **INTERROGATORY NO. 14 TO PICKERING AND COOPER**

9  Identify each denial of a material allegation and each special or affirmative
10 defense in your pleadings and for each:  (a) state all facts upon which you base the denial
11 or special or affirmative defense; (b) state the names, addresses, and telephone numbers
12 of all persons who have knowledge of those facts; and (c) identify all documents and other
13 tangible things that support your denial or special or affirmative defense, and state the
14 name, address, and telephone number of the person who has each document.

15 **Response to Interrogatory No. 14**

16 Objection, compound and overly broad, burdensome and oppressive.
17 Subject to the objections, the affirmative defenses are legal defenses and/or
18 defenses based upon the facts and circumstances surrounding the Harold
19 Funk arrest, detention and prosecution that are contained in the audio
20 records and transcripts thereof, police reports, intake sheets, statements
21 made by Harold and Pam Funk, Butte County jail records of intake and
22 toxicology screening at the jail by the Butte County employees, trial
23 transcripts, and information contained in the declaration of Gerald Carrigan
24 produced in this case.

25 1. **Plaintiff**

26 An answer to an interrogatory should be complete in itself and should
27 not refer to the pleadings, or to depositions or other documents, or to other
28 interrogatories.  *Scaife v. Boenne* (ND IN 2000) 191 FRD 590, 594;

*Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton* (D KS 1991) 136 FRD 682, 686.   The interrogatories seek information which supports defendants' contentions and defenses and defendants' response has advised plaintiff to review documents in which the facts are contained and speculate as to which facts in the documents defendants claim support their contentions.   In essence, defendants have told plaintiff to "go fish."   Such an answer is not responsive but rather is evasive and incomplete failing to comply with discovery rules.   An evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond (FRCP Rule 37(a)(4).   Defendants allege they have complied with FRCP Rule 33 which allows a party to produce business records from which information can be obtained by examination of the business records.   However, such option is only available where answering the questions would require the responding party to engage in burdensome or expensive research (see FRCP 33(d); <u>Daiflon, Inc. v. Allied Chem Corp.</u> (10th Cir. 1976) 534 F2d 221, 225; and Adv. Comm. Notes to 1970 Amendment and 2006 Amendments to FRCP 33.) Such is not the case herein.   The records produced are not voluminous and do not even fill an entire file box and consist of 1572 pages (numbered 5000 through 6572).    Further, the interrogatories are seeking facts that support defendants' contentions.   Telling plaintiff to review records and decide which facts from those records defendants allege support their contentions is not responsive as it requires plaintiff to assume and speculate as to what defendants are thinking.   When an interrogatory asks for, for example, "What training have you received?" and defendant responds, "Please see the training records," that information is easily ascertained from the records and does not require assumption and speculation.   But such as response is not appropriate to an interrogatory seeking defendants' contentions as to their defenses because it is requiring plaintiff to analyze the

case on defendants' behalf and guess what defendants' analysis might be. Clearly this is not the purpose of the discovery process and allows defendants to play games and possibly surprise plaintiff at trial.

### 2. **Defendants**

This is the same issue Plaintiff raised in his last motion to Magistrate Brennan regarding Defendants' answers top his interrogatories, which Magistrate Brennan denied. Rule 33(d) of the Federal Rules of Civil Procedure provides:

> (c)   Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries

The policy underlying the rule is set forth in the notes to the rule, which provide in relevant part as follows:

> The subdivision gives the party an option to make the records available and place the burden of research on the party who seeks the information. "This provision, without undermining the liberal scope of interrogatory discovery, places the burden of discovery upon its potential benefitee,"

Defendants complied with each of the requirements of the rule in responding to the interrogatories at issue here, though Plaintiff seems to be arguing that Defendants were required to recite not only facts, but all of the evidence they intend to rely on at trial even though it has long been settled that, "a party may not be required by interrogatories to submit every item of evidence he expects to produce at trial of the case." *United States v. Renault, Inc.*, 27 F.R.D. 23 (S.D.N.Y. 1960).  Nor is Plaintiff entitled to a legal brief.

