1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 HAROLD ANTHONY FUNK,                    No.  2:09-cv-01000-MCE-CKD

12            Plaintiff,

13      v.                                **MEMORANDUM AND ORDER**

14 TOWN OF PARADISE, et al.,

15            Defendants.

16

17      Presently before the Court is Plaintiff Harold Anthony Funk's ("Plaintiff") Motion for

18 New Trial ("Motion") (ECF No. 114), which Defendants Town of Paradise, Police Chief

19 Gerald Carrigan, and Officers Robert Pickering and Timothy Cooper ("Defendants")

20 timely opposed.  For the following reasons, Plaintiff's Motion is DENIED.[1]

21

22                            **BACKGROUND**

23

24      Plaintiff initiated this action against Defendants alleging causes of action for

25 excessive force, supervisory liability, conspiracy to commit civil rights violations, and

26 various violations of California law.

27 _____

28      [1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

1

1   According to Plaintiff, he was detained without probable cause for resisting arrest in

2   violation of California Penal Code § 148 and he suffered injuries as a result of the

3   officers' use of excessive force.  No pretrial motions were filed and thus, at the time of

4   the final pretrial conference, all causes of action remained to be tried.  Over the course

5   of this litigation, the parties have estimated they would require three to five days to try

6   those claims.  See ECF No. 11 at 5.  However, in the parties' Joint Final Pretrial

7   Statement, Defendants advised the Court of their intent to move for bifurcation of the

8   Fourth Amendment issue at the upcoming conference and estimated it should take no

9   more than two days to try that claim by itself.   ECF No. 79 at 22-23.  In that statement,

10  the parties also stipulated that certain facts, including the fact that Plaintiff had been

11  acquitted in state court, were undisputed.  Id. at 2-5.  The parties' expressly disagreed,

12  however, about the relevance of those facts.  Id. at 2.

13      At the final pretrial conference, Defendants argued that the bulk of the causes of

14  action in the complaint were essentially derivative of Plaintiff's Fourth Amendment claim

15  against Officers Pickering and Cooper.  See ECF No. 84 at 5.  Given the derivative

16  nature of those claims, along with time limitations imposed by the Court's highly

17  impacted trial calendar, the Court bifurcated the case so that only Plaintiff's Fourth

18  Amendment claim was to be litigated during an initial first phase trial that would take no

19  more than three days.  Id. at 41.  At this time, the Court also ordered further briefing on

20  the question of whether evidence of Plaintiff's state court acquittal should be admitted on

21  the issue of Plaintiff's damages.  Id. at 19-21.

22      The parties timely submitted their additional briefing, and trial commenced on

23  October 21, 2013.  Prior to selecting the jury, the Court issued its ruling that evidence

24  that Plaintiff had been acquitted in state court would be excluded unless Plaintiff could

25  rebut the presumption that the prosecutor had acted independently in filing criminal

26  charges.

27      Plaintiff proceeded to put on his case and, on the second day of trial, called to

28  testify his purported expert, Mr. Thomas Streed.

During the course of Defendants' voir dire of Mr. Streed, the following exchange

occurred:

> Q. Okay. And did you review Mr. Funk's testimony?
>
> A. Yes, sir.
>
> Q. I don't see that listed on the report that you reviewed Mr. Funk's testimony.  When did you review his testimony? Was it after you prepared this report?
>
> A. It probably was.
>
> Q. So you've done additional work since you've prepared this report?
>
> A. That's correct. This report was written about three years ago.

ECF No. 108 at 21.  Given the witness's admission that he had performed additional

work since preparing his report, defense counsel argued at sidebar that, among other

things, his cross-examination would be "faulted or flawed" since Mr. Streed had reviewed

additional information subsequent to disclosing his report.  Id. at 22.  Plaintiff's counsel

conceded that his expert had reviewed additional materials but argued that the pertinent

inquiry was whether those materials had changed Mr. Streed's testimony.  Id.  The Court

made clear to Plaintiff's counsel that he was "not following the rules."  Id.  The Court then

ordered Defendant's counsel to continue his voir dire in open court:

> Q. Mr. Streed, other than reviewing Mr. Funk's testimony, have you reviewed anything else that's not listed on your report?
>
> A. Nothing that comes to mind. There may be something, but it doesn't strike me immediately.
>
> MR. THORN: Move to exclude Mr. Streed as a witness in the case.
>
> THE COURT: Would you ask him specifically more about what documents? Just keep asking a little bit more.
>
> Q. BY MR. THORN: You reviewed Mr. Funk's deposition transcript?
>
> A. Yes, as I recall.
>
> Q. And that was after you prepared your report?

1    A. Yes.

2    Q. And that's the reason it's not listed on your report?

3    A. Correct.

4    Q. And there may be other documents that you reviewed, but
you don't recall what they are?

5    A. That's a possibility.

6

7    Id. at 23-24.

8    At that point, Defense counsel moved to exclude the witness, but before ruling,

9    the Court permitted Plaintiff's counsel one additional opportunity to question Mr. Streed:

10    Q. Well, why did you feel the need to look at data after you
prepared your report that you didn't list in your report?

11

12    A. Because I couldn't magically look at it and determine
whether or not it might have an impact upon my opinions.

13    Q. Why didn't you think it was important to review the
plaintiff's testimony before you did a report?

14

15    A. I didn't have the plaintiff's testimony.  It was provided to me
subsequent to that.

16    Q. Did you ask for it?

17    A. I don't recall. I may have.

18    Id. at 24-25.   At that point, the Court granted Defendants' motion to exclude the witness.

19    Plaintiff rested his case during the afternoon of the second day of trial, at which

20    time Defendants brought a Motion for Judgment as a Matter of Law under Rule 50.  The

21    Court denied that Motion, and Defendants proceeded to put on their defense with Officer

22    Pickering taking the stand first.  After conferring with counsel, the Court advised the jury

23    that the third day of trial would consist of approximately an hour and a half of testimony.

24    Officer Pickering's direct examination carried over into the following day, after

25    which Plaintiff's counsel cross-examined him, eventually concluding, "That's all I have."

26    ECF No. 112 at 45.  Plaintiff was recalled to the stand for a brief period of time, and then

27    Defendants called their final witness, Officer Cooper.  Officer Cooper's direct

28    examination covered approximately nine pages of the trial transcript.  Id. at 55-63.

4

He was then subject to a proportionate cross-examination before the Court terminated the proceedings, finding that the probative value of any further questioning was substantially outweighed by considerations of undue delay and the needless presentation of cumulative evidence.  Id. at 63-69.

The jury was instructed that afternoon, sent to deliberate, and returned with a defense verdict the following morning.  Now before the Court is Plaintiff's Motion for New Trial.

**STANDARD**

Under Rule 59(a), the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  For example, the Court may grant a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the court, a miscarriage of justice."  Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818–819 (9th Cir.2001) (citation omitted). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order."  Fed. R. Civ. P. 61.  "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."  Id.

///
///
///
///
///
///
///

5

1

**ANALYSIS**

2

3       Plaintiff sets forth four arguments in support of his Motion for New Trial.  First, he

4   argues the Court committed three separate legal errors by impermissibly: (1) limiting

5   Plaintiff's ability to cross-examine Defendants; (2) excluding Plaintiff's police practices

6   expert; and (3) modifying the Pretrial Scheduling Order on the eve of trial to preclude

7   evidence of Plaintiff's state court acquittal.  Plaintiff further contends that the jury's

8   verdict was against the weight of the evidence because his detention was not supported

9   by the requisite probable cause.  Plaintiff's arguments are without merit.

10      **A.      No Legal Error Warrants a New Trial**

11              **1.      Reasonable Limits on Cross-Examination**

12      Plaintiff's first argument is that he was "denied the right to full and complete cross-

13  examination of Defendants."  Mot., ECF No. 115 at 2.  More specifically, Plaintiff argues

14  that the Court limited him to thirty-seven minutes to cross-examine Officer Pickering and

15  six minutes to examine Officer Cooper.  Id. at 3.  Plaintiff's primary complaint appears to

16  be that "[v]irtually no time was allotted for Plaintiff to develop his cross-examination of

17  Cooper in order to expose his inconsistent previous testimony."  Id. at 4.

18       First, the Court has great discretion to set reasonable time limits on trial

19  proceedings.  Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir. 2001).  Moreover, in this

20  case, the parties themselves estimated that a trial on all claims would take three to five

21  days.  The Court bifurcated the case, however, and, even though the trial proceeded on

22  only one claim, the Court nonetheless still permitted Plaintiff three days – a timeframe in

23  which the parties had stipulated they could try the entire case – to try that one cause of

24  action.  Plaintiff offers no argument as to why this three-day timeframe was insufficient or

25  why he could not have altered his own trial strategy to ensure he would have sufficient

26  time to question Defendants.

27  ///

28  ///

1    Indeed, Plaintiff could have called Defendants in his case-in-chief, thus permitting

2    him more time in which to examine them.  Instead, Plaintiff made the strategic decision

3    to call other witnesses in lieu of the officers.  The decision to call those additional

4    witnesses, thereby truncating the amount of time in which Defendants could present

5    their case and thus the amount of time available for Plaintiff to conduct his cross, was

6    Plaintiff's alone, and it is one with which he will have to live.

7    Regardless, the record is clear that Plaintiff was not forced to terminate his

8    examination of Officer Pickering.  To the contrary, Plaintiff's counsel voluntarily

9    concluded his examination, acknowledging, "that's all I have."  ECF No. 112 at 45.

10   Plaintiff cannot now complain that he was cut off when his counsel admitted at trial that

11   he had no further questions and unilaterally ceased his examination.

12   As to Officer Cooper, the Court's termination of Plaintiff's cross was necessary to

13   "prevent delay or avoid cumulative evidence."  <u>United States v. Gomez</u>, 846 F.2d 557,

14   559 (9th Cir. 1988).  Contrary to Plaintiff's current contention, the Court terminated his

15   cross-examination of Officer Cooper not just because time had run out, but also pursuant

16   to Federal Rule of Evidence 403.  The Court reasoned:

17
18   With respect to terminating the cross-examination, terminating all evidence, I'm going to make a finding at this point in time that based upon what I've heard this morning,
19   I'm going to make a 403 objection on this.  And although relevant, the evidence may be excluded if its probative value is substantially outweighed by the danger of prejudice,
20   confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless
21   presentation of cumulative evidence.

22   The evidence that was being presented today had been asked and answered on many, many occasions on numerous
23   times.  Furthermore, the questions that were being asked were calling for legal conclusions that the witness could not
24   ever give.  The ultimate conclusions that are going to be given are those made by the jury.  There's been nothing else
25   that's been added to any testimony today in the first hour and a half that has not already been presented.  It was
26   cumulative, and it was wasting time that we do not have.  And I explained to you yesterday we would be ending at 10:30 this
27   morning.  So that is all that I'm saying.

28   ECF No. 112 at 69.

7

The Court acted well within its discretion in determining the additional testimony was cumulative and resulting in a waste of resources, and Plaintiff has not shown otherwise.

To that end, Plaintiff has also failed to show in his instant Motion how his cross-examination of Officer Cooper would have put anything new before the Court. More specifically, the instant Motion is rejected because there is nothing before the Court to show how, assuming the Court erred in terminating Plaintiff's cross, such error was anything other than harmless. Plaintiff never made an offer of proof as to what additional testimony he hoped to elicit from either Officer Cooper or Officer Pickering, and, as Defendants point out in their Opposition, the evidence in this case was overwhelming. See Opp'n, ECF No. 122 at 9 (noting that Plaintiff knew someone was chasing him when he fled the scene and another witness testified Plaintiff was running when officers commanded that he stop). This Court stands by its observation that

> I've heard all the evidence that's going to be presented in this case. I've heard the arguments for Rule 50. And my assessment of looking at the evidence at this point in time is that it appears that the officers were properly where they should have been at the time. It appears that they did everything appropriately, by shining the light, looking for what could have been ongoing criminal activity. That a command was given to the plaintiff to stop. There was identification by the Paradise Police Department. There was clearly running involved. There was clearly not a stop by the plaintiff. He continued to run or skip, or whatever you want to call it. But whatever it is, he didn't comply with a lawful order at the time, and he went into the bathroom. And the fact that he did not comply with the officers' demands and commands would make everything that happened from that point forward to be reasonable. That's what happens when you run and you resist.

ECF No. 113 at 7. In sum, especially given the great weight of the evidence supporting the jury's verdict, Plaintiff has failed to show any prejudice as a result of any error by this Court in terminating the trial proceedings. His motion for a new trial on this basis is DENIED.

///

///

///

### 2.   Exclusion of Plaintiff's Expert Witness

Plaintiff also contends the Court erred as a matter of law when it excluded Plaintiff's expert witness, Mr. Sneed.  According to Plaintiff, "[t]he District Court sanction of totally excluding any testimony by Plaintiff's highly qualified expert was not due to any failure on Plaintiff's part to comply with Rule 26 or disobedience of any court order." Mot., ECF No. 115 at 4.  That is incorrect.

When Plaintiff disclosed his expert, he was required to provide Defendants with a copy of Mr. Sneed's written report as well.  See Fed. R. Civ. P. 26(a)(2)(B) ("Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.").   That report was required to contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them."  Id.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In this case, according to the parties, Plaintiff timely provided Defendants with a copy of Mr. Sneed's report.  However, subsequent to that disclosure, Plaintiff provided Mr. Sneed with additional data, including the transcript of his own deposition, which Mr. Sneed then reviewed.  Mr. Sneed testified that he may have been provided additional information as well.   Plaintiff provides no justification for providing additional information to his expert post-disclosure, nor does Plaintiff explain how permitting the expert to review his deposition testimony after preparation of the report was either substantially justified or harmless.  As a consequence, the Court did not err in excluding his witness.

///

///

1    Moreover, even if Plaintiff had sufficiently shown in his current Motion that his

2   prior failure to adequately disclose his expert was justified, "[a] new trial is [still] only

3   warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party."

4   Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal citations

5   omitted).  Plaintiff has not shown that his inability to call a police practices expert

6   prejudiced him in the slightest.  The scenario presented to the jury was not beyond the

7   purview of a lay person.  To the contrary, there was substantial evidence that Plaintiff

8   was running or jogging away from the officers, that he ignored their commands to stop,

9   and that he resisted arrest while inside the bathroom.  While Plaintiff argues that the

10   jurors could have been "misled by viewing various forms of entertainment depictions of

11   police at work in reality shows, made for TV dramas and video games, all of which share

12   a common element – excessive force and violence," that argument is speculative at

13   best.  Mot., ECF No. 115 at 4.  Moreover, the Court is confident that it was not swayed

14   by such media and it further finds that the jury was also capable of separating fact from

15   faction.  Plaintiff's Motion is DENIED on this basis as well.

16              **3.      Exclusion of Evidence of Plaintiff's Acquittal in State Court**

17              Plaintiff next argues that the Court improperly modified the Final Pretrial Order to

18   prevent Plaintiff from introducing evidence of his acquittal in the state court criminal

19   proceedings when the parties had stipulated to a number of undisputed facts pertaining

20   to that case which were incorporated into the Court's Order.  Plaintiff's theory was that

21   Defendants should be liable for damages he sustained as a result of being tried

22   criminally (e.g., missing work to attend trial, hiring a lawyer to defend him against the

23   state charges, etc.) and that this Court erred as a matter of law by excluding that

24   evidence.  Each of Plaintiff's arguments is rejected.

25              First and foremost, the Court did not modify the Pretrial Order as to the

26   undisputed nature of the stipulated facts.  The parties made clear that although the fact,

27   for example, that Plaintiff had been acquitted was undisputed, its relevance in this case

28   was hotly contested.  Accordingly, the Pretrial Order simply reflects a number of facts

1    that, if relevant, need not be decided by the jury.  It nonetheless remained for the Court

2    to determine relevancy.

3           Regardless, Plaintiff cannot claim surprise at the exclusion of this evidence

4    because, at the final pretrial conference, the Court ordered supplemental briefing by both

5    parties on this very issue.  The parties were thus on notice that the evidence might not

6    be admitted.

7           Moreover, exclusion of the fact that Plaintiff was acquitted in state court was

8    appropriate under circuit precedent.  Evidence that Plaintiff was harmed by being

9    subjected to a state court criminal trial is only relevant if he can show that the Defendant

10   Officers caused those damages.  However, "[t]here is a rebuttable presumption that a

11   prosecutor exercises independent judgment regarding the existence of probable cause

12   in filing a complaint."  Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986).  "Unless

13   overcome . . . the presumption insulates the arresting officers from liability for harm

14   suffered after the prosecutor initiated formal prosecution."  Id.  "The presumption can be

15   overcome, for example, by evidence that the officers knowingly submitted false

16   information or pressured the prosecutor to act contrary to her independent judgment."

17   Id.  In this case, Plaintiff offered no evidence to overcome the presumption that the

18   prosecutor exercised his or her independent judgment.  To the contrary, it became clear

19   during counsels' arguments prior to jury selection that the only evidence Plaintiff

20   intended to offer was his own testimony, which, given his lack of personal knowledge

21   regarding the prosecutor's decision making, would have been entirely speculative.

22          Finally, the evidence Plaintiff would have had this Court admit is entirely irrelevant

23   because it goes only to the extent of damages.  Since the jury in this case determined

24   that there was probable cause for officers to have detained Plaintiff, and it consequently

25   follows that officers were not liable to Plaintiff for any damages, no further inquiry is

26   required.  Stated another way, Plaintiff cannot show how he was prejudiced by the

27   Court's decision to limit damages-related evidence when the jury found he was not

28   entitled to any damages at all.

1   Because exclusion of the evidence was proper, and because, regardless, Plaintiff cannot

2   show how his rights were substantially prejudiced, his Motion is DENIED.

3   **B.   The Verdict Was Against the Clear Weight of the Evidence**

4   Plaintiff's last argument is that the "Defendant officers lacked probable cause to

5   sweep Plaintiff into their investigation of taggers." Mot., ECF No. 115 at 9. This appears

6   to be an argument that the jury's verdict was against the weight of the evidence.

7   The court must apply a stringent standard to Plaintiff's argument that the verdict

8   reached cannot be reconciled with the weight of the evidence. Digidyne Corp. v. Data

9   General Corp., 734 F.2d 1336, 1347 (9th Cir.1984). A motion for new trial may be

10   granted on this ground only if the verdict is against the "great weight" of the evidence or

11   if "it is quite clear that the jury has reached a seriously erroneous result." Id.; see also

12   Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir.1987). It would amount to an abuse

13   of discretion on the part of the court to grant a new trial on any lesser showing, and the

14   court cannot extend relief simply because it would have arrived at a different verdict.

15   Silver Sage Partners, 251 F.3d 814 at 818-19.

16   The Court finds that Plaintiff has not presented a compelling argument for

17   granting the extraordinary remedy sought. In the Court's view, there was sufficient

18   evidence from which the jury could have reached its conclusion that Plaintiff's arrest was

19   supported by probable cause. Contrary to Plaintiff's argument in his current Motion,

20   Plaintiff was not detained on suspicion of tagging. Rather, he was detained pursuant to

21   California Penal Code § 148(a)(1), which provides that "[e]very person who willfully

22   resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to

23   discharge any duty of his or her office or employment" is subject to criminal liability. As

24   the Court stated on the record before the parties, and repeated above, this Court found

25   credible all testimony pointing to the fact that Plaintiff ran from officers and failed to heed

26   their warnings to stop. That is all that is required to establish the requisite cause for an

27   arrest under Section 148.

28   ///

1 | Based on its verdict, the members of the jury agreed with the Court.  To this end, the

2 | jury's determination that Plaintiff's detention was supported by probable cause is not

3 | contrary to the overwhelming weight of the evidence.  Plaintiff's Motion is DENIED on

4 | this basis as well.

5 |

6 | **CONCLUSION**

7 |

8 |       For the reasons just stated, Defendant's Motion for New Trial (ECF No. 114) is

9 | DENIED.

10 |       IT IS SO ORDERED.

11 | Dated:  February 17, 2014

12 |

13 |

14 | _____
MORRISON C. ENGLAND, JR, CHIEF JUDGE

15 | UNITED STATES DISTRICT COURT

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |