1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    HAROLD ANTHONY FUNK,                    No.  2:09-CV-01000-MCE-CKD

12              Plaintiff,

13        v.                                  **MEMORANDUM AND ORDER**

14    TOWN OF PARADISE, et al.,

15              Defendants.

16

17        Plaintiff Harold Anthony Funk ("Plaintiff") initiated this action against Defendants

18   Town of Paradise, Police Chief Gerald Carrigan and Officers Robert Pickering and

19   Timothy Cooper (collectively "Defendants") alleging causes of action for excessive force,

20   supervisory liability, conspiracy to commit civil rights violations and various violations of

21   California law.  According to Plaintiff, he was detained without probable cause for

22   resisting arrest in violation of California Penal Code § 148 and he suffered injuries as a

23   result of the officers' use of excessive force.  The Court bifurcated the case so that only

24   Plaintiff's claims under 42 U.S.C. § 1983 as to the individual officers were litigated during

25   phase one.  After a full trial on those causes of action, the jury returned a defense

26   verdict, finding that the officers had probable cause to arrest Plaintiff and that they used

27   reasonable force during the course that arrest.  ECF Nos. 104-105.[1]  Defendants now

28   _____
         [1] Plaintiff subsequently filed a Motion for New Trial (ECF No. 114), which this Court denied via a

1   move for summary judgment as to Plaintiff's remaining claims.  Plaintiff filed a statement

2   of non-opposition (ECF No. 146), and for the following reasons, Defendants' Motion

3   (ECF No. 143) is GRANTED.[2]

4

5   **STANDARD**

6

7         The Federal Rules of Civil Procedure provide for summary judgment when "the

8   movant shows that there is no genuine dispute as to any material fact and the movant is

9   entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett,

10   477 U.S. 317, 322 (1986).  "A party asserting that a fact cannot be or is genuinely

11   disputed must support the assertion by: (A) citing to particular parts of materials in the

12   record, including depositions, documents, electronically stored information, affidavits or

13   declarations, stipulations (including those made for purposes of the motion only),

14   admissions, interrogatory answers, or other materials; or (B) showing that the materials

15   cited do not establish the absence or presence of a genuine dispute, or that an adverse

16   party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(a)(1).

17   One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or

18   defenses.  Celotex, 477 U.S. at 323-24.

19         Rule 56 also allows a court to grant summary judgment on part of a claim or

20   defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may

21   move for summary judgment, identifying each claim or defense—or the part of each

22   claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v.

23   Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a

24   motion for partial summary judgment is the same as that which applies to a motion for

25

26   written memorandum and order (ECF No. 125).  Plaintiff then appealed both the jury's verdict and this
Court's order denying the request for a new trial, but because no final judgment has yet been entered in

27   this case, that appeal was dismissed for lack of jurisdiction.  ECF Nos. 126, 136.

        [2] Because oral argument would not be of material assistance, the Court ordered this matter

28   submitted on the briefs.  E.D. Cal. Local R. 230(g).

2

1   summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

2   Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir.1998) (applying summary

3   judgment standard to motion for summary adjudication).

4        In a summary judgment motion, "the moving party always bears the initial

5   responsibility of informing the district court of the basis for its motion and identifying" the

6   portions in the record "which it believes demonstrate the absence of a genuine issue of

7   material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial

8   responsibility, the burden then shifts to the opposing party to establish that a genuine

9   issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith

10  Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

11  253, 288–89 (1968).

12       In attempting to establish the existence or non-existence of a genuine factual

13  dispute, the party must support its assertion by "citing to particular parts of materials in

14  the record, including depositions, documents, electronically stored information, affidavit

15  or declarations . . . or other materials; or showing that the materials cited do not establish

16  the absence or presence of a genuine dispute, or that an adverse party cannot produce

17  admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The opposing party

18  must demonstrate that the fact in contention is material, i.e., a fact that might affect the

19  outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S.

20  242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper

21  Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate

22  that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a

23  reasonable jury could return a verdict for the nonmoving party."  Id. at 248.  In other

24  words, the judge needs to answer the preliminary question before the evidence is left to

25  the jury of "not whether there is literally no evidence, but whether there is any upon

26  which a jury could properly proceed to find a verdict for the party producing it, upon

27  whom the onus of proof is imposed."  Id. at 251 (quoting Improvement Co. v. Munson,

28  14 Wall. 442, 81 U.S. 442, 448, 20 L. Ed. 867 (1871)).  As the Supreme Court explained,

3

1  "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do

2  more than simply show that there is some metaphysical doubt as to the material facts."

3  Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not

4  lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

5  trial.'"  Id.

6         In resolving a summary judgment motion, the evidence of the opposing party is to

7  be believed, and all reasonable inferences that may be drawn from the facts placed

8  before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at

9  255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

10 obligation to produce a factual predicate from which the inference may be drawn.

11 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd,

12 810 F.2d 898 (9th Cir.1987).

13

14                                      **ANALYSIS**

15

16        The jury trial disposed of Plaintiff's first cause of action for excessive force under

17 42 U.S.C. § 1983 against both Officer Pickering and Officer Cooper.  However, several

18 causes of action remain pending: (1) a § 1983 claim for failure to instruct, supervise,

19 control, and discipline against the Town of Paradise and Chief Carrigan; (2) a claim for

20 "supervisorial liability" under § 1983 against Chief Carrigan; (3) a claim for conspiracy to

21 violate Plaintiff's civil rights under § 1983 and 42 U.S.C. § 1986 against all Defendants;

22 and (4) various state law claims against the individual officers, including battery, assault,

23 battery based on unreasonable force in effecting an arrest, battery based on an unlawful

24 arrest, intentional and negligent infliction of emotional distress, and false imprisonment.

25 In the motion for summary judgment now before the court, Defendants contend that

26 because the jury determined that the officers had probable cause to arrest Defendant

27 and did not use unreasonable force in effectuating that arrest, every remaining claim

28 must fail.  This Court agrees.

1       Plaintiff's § 1983 claims against the Town of Paradise and Chief Carrigan are

2 derivative of the § 1983 claims directed at the individual officers, and, absent a

3 constitutional violation, they cannot stand.  See Nurre v. Whitehead, 580 F.3d 1087,

4 1092 (9th Cir. 2009) ("All § 1983 claims must be premised on a constitutional violation.").

5 Since the jury determined neither officer violated Plaintiff's constitutional rights, there is

6 no constitutional violation to serve as a basis for the remaining claims under Monell v.

7 Dep't of Social Services, 436 U.S. 658 (1978), or for "supervisorial liability."  See Nurre

8 at 1092 n.3 (noting that absent a constitutional violation, no municipal or supervisory

9 liability may attach); Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991)

10 (noting that supervisory liability "hinges upon . . . participation in the deprivation of

11 constitutional rights").  Accordingly, Defendants are entitled to summary judgment on

12 each of these causes of action.

13       Plaintiff's conspiracy cause of action likewise fails.  To the extent Plaintiff pursues

14 that claim under § 1983, it, like the claims above, fails for lack of a constitutional

15 violation.  See Dixon v. City of Lawton, 898 F.2d 1443, 1447-49 (10th Cir. 1990) ("[T]o

16 recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a

17 conspiracy, but also an actual deprivation of rights; pleading and proof of one without the

18 other will be insufficient.") (citing, among other cases, Dooley v. Reiss, 736 F.2d 1392,

19 1395 (9th Cir. 1984)).  Alternatively, to the extent Plaintiff's claim arises under § 1986, it

20 fails because Plaintiff cannot show any racially discriminatory animus.  See Trerice v.

21 Pederson, 769 F.2d 1398, 1402-03 (9th Cir. 1985) (claim brought under § 1986 requires

22 a violation of 42 U.S.C. § 1985(3), which in turn requires a showing of racial or other

23 class-based animus).

24       Plaintiff's state law claims fail as well because they too depend on a finding that

25 the officers acted without probable cause or that they used unreasonable force.  First, by

26 definition, a lawful arrest (i.e., based on probable cause and executed with reasonable

27 force) cannot provide a basis for a false arrest or false imprisonment claim.  See Cal.

28 Pen. Code § 847(b)(1) ("There shall be no civil liability on the part of, and no cause of

1   action shall arise against, any peace officer . . . acting within the scope of his or her

2   authority, for false arrest or false imprisonment arising out of any arrest" if "[t]he arrest

3   was lawful, or the peace officer, at the time of the arrest, had reasonable cause to

4   believe the arrest was lawful."). Second, Plaintiff's assault and battery claims cannot

5   stand given the jury's finding that Officers Pickering and Cooper used reasonable force.

6   Cal. Pen. Code § 835a ("Any peace officer who has reasonable cause to believe that the

7   person to be arrested has committed a public offense may use reasonable force to effect

8   the arrest, to prevent escape or to overcome resistance."); see also Edson v. City of

9   Anaheim, 63 Cal. App. 4th 1269, 1272-73 (1998) ("[A] prima facie battery is not

10  established unless and until plaintiff proves unreasonable force was used."); Ciampi v.

11  City of Palo Alto, 790 F. Supp. 2d 1077, 1105-06 (N.D. Cal. 2011) (applying the same

12  principles to an assault claim). Finally, Plaintiff's emotional distress claims must fail as

13  well because those causes of action also require a finding that either the arrest or the

14  use of force was outrageous or wrongful. See Hughes v. Pair, 46 Cal. 4th 1035, 1050

15  (2009) (extreme and outrageous conduct required for intentional infliction of emotional

16  distress claim); Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (negligent

17  infliction of emotional distress requires showing of wrongful conduct). Because the

18  arrest was supported by probable cause and the use of force was reasonable, the

19  officer's conduct cannot be wrongful or outrageous. See Cal. Pen. Code §§ 835a,

20  847(b). As such, Defendants are entitled to judgment on Plaintiff's state causes of

21  action as well.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

6

1

2

## CONCLUSION

3        For the reasons just stated, and based on Plaintiff's express statement of non-

4  opposition, Defendants' Motion for Summary Judgment (ECF No. 143) is GRANTED.

5  This case having now been adjudicated in its entirety, the Clerk of Court is directed to

6  enter judgment in Defendants' favor and close the file.

7        IT IS SO ORDERED.

8  Dated:  June 16, 2015

9

10

11                                    MORRISON C. ENGLAND, JR., CHIEF JUDGE

12                                    UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7