Defendants answered each of the interrogatories completely.  To the extent that the question called for an answer not found in the documents, such as whether Defendants'

contend that the force used was reasonable, Defendants answered the question.  To the

extend the questions asked for the underlying facts, Defendant answered the question

completely by complying with the requirements of Rule 33(d) because that is where the

underlying facts are documented in great detail. In summary, the police reports and audio

tapes contain the facts surrounding the arrest Plaintiff, as well as the statements he and his

wife made on scene.  The intake and toxicology screen documents contain proof of

admissions by Plaintiff that he was not injured and proof that Plaintiff was intoxicated. The

trial transcripts contain the facts to meet Plaintiff allegations re the Defendants alleged

unlawful "participation in the prosecution," which, when viewed in its entirety, establish that

the only "participation" was as witnesses. And the information in the sworn affidavit of former

Chief Carrigan contains the factual information regarding the failure to train and *Monell*

claims.  Those are the underlying facts supporting the contentions, defenses, and denials as

the questions ask for and the answers provide. They are not "go fish" answers. A "go fish"

answer is like the one Plaintiff gave to numerous interrogatories propounded to him in this

case.  For example, Plaintiff's answer to the interrogatory 4 propounded to him by Officer

Pickering is as follows:

Interrogatory No. 4

"4.   What facts is Harold Funk relying on to support his allegation that Defendant
Robert Pickering violated Harold Funk's Fourth Amendment rights?"

Plaintiff's Answer to Interrogatory No. 4

 "4.      OBJECTION -- Attorney work product.  FRCP 26(b)(3); Hickman v. Taylor,
(1947) 329 US 495, 511.  All facts contained in Paradise Police Department's
investigative reports, police reports, in court testimony, as well as any and all
documents of discovery, including, but not limited to, Request for Production of
Documents, depositions and Interrogatories.  Plaintiff will also rely on testimony of
witnesses disclosed under Rule 26, as well as, any other witnesses disclosed in
discovery."

Plaintiff's interrogatory response, unlike Defendants' response, is the very type of evasive

response prohibited by the federal rules, including Rule 33(d).  It is contrary to *every*

argument Plaintiff makes in support of this motion; violates *every* case he cites in support of

this motion; and is a *textbook example* of a "go fish" answer. But not surprisingly, to the

extent Plaintiff did comply with the rule by identifying specific documents, he identified the

1   very same documents that Defendant identified in its answer and thus confirmed his ability

2   to obtain facts from the documents.

3          Turning to the other requirements of the rule, Defendants specifically identified

4   documents, as opposed to saying that they were relying on "all documents, witnesses,

5   pleadings, depositions, and any other documents disclosed in discovery" as Plaintiff did

6   when he responded to Defendants' interrogatories   Plaintiff was the person who fled from

7   officers; Plaintiff was the person who resisted the officers efforts to effect his arrest; Plaintiff

8   is the person who was jailed; Plaintiff was the person who was interviewed and made

9   admissions during the interviews that he was not injured; Plaintiff is the person who

10  submitted to blood alcohol testing by jail staff that proves he was inebriated; and Plaintiff is

11  the person who was prosecuted.  That is, Plaintiff was present at every event, including the

12  entire criminal trial in which he not only testified, but, unlike Defendants, was present when

13  every other witness testified too.  He can just as easily, in fact more easily, "examine, audit,

14  compile, abstract, or summarize" the documentation of these events that are identified in the

15  interrogatory answers, thus satisfying the requirement in Rule 33(d) that the "burden of

16  deriving or ascertaining the answer will be substantially the same for either party."  Plaintiff's

17  argument that the information is easily obtained from a small population of documents is

18  self-defeating, as it is a concession that "deriving or ascertaining the answer will be

19  substantially the same for wither party."

20         Moreover, Plaintiff misquotes and misapplies the case law he cites.  The  *Scaife*

21  case did not concern Rule 33(d) and therefore has no bearing on the issue presented here.

22  And the *Continental Illinois Nat'l Bank & Trust* case did, in part, address Rule 33(d) (formerly

23  Rule 33(c)), but that case does not support Plaintiff's position; it rejects the type of evasive

24  abuse of the rule like Plaintiff's evasive abuse of the rule in this case as discussed later.

25  And he blatantly misrepresents the holding in *Daiflon, Inc. v. Allied Chem Corp.,*  534 F2d

26  221 (10th Cir. 1976) in arguing that case for authority that the option to use the rule "is only

27  available where answering the questions would require the responding party to engage in

28

burdensome or expensive research."  The *Daiflon* court, in fact, held just the opposite at p. 225-226:

> [The rule] gives the party served the option of producing records from which the answer can be obtained instead of preparing a direct answer when ". . . the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served . . .

Likewise, the *Continental* case involved fraud in a complex commercial transaction regarding the issuance of some bonds.  It spanned many years of activity and involved a large number of parties, businesses, and witnesses, as well as very large document population. The court held that the responding party Bank did not follow the requirement in the rule for three reasons.  First, the responding party did not identify the documents with enough specificity when it gave a general references to, for example, "the documents and depositions from Kirchner Moore & Company and Continental Bank personnel." (p. 685-686).  Plaintiff makes no such argument here.   Second, the responding party gave a general reference to its unverified answer to the complaint in the case, which Defendants did not do here. (*Id.*). And third, statements made by the responding party in the case led the court to conclude that the answer to the interrogatory could not be obtained from the records (p. 687), a claim Plaintiff does not make here. As such, the only help the *Contitnela* case provides here is as a rebuke of Plaintiff's evasive abuse of the rule as discussed earlier.

In conclusion, Defendants did not ask the District Court to review of Magistrate Brennan's ruling requiring Defendants to answer more than 25 interrogatories.  Rather, Defendants promptly and timely complied with ruling, and followed the requirements of Rule 33(d) to answer the interrogatories when appropriate and as authorized by the rule.  They therefore respectfully request that the motion be denied and that they be awarded their expenses of defending the motion as provided in Rule 37(a)(5)(B), which provides:

> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not

order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff was not substantially justified in making the same motion that Magistrate Brennan already rejected, or in ignoring the plain meaning of the provisions of the rules. Nor was he justified in misrepresenting the holding in the case law he cites, or ignoring the holding in those case or ignoring the plain language of the rule and notes to the rule. He does not argue that the information cannot be obtained from the documents identified in the answers, and, in fact, identified the many of the very same documents in his answer to Defendants' interrogatories; he thus argues and admits that it is easy to obtain the information from the documents and that he is just as able, if not more able, to compile the answer to his questions.

## IV.  <u>VIOLATION OF COURT ORDER</u>

### 1.   <u>Plaintiff</u>

On May 13, 2011, this Court ordered defendant Officers Cooper and Pickering to appear for their depositions and that those depositions were to be complete by June 30, 2011.  The depositions are currently set for June 28, 2011 (originally set for June 15, 2011); however, defendants have filed a motion for reconsideration of the Court's order and have advised Mr. Baumbach that defendants will not appear at their deposition if a decision to the motion for reconsideration is not received prior to June 28.   However, until the judge modifies or vacates the order, it must be complied with, i.e, judicial orders, unless stayed must be obeyed even if they are wrong (Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions; Chapter 12. Motion Practice; E. Posthearing Procedures; Section 2.).   See also <u>Pasadena City Board of Ed. V. Spangler</u> (1976) 427 US 424, 439-40.)

### 2.   <u>Defendants</u>

Defendants filed a timely request for review of some, but not all, of Magistrate Brennan's order. As for the part of the order they did not contest, which included the production of the Funk, Schumacher, and Baltierra files and answers to the interrogatories,

they promptly and timely complied with the order.  The issue here concerns the effect of filing a request for review of that part of Magistrate Brenna's order to produce the officers for a deposition before June 30, and whether Mr. Baumbach's vacation schedule actually caused the June 30th deadline to be missed since the officers were made available for deposition before June 30th.

For reasons discussed in the declaration of Mr. Thorn, Defendants ultimately decided to ask the District Court to review some portions of Magistrate Brennan's ruling, including the portion requiring the officers to submit to a second, unrestricted deposition. The request for review was timely filed pursuant to Local Rule 303, which provides in relevant part as follows:

> Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court

Local Rule 303(b).  Neither Mr. Baumbach nor Mr. Thorn found authority that a party must comply with a magistrate's discovery order if the order is not final because a timely request for review was filed and pending.   There is, however, at least one case that at least implies that Defendants were justified in not appearing for a deposition until Magistrate Brennan's order became final.  The case is *Harrell v. Palmer*, 2010 U.S. Dist. LEXIS 24591.  In that case, Magistrate Drozd ordered the plaintiff to submit to a deposition, as Magistrate Brennan ordered Officers Cooper and Pickering to do here. When the deposition was convened, "plaintiff objected to the deposition on the ground that [Magistrate Drozd's] order requiring him to participate in his deposition was not final because he had filed a motion for reconsideration of the order" (*Id.* at 4), as Officers Cooper and Pickering did here.   Magistrate Drozd then cited to the part of Local Rule 303(b) cited above, and by implication agreed that plaintiff's argument would have merit but for the fact that by the District Court affirmed his order before the date set for plaintiff's deposition. *Id.* at 4.  Magistrate Drozd then declined to grant defendant's request for sanctions, and ordered plaintiff to submit to the deposition.

Moreover, Defendants did not refuse to comply with Magistrate Brennan's order, but refused to waive their right to review by appearing on the date selected by Mr.

1   Baumbach.  Once the District Court affirmed Magistrate Brennan late in the afternoon

2   on June 28th, the officers offered to appear for their depositions on June 30th, which

3   complies with Magistrate Brenna's order that the deposition be completed "no later than

4   June 30th" even if the time to comply would be extended as a matter of law for the

5   period of time the request for review was pending.    It was Mr. Baumbach who declined

6   to complete the depositions "no later than June 30th" because of his vacation schedule.

7   While Defendants want to be clear that they are not criticizing Mr. Baumbach for taking

8   a vacation, to the extent that Mr. Baumbach argues for monetary and non-monetary

9   sanctions for not completing the depositions by June 30th, the fact is that his vacation

10  schedule conflicted with the order and he was not prepared to complete the depositions

11  after the District Court ruled and no later than June 30th as specified in the order.  As

12  such, this dispute is not about a failure to comply with the order, but a dispute about the

13  conflict between Mr. Baumbach' s vacation schedule and the order.  Given the timing of

14  the District Court's ruling, and to comply with the clear import of the Magistrate

15  Brennan's order that the officers submit to a second deposition, Defendants also offered

16  to make the officers available by stipulation after Mr. Baumbach returned from vacation,

17  but he declined.  Defendants did not and would not argue that Plaintiff waived his right

18  to a second deposition because his attorney elected to take a vacation before the

19  depositions were complete.  Under these circumstances, this motion is not about

20  securing a second deposition of the officers but about the request for sanctions

21  discussed later.

22         In summary, Defendants timely requested a review of Magistrate Brenna's order,

23  and, until the court ruled on the request, Magistrate Brenna's order was not a final

24  order.  Defendants did not ignore or thumb their noses at Magistrate Brennan.  They

25  offered to appear for the second deposition after the District Court ruled and before the

26  June 30th date Judge Brennan ordered. They also offered to appear for a second

27  deposition after Mr. Baumbach returned from vacation, thus negating any argument that

28

they were trying to unlawfully evade Magistrate Brennan's order or disregard the authority of the court.  As such, they ask the Court to deny the motion.

## V.  RELIEF SOUGHT

**A.** **Order Striking Pleadings and Default Judgment**

     **1.** **Plaintiff**

Defendants continue to act in bad faith and are willfully trying to avoid the required disclosures in conscious disregard of the discovery rules and this Court's order of May 13, 2011.  Further, defendants have already been sanctioned and the lesser sanction already issued has been ineffective in deterring defendants from continuing to act in bad faith and avoid discovery.   Therefore, an ordering striking defendants' pleadings and rendering a default judgment is appropriate.   In re Lebbos, Bkrtcy.E.D.Cal.2008, 385 B.R. 737, motion for stay pending appeal denied 2008 WL 793477, affirmed in part 422 B.R. 235, affirmed 362 Fed.Appx. 863, 2010 WL 236762, certiorari denied 131 S.Ct. 260, 178 L.Ed.2d 173, certiorari denied 131 S.Ct. 276, 178 L.Ed.2d 182, certiorari denied 131 S.Ct. 608, 178 L.Ed.2d 443. Bankruptcy ⟜3040.1

A court may sanction a party who fails to comply with a discovery order in a variety of ways, including striking their answer and rendering a default judgment.  If a party fails to obey an order to provide or permit discovery, the court may issue further just orders including striking the pleadings in whole or in part and rendering a default judgment against the disobedient party (FRCP Rule 37(b)(2)(A)(iii & vi).  If a party fails to provide information or identify witness as required by Rule 26(a) or (e), the Court may impose sanctions including those listed in FRCP Rule (37(b)(2)(A)(i)-(vi) – see FRCP 37(c)(1)(C). Defendants' continued disregard of the discovery rules and this Court's authority is evidence of defendants' willful and bad faith conduct which has prejudiced plaintiff's ability to investigate this case including defendant's contentions and defenses and prepare for trial. Entry of default judgment when defendant failed to answer interrogatories was not abuse of discretion where sanction was imposed because of persistent unresponsiveness to both informal discovery requests and formal court orders, defendant never appeared to take

seriously the orders, defendant felt that he was the "final arbiter" of validity of his claim of privilege, under Fifth Amendment, and defendant pursued a course of dilatory and evasive tactics while flouting discovery obligations as well as district judge's authority. Davis v. Fendler, C.A.9 (Ariz.) 1981, 650 F.2d 1154.  The close of discovery is upon us and even after having been ordered by this Court to comply with discovery, defendants continue to refuse to comply and attempt to evade disclosure by providing evasive and incomplete responses.  Given defendants' past and continued conduct, it is apparent that defendants will continue to use these bad faith tactics; therefore, the proper sanction should be to strike the defendants pleading in whole as they refuse to provide facts to support the defenses asserted in their answer and render a default judgment against the defendants.  Courts have considerable discretion to impose extreme sanction of dismissal or default if there has been flagrant, bad-faith disregard of discovery duties. Wanderer v. Johnston, C.A.9 (Cal.) 1990, 910 F.2d 652.  Where defendants' misconduct, consisting of willful and deliberate disobedience of discovery order, willful concealment of evidence, and attempted fabrication of false evidence, was aggravated, district court acted within its discretion in rendering default judgment against them. Shearson Loeb Rhoades, Inc. v. Quinard, C.A.9 (Cal.) 1985, 751 F.2d 1102.  Entry of a default against defendants in a stockholders' derivative suit and refusal to set it aside were not abuses of discretion nor a denial of due process where failure of defendant to appear for a noticed deposition was willful, and where court kept the door open to defendant until it became clear that he would depose only upon his own terms, regardless of what the court's terms might be. Pioche Mines Consol., Inc. v. Dolman, C.A.9 (Nev.) 1964, 333 F.2d 257, certiorari denied 85 S.Ct. 1081, 380 U.S. 956, 13 L.Ed.2d 972, certiorari denied 85 S.Ct. 1082, 380 U.S. 956, 13 L.Ed.2d 972.  On record, debtor's course of conduct during discovery was such as to justify bankruptcy judge's actions in striking his answer and in entering order for relief against him though by striking answer to involuntary petition debtor was in effect denied trial on the merits, it being found that debtor's dilatory actions were intended to delay and obstruct the proceedings. In re Rice, 9th Cir.BAP (Cal.) 1981, 14 B.R. 843.

In the event, the Court does not believe that defendants' conduct rises to the level warranting striking their answer and rendering default judgment against them, plaintiff requests that this Court prohibit defendants from supporting or opposing designated claims and defenses alleged in their answer to which they have refused to provide facts and witnesses in support of and that they be prohibited from supporting or opposing claims and defenses as to their contention that the force used against Plaintiff was reasonable and/or necessary to effect his arrest (FRCP Rule 37(b)(2)(A)(ii)).  Evidentiary sanctions precluding defendant from presenting evidence regarding topics that were to be covered in deposition were warranted after defendant intentionally and willfully interfered with deposition by failing to timely reimburse plaintiff for court reporter and interpreter fees or to produce its person most knowledgeable (PMK), where court had tried less drastic monetary sanctions against defendant and warned it that failure to comply might lead to further sanctions, discovery cut-off date had passed, defendant's counsel had intentionally and willfully interfered with PMK's prior deposition, and defendant's failure to produce PMK prevented plaintiff from preparing its case. Tacori Enterprises v. Beverlly Jewellery Co. Ltd., C.D.Cal.2008, 253 F.R.D. 577. Action of trial court in excluding certain documents which were not produced until the eve of trial was not the equivalent of dismissal for failure to comply with discovery orders even though it was contended that the excluded exhibits were dispositive of plaintiff's case so that the sanction amounted to dismissal; court had not imposed the most severe sanction possible. Von Brimer v. Whirlpool Corp., C.A.9 (Cal.) 1976, 536 F.2d 838, 190 U.S.P.Q. 528.

In addition to the above, plaintiff also requests that this Court order defendants to pay the reasonable expenses, including attorney's fees, caused by the failure of defendants to respond to discovery and obey this Court's order (FRCP Rule 37(b)(2)(C) and FRCP Rule 37(c)(1)(A)).

**2.**     **Defendant**

1      Sanctions are not warranted, as the motion to compel further answers to the

2  interrogatories has no merit – none – and Defendants did not disobey the Court's order.

3  Moreover, Plaintiff's legal analysis is flawed in several respects.

4      **Interrogatory Answers**.  Plaintiff requests non-monetary sanctions under Rule

5  37(b)(2)(A) for the alleged failure to properly respond to the interrogatories under Rule

6  33(d), which has no merit.  Plaintiff does not allege that Defendants failed to answer the

7  parts of the compound interrogatories that could not be answered from the documents

8  identified in the answer, or that the remaining parts could not be answered by those

9  documents.  He argues, in a nutshell, that it is easy enough for Defendants to prepare the

10  compilation and they were therefore precluded from using Rule 33(d) to answer, which is

11  not the law.  Rule 33(d) may be used, as here, whenever the burden would be substantially

12  the same for either party, and Plaintiff concedes that he can just as easily gather the

13  information from the documents.  Again, the type of evasive answer prohibited by Rule 33(d)

14  is the type of answer Plaintiff provided, which is to refer back to "all documents, witnesses,

15  and pleadings in the case."

16      Moreover, Defendants were not sanctioned in the prior motion for not answering the

17  interrogatories.  The Court upheld Defendants' initial objection to the interrogatories on the

18  ground that interrogatories exceeded the 25 interrogatories permitted by Rule 33(a)(1), but

19  required Defendants to answer the additional interrogatories under that rule.  And

20  Defendants timely served answers to the interrogatories, which is not in dispute. As such,

21  the sanctions Plaintiff seeks under Rule 37(b)(2)(A) are not available as a matter of law.

22      Finally, this motion lacks substantial merit and Plaintiff's arguments had already been

23  rejected by Judge Brennan in the prior motion.  There was no substantial justification to

24  bring the motion again and Defendants should recover their expenses in responding to this

25  motion.

26      **Depostion**.  Defendants did not violate Magistrate Brennan's order.   They timely

27  filed a request for review and the order was therefore not a final order.  When the District

28  Court rule on the request for review late on the afternoon of June 28th, Defendants

immediately offered to appear to give the depositions so the depositions could be completed no later than June 30th.  Mr. Baumbach elected not to complete the deposition in time because he elected to go on vacation.

Moreover, understanding that the timing of ruling on the request for review interfered with Mr. Baumbach' s vacation, Defendants offered to appear for the depositions the following week or on another date to accommodate his vacation schedule.  Mr. Baumbach rejected that offer in favor of this motion for terminating sanctions, which was completing unnecessary and not appropriate even under the case law he cites. Plaintiff does not even ask the Court for a second deposition of the officers at this time, but asks only for terminating sanctions that are not appropriate as a matter of law.  The record does not support the necessary findings for imposition of non-monetary sanctions or monetary sanctions under the provisions of Rule 37 or applicable case law.   As such, sanctions are not warranted.

## IV.  CONCLSUION

### A.    Plaintff

Therefore, the plaintiff respectfully requests that the Court grant the relief sought in this motion:  strike the defendants answer and render default judgment against the defendants; or in the alternative, prohibit defendants from supporting or opposing designated claims and defenses alleged in their answer to which they have refused to provide facts and witnesses in support of and that they be prohibited from supporting or opposing claims and defenses as to their contention that the force used against Plaintiff was reasonable and/or necessary to effect his arrest; and monetary sanctions to pay the reasonable expenses, including attorney's fees, caused by the failure of defendants to respond to discovery and obey this Court's order

### B.    Defendants

Plaintiff obtained monetary sanctions for the deposition issues before the Court on the last motion.  It appears that his interest here is not discovery, but terminating sanctions that are not warranted. Such drastic sanctions under the circumstances, where Defendants

1  complie with the Court's orders and acted in the utmost good faith in offering to produce the

2  officers after Mr. Baumbach returned from vacation, is not the extreme circumstances

3  required to impose drastic sanctions and would interfere with Defendants due process and

4  other constitutional rights.  They have not engaged in the pattern of deception and discovery

5  abuse required by law for the drastic remedy Plaintiff seeks here.    Neither part of Plaintff's

6  motion has merit, and Defendant respectfully request that the motions be denied and that

7  Defendants be awarded their expenses as provided in Rule 37(a)(5)(B) as set forth in the

8  declaration of Mr. Thorn.

9

10  Dated: _____, 2011                **LAW OFFICES OF LARRY L. BAUMBACH**

11

12                                          **By:** ___*/S/ Larry L. Baumbach*_____

13                                                    **LARRY L. BAUMBACH**
                                                       **Attorney for Plaintiff**
14

15  Date:  July 4th, 2011                         */s/ Douglas R. Thorn*_____
16                                                Douglas R. Thorn
                                                 Attorney for Defendants Town of Paradise,
17                                               Gerald Carrigan, Robert Pickering and Timothy
                                                 Cooper
18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